## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHARLES F. WARNER, *et al.,*

        Plaintiffs,

v.

**Case No: CIV-14-665-F**

KEVIN J. GROSS, *et al.,*

        Defendants.

## **AGREED PROTECTIVE ORDER**

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Unless otherwise ordered, none of the documents, materials, testimony or information generated or produced during discovery in this action and designated by any party or a non-party witness as "CONFIDENTIAL" shall be revealed or disclosed, in whole or in part, or described, in whole or in part, to any person other than:

    a. the parties' attorneys who are involved in the prosecution or defense of this action;

    b. employees of such attorneys, who are involved in the prosecution or defense of this action;

    c. expert witnesses who have been retained or consulted to assist in the prosecution or defense of this action; and

  d.  the trial judge in this action, and administrative personnel of the trial judge's office.

  2. None of the documents, materials, testimony or information so designated as "CONFIDENTIAL" shall be used by any recipient authorized in subparagraphs (a)-(d) above for any purpose other than the prosecution or defense of this action.

  3. Documents, materials, testimony or information may be designated by a party or a non-party witness as "CONFIDENTIAL" by a written notice to the non-designating party or parties describing the designated documents, materials, testimony or information. Alternatively, documents may be designated as "CONFIDENTIAL" by marking a document with the notation "CONFIDENTIAL." Alternatively, information and testimony generated during depositions may be designated as "CONFIDENTIAL" by the making of a statement on the record or later transcript that confidential treatment under this Order is requested.

  4. Documents, including transcripts, which have been designated as "CONFIDENTIAL," or which contain information designated as "CONFIDENTIAL," and which are filed with the Court, shall be filed in sealed envelopes bearing the title of the case and the prominently displayed notation: "CONFIDENTIAL: NOT TO BE OPENED EXCEPT BY COURT ORDER."

Such documents should not be filed via ECF systems, but should instead only be filed as sealed documents.

5. Each party and non-party witness will designate as "CONFIDENTIAL" only those documents, materials, testimony and information which they in good faith believe to be confidential, or which will cause a party or person annoyance, embarrassment or oppression, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

6. If either party believes that any document or item of information was improperly designated as "CONFIDENTIAL," that party may file a motion with the Court, under seal, requesting that the seal be lifted with regard to any identified testimony or exhibits and set forth the reasons that the matter is either not "CONFIDENTIAL" or that it should be unsealed regardless of its status. The requirement to file this motion to unseal does not alter the fact that it is the designating party's burden to establish the basis for the sealing of any documents or testimony.

7. In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand or other process or request seeking disclosure of any document or information designated as "CONFIDENTIAL," such entity or person shall serve immediate written notice of such request to all parties, together with a copy of such process.

8. Each recipient authorized by this Order, to whom "CONFIDENTIAL" information, documents, materials or testimony has been disclosed, or is disclosed pursuant to this Order, shall be advised that it is subject to the terms of an order of the Court, and that the sanctions for any violation of this Order include the penalties which may be imposed by the Court for contempt.

9. This Order shall not terminate upon termination of this litigation. Any documents, transcripts or other materials produced by a party or non-party witness and designated as "CONFIDENTIAL," and all copies thereof, shall be returned to the producing party when the case is closed and not subject to further review, as determined by the Court.

10. The Clerk is directed to maintain under seal all pleadings, documents and transcripts of testimony filed in Court in this action which have been designated, in whole or in part, as "CONFIDENTIAL" pursuant to this Order, provided that any such materials shall be lodged with the Clerk in a sealed envelope bearing a label clearly disclosing that the enclosed materials have been designated as "CONFIDENTIAL" and are filed under seal.

11. Plaintiffs (and any other individual who joins this case) are not to be permitted to view photos, videos, or depictions of the execution chamber, or any of the documents produced by Defendants or any of the transcripts generated during discovery which may be designated as confidential. This Order does not preclude

4

Plaintiffs from re-urging this matter as to any specific document. This Order also does not preclude any Plaintiff (and any other individual who joins this case) from having direct access to: (1) any healthcare records relating to that Plaintiff; and (2) any non-confidential document that is filed with the Court in a manner making it publicly available through the Court's ECF system or information that is within the public realm.

14. This Order shall not be modified except after notice and an opportunity to be heard is accorded all parties, except that neither this paragraph, not anything else in this Order, shall preclude the Court from making reference to confidential information or materials in orders entered by the Court.

Dated this 6th day of November, 2014.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p014.PO.docx