MINUTE SHEET

DATE   December 12, 2014

CASE NO. CIV-14-665-F      STYLE:  Charles F. Warner, et al. v. Kevin J. Gross, et al.

COMMENCED 2:00 pm      ENDED 3:15 pm      TOTAL TIME 1 hr & 15 min

PROCEEDINGS  Plaintiffs' First Motion to Compel Discovery (Doc. No. 131) and Plaintiffs' Second Motion to Compel Discovery (Doc. No. 132)

Judge Stephen P. Friot      Deputy Jamie Youngberg      Reporter Tracy Washbourne

PLAINTIFFS' COUNSEL  Gary Peterson, Patti Ghezzi, Randy Bauman, Robin Konrad (phone), Dale Baich (phone)

DEFENDANTS' COUNSEL  John Hadden, Aaron Stewart, Jeb Joseph

ENTER: Counsel appear as above noted.  Statements of plaintiffs' counsel, Patti Ghezzi, heard regarding status of their first motion to compel.  Interrogatory #10 is the only matter outstanding as to plaintiffs' first motion to compel, aside from any privilege issues. Statements of defendants' counsel, Aaron Stewart, heard.  Plaintiffs' first motion to compel is denied as to everything except as to Interrogatory #10.  As to Interrogatory #10, it is the court's conclusion that the supplemental answer is sufficient for present purposes related to this case.  Statements of plaintiffs' counsel heard regarding their second motion to compel discovery.  The second motion is resolved as to the issue of notes relating to the Lockett execution.  The remaining issue pertains to privilege log. Statements of defendants' counsel heard.  Clarification requested by Robin Konrad regarding use of materials that have been designated as confidential in the hearing next week.  Court advises counsel that the hearing will not be closed.  Once exhibits have been offered and received, they will be in the possession of his courtroom deputy. Court does not feel there is a need to worry about what documents are confidential at the hearing and does not want to spend time sorting those out at the hearing.  Can discuss this issue more at the pretrial conference on Monday.  As to the proposed findings that are due today, court does not find that they should be filed under seal.  If there is a problem with the content of any of plaintiffs' proposed findings, counsel are advised to bring that to the court's attention by way of an email to the courtroom deputy, Lori Gray, and it will be addressed.  Court's ruling on second motion to compel.  Court is concerned

that there may be a misalignment between the plaintiffs and the court on what core issues are in this case.  Core issues are: (1) would an execution under the new protocol present a demonstrated risk of severe pain that is substantial when compared to the known and available alternatives, (2) does midazolam have the efficacy to pass that test, (3) if the protocol passes that test, then can the Department of Corrections be trusted to comply with that protocol.  Court is well satisfied that the plaintiffs have plenty to work with as it relates to matters that occurred at or before the time of the Lockett execution is denied.  In terms of further discovery at this point with respect to the Lockett execution and its aftermath, the motion will be denied.  Because of the time issue, as to electronically stored information, the second motion to compel is denied without prejudice to reassertion at such point as plaintiffs are in a position to show that the defendants have failed to comply with their representations to the court as to production of electronically stored information on an on-going basis.  As to identification of the role of the participants, in terms of identifying what bates number goes with what redacted person, the motion is once again, because of the time factor, denied without prejudice to reassertion at a later stage if need be.  As to the availability of privilege, there are two main issues.  First, whether the communication in question is one that would have been privileged in the first place.  In that regard, the Court will review in camera documents.  Secondly, whether the privilege was waived.  Court concludes the privilege was not waived.  The second motion is denied without prejudice as to electronically stored information and as to identification of the role of the participants in the sense of what bates number goes with what redacted person.  The motion is otherwise denied as to production and as to privilege issues.  At counsel's request, court excuses Gary Peterson from attending the hearings next week.