IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. CIV-14-665-F |
| vs. ) | |
| ) | |
| KEVIN J. GROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING JOINT STIPULATION**

PLAINTIFFS, Richard E. Glossip, James A. Coddington, Benjamin R. Cole by and through his next friend Robert S. Jackson, Carlos Cuesta-Rodriguez, Nicholas A. Davis, Richard S. Fairchild, John M. Grant, Wendell A. Grissom, Marlon D. Harmon, Raymond E. Johnson, Emmanuel A. Littlejohn, James D. Pavatt, Kendrick A. Simpson, Kevin R. Underwood, Brenda E. Andrew, Shelton D. Jackson, Phillip D. Hancock, Julius D. Jones, Alfred B. Mitchell, and Tremane Wood ("Plaintiffs"), and DEFENDANTS, Kevin J. Gross, Michael W. Roach, John T. Holder, Gene Haynes, Frazier Henke, Irma J. Newburn, James M. Tilly, Members of the Oklahoma Board of Corrections; Robert C. Patton, Director of the Oklahoma Department of Corrections; Anita K. Trammell, Warden Oklahoma State Penitentiary; Edward Evans, Associate Director of Field Operations; David

Parker, Division Manager of East Institutions; Greg Williams, Division Manager of West Institutions; and H-unit Section Chief, IV Team Leader and IV Team Members #1-10, Special Operations Team Leader and Special Operations Team Members #1-10, whose identities are unknown, in their official capacities as Employees, Contractors and/or Agents of the Oklahoma Department of Corrections ("Defendants"), have jointly stipulated to administratively close this action for an indefinite period of time. Having considered the parties' request and for good cause shown,

**IT IS HEREBY ORDERED** that:

1. This action should be administratively closed for an indefinite period of time.
2. It would be in the interests of judicial economy and comity for the Oklahoma Attorney General not to seek an execution date from the Oklahoma Court of Criminal Appeals for any of the Plaintiffs or any other condemned prisoners until after counsel for Plaintiffs are provided the following:

    (a) notice that investigations, known to the Office of the Attorney General, by any local, state, or federal authorities related to execution procedures of the Oklahoma Department of Corrections have been conducted;

    (b) the results, to the extent they are public, of the investigations referenced above in (a);

(c)     notice and copies of amendments, if any, to "Execution of Offenders Sentenced to Death," OP-040301, effective date June 30, 2015 ("Protocol"); and

(d)     notice that the Oklahoma Department of Corrections will be able to comply with the express terms of the Protocol.

3. The Oklahoma Attorney General will not seek an execution date until at least 150 days after Plaintiffs are provided the information described in (a), (b), (c) and (d) above.

4. Upon being provided the information described in (a), (b), (c) and (d) above, Plaintiffs will have fourteen days to move to reopen the present action. If Plaintiffs fail to timely comply with these requirements, the Court will dismiss the action without prejudice.

5. Plaintiffs will have thirty days after moving to reopen this action to amend the Second Amended Complaint (Doc. Nos. 214, 215).

6. Defendants agree not to assert any defenses concerning exhaustion of administrative remedies, statute of limitations, or laches.

SO ORDERED this 16th day of October, 2015.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p060.PO.wpd