EXHIBIT 749-F-1-15 &
B.S. 50...
11/5/18

COVER

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA



FILED

NOV 0 8 2018

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____KR_____, DEPUTY

RICHARD GLOSSIP, et. al.,

    PLAINTIFFS,

VS.

    CASE NO. CIV-14-665-F

KEVIN J. GROSS, et. al.,

    DEFENDANTS.

    CAPITAL CASE

PURSUANT TO FED. R. CIV. P. 18, 19, AND 20, DEATH ROW PRISONER
WADE LAY MOTIONS THIS COURT (UNITED STATES DIST. JUDGE
STEPHEN P. FRIOT) WITH A "JOINDER OF CLAIMS" AND "REQ-
UIRED JOINDER OF PARTIES" FEASABILITY CLAIM.

    (WITH BRIEF IN SUPPORT)

SHERRY DAY
NOTARY
# 18002542
EXP. 03/12/22
PUBLIC
STATE OF OKLAHOMA

DATE: 10/31/2018    Sherry Day

PRO-SE

WADE GREELY LAY # 516263

OKLAHOMA STATE PENITENTIARY

P.O. BOX 97

MCALESTER, OKLAHOMA 74502

PG 1

IN DOC. NO. 260, FILED 10/16/2015 PAGE 2 OF 3, THIS COURT ORDERS,

THAT:

"IT WOULD BE IN THE INTEREST OF JUDICIAL ECONOMY AND COMITY FOR THE OKLAHOMA ATTORNEY GENERAL NOT TO SEEK AN EXECUTION DATE FROM THE OKLAHOMA COURT OF CRIMINAL APPEALS FOR ANY OF THE PLAIN-TIFFS *or any other condemned prisoners* UNTIL AFTER COUNSEL FOR PLAIN-TIFFS ARE PROVIDED THE FOLLOWING: (EMPHASIS ADDED).

(a) NOTICE THAT INVESTIGATIONS, KNOWN TO THE OFFICE OF THE ATTORN-EY GENERAL, BY ANY LOCAL, STATE, OR FEDERAL AUTHORITIES RELATED TO EXECUTION PROCEDURES OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS HAVE BEEN CONDUCTED;

(b) THE RESULTS, TO THE EXTENT THEY ARE PUBLIC, OF THE INVESTIGAT-IONS REFERENCED ABOVE IN (a);

(c) NOTICE AND COPIES OF AMENDMENTS, IF ANY, TO 'EXECUTION OF OFFENDERS SENTENCED TO DEATH,' OP-040301, EFFECTIVE DATE JUNE 30, 2015 ("PROTOCOL"); AND

(d) NOTICE THAT THE OKLAHOMA DEPARTMENT OF CORRECTIONS WILL BE ABLE TO COMPLY WITH THE EXPRESS TERMS OF THE PROTOCOL."

GIVEN THE GRAVAMEN OF THIS CASE, CONSIDERING THE FACT THAT THIS

COURT HAS ALREADY RECOGNIZED WADE LAY AS A PARTY OF INTEREST,

*i.e., "any other condemned prisoner[]"*. (SEE EXHIBIT 750-A). FED. R. CIV. P.

FC. 2

RULE 19(a)(1) CLEARLY INCLUDES WADE LAY WITHIN THE PARAMETERS

OF THIS "EXECUTION OF OFFENDERS SENTENCED TO DEATH" PROCESS,

AND "SUBJECT MATTER JURISDICTION", EQUAL TO THE NAMED PLAINT-

IFFS IN *Glossip V. Gross*. HOWEVER, THE IMPERATIVE LIES IN 1(A), (B),

(i AND ii) OF RULE 19(a), THAT, WADE LAY "MUST BE JOINED AS A

PARTY IF:

(A) "IN THAT PERSON'S ABSENCE, THE COURT CANNOT ACCORD COM-
PLETE RELIEF AMONG EXISTING PARTIES; OR
(B) "THAT PERSON CLAIMS AN INTEREST RELATING TO THE SUBJECT
OF THE ACTION AND *is so situated* THAT DISPOSING OF THE ACTION
IN THE PERSON'S [(WADE LAY'S)] ABSENCE MAY:
    "(i) AS A PRACTICAL MATTER IMPAIR OR IMPEDE THE PERSON'S ABI-
    LITY TO PROTECT THE INTEREST; OR
    "(ii) LEAVE AN EXISTING PARTY SUBJECT TO A SUBSTANTIAL RISK".

IN THIS MATTER THE SEVERITY IS HEIGHTENED TO THE PLAINTIFF'S INTEREST

AND RISK, BEYOND FINANCIAL OBLIGATIONS OR LOSS, THE VALUE

AND INTEREST IS THE PERSON OR PARTIES LIFE. WADE LAY *is so*

*situated* AS THE FACTS SHOW, TO BE BY THE W.D. COURT'S ADMISSION,

A PARTY OF INTEREST, AS *any other condemned prisoner;* AND " AS

A PRACTICAL MATTER " PENDING LITIGATION PRESENTLY IN THE

UNITED STATES SUPREME COURT, *i.e., Lay V. Oklahoma Dept. of*

*Corrections,* (CIV-17-1224-D); NO. 18-6024 (10TH CIR. 2018); CERTIORARI NO.

18-A 404; AND *Lay V. United States,* (CIV-18-139-RAW); NO. 18-7035

(10TH CIR. 2018) ALSO PENDING ON CERTIORARI FILED AT OKLAHOMA STATE

PENITENTIARY (O.S.P.), ON 10/19/2018, EACH PARTY SO CONSTITUTED

*i.e.,* " SENTENCED TO DEATH ", BEARS A SIGNIFICANT INTEREST IN THE

ABOVE STATED PARALLEL CASES PENDING IN THE U.S. SUP. CT. .

IT IS UNDENIABLE WADE LAY ASSERTS RIGHTS SEEKING RELIEF

JOINTLY, OR IN COMMON WITH THE OTHER PLAINTIFFS, AND SEVERALLY

WITH DISTINCT AND SPECIFIC FACTS CAUSED BY UNIQUE CIRCUMSTANCES

WHICH CREATE ALTERNATIVE CLAIMS TO ALL THE PLAINTIFFS ARISING

OUT OF THE SAME CAUSE OF ACTION, TRANSACTIONS AND OCCURRENCES.

MOREOVER, THE SAME QUESTIONS OF LAW OR FACT COMMON TO

ALL PLAINTIFFS HAS ARISEN IN THIS ACTION WITH THE FACTS OF THE

PARALLEL CASES CONSIDERED. IT IS INCUMBENT UPON THIS COURT

TO RECOGNIZE WADE LAY AS CO-PLAINTIFF, GIVEN THE DYNAMIC OF

*Glossip V. Gross, el. al.*, AND THE RELEVANT FACTS HIS PARALLEL LITIGATION

BRINGS TO THE OTHER PLAINTIFFS AND THE EFFECT OF THE JOINDER

OF WADE LAY TO ALL PARTIES.

WHEN (d), PARAGRAPH 2 IS CONSIDERED, *ie.* " NOTICE THAT THE OKLAHOMA

DEPARTMENT OF CORRECTIONS WILL BE ABLE TO COMPLY WITH THE EXPRESS

TERMS OF THE PROTOCOL", AS IT RELATES TO (c), *ie.* " AMENDMENTS "; PARAGRAPHS,

NUMBERS 3, 4, AND 5 ARE DEEPLY EFFECTED, IN LIGHT OF THE FACTS BEING

CONSIDERED IN *Lay V. O.D.O.C., el.al.*, 18-A404; AND *Lay V. United*

*States*, 18-139- RAW; NO. 18-7055 (10TH CIR. 2018); PENDING IN THE U.S. SUP. CT.

ON CERTIORARI, FILED AT O.S.P. ON 10/19/2018. IN *Lay V. O.D.O.C.*,

CERT. NO. 18-A404, ON PAGES 1 & 2, TO JUSTICE SOTOMAYOR LAY WRITES:

"ON NOVEMBER 13, 2017, WADE LAY FILES *Lay V. O.D.O.C.*, LCN-17-(224-D), BUT OKLAHOMA STATE PENITENTIARY DEPRIVES WADE LAY HIS ABSOLUTE RIGHT TO ACQUIRE *in-forma-pauperis*, AND THE PRISON DEPRIVES PETITIONER OF BASIC PROCESS TO PAY THE $400$^{00}$ FILING FEE AFTER THE... (U.S.D.C. W.D./OK.), DENIES *i.f.p.* DUE TO THE PLAINTIFF HAVING OVER $400$^{00}$ IN HIS TRUST FUND ACCOUNT.

"WADE LAY PLEADS TO THE W.D. COURT, THAT, BECAUSE OF ABUSE OF PROCESS, AND MALICIOUS PROCESS, LAY WILL NOT BE ABLE TO DEPEND ON O.S.P. TO PAY THE FILING FEE OUT OF HIS TRUST FUND ACCOUNT, AND THE DISTRICT COURT SHOULD ORDER THE FEE TO BE PAID, THE U.S.D.C. W.D./OK. DENIES THE MOTION, AND WADE LAY APPEALS TO THE TENTH CIRCUIT COURT OF APPEALS."

PRESENTLY PENDING IN THIS COURT IS EVIDENCE OF A CONSPIRACY BETWEEN

PRISON OFFICIALS AND FEDERAL JUDGE DEGIUSTI AND U.S. MAGISTRATE JONES,

AN ILLEGAL PAYMENT OF THE FILING FEE OF $400$^{00}$, THE DEPRIVATION OF SUCH

PROCESS CAUSED THE APPEAL. FEDERAL DIST. JUDGE FRIOT WILL SEE PERTINENT

FACTS CRUCIAL TO INTEGRITY OF THE INVESTIGATIONS AND LEGITIMACY OF THE

RESULTS, THE LIKES OF WHICH ARE TO BE MADE PUBLIC, AS

ORDERED. (SEE ITEM NO. 2 (a) AND (b), PG. 2 OF 3 OF DKT # 260, ALSO

ENCLOSED AS EXHIBIT T50 - A).

  BECAUSE INVESTIGATIONS, RESULTS, AND NOTIFICATION OF "EXECU-

TION PROCEDURES", AND/OR "PROTOCOL", TITLED AS: " EXECUTION OF

OFFENDERS SENTENCED TO DEATH, ' OP-040301, [(O.D.O.C. POLICY REGULA-

TIONS)] EFFECTIVE DATE JUNE 30, 2015 (" PROTOCOL"); " (SEE ITEM 2 (C))

IS FOLLOWED BY 2(d), i.e., " NOTICE THAT THE OKLAHOMA DEPARTMENT

OF CORRECTIONS WILL BE ABLE TO COMPLY WITH THE EXPRESS TERMS OF THE

PROTOCOL", INCLUDES THE EXECUTION OF WADE LAY; THE FACTS THAT

HAVE EMERGED OUT FROM MULTIPLE CIVIL ACTIONS INVOLVING LEGITI-

MATE CLAIMS OF COLLUSION BETWEEN FEDERAL AND STATE ACTORS,

BRINGS INTO QUESTION THE UNIMPAIRED INTEGRITY AND DISCRETION

OF THIS COURT.

PG. 7

THE HEART OF THE MATTER IS FOUND IN WADE LAY'S *In re*

FILING IN *Lay V. O.D.O.C.*, 18-A404, FILED AS CERTIORARI ON 10/12/

2018, TO THE HONORABLE *Justice Sonia Sotomayor*; NO. 18-6024 (10th CIR.

2018); D.C. (CIV. 17-1224-D). FEDERAL DISTRICT JUDGES JONES AND

DEGIUSTI HAVE INVOLVED THEMSELVES IN A CONSPIRACY WITH

OKLAHOMA STATE PENITENTIARY (O.S.P.) PRISON OFFICIALS, ILLEG-

ALLY COLLECTING $400⁰⁰ FROM WADE LAY'S TRUST FUND ACCOUNT,

AND SENDING IT TO THIS W.D. COURT FOR THE PURPOSE, TO PROVIDE OPP-

ORTUNITY TO JUDGE JONES THE MAGISTRATE, TO REAQUIRE JURISDIC-

TION IN A CASE WHERE A LAWFUL APPEAL TO THE SUPREME

COURT IS ACTIVE.

LISA NESBITT, CLERK OF THE U.S. SUP. CT., AND CASE ANALYST

IN *Lay V. O.D.O.C.*, 18-A404, ALSO A RESPONDENT IN *Lay V.*

*United States*, (CIV-18-139-RAW); (NO. 18-7055 (10th CIR 2018); ALSO PENDING

ON CERTIORARI BEFORE THE U.S. SUP. CT., FILED 10/19/

2018, AT O.S.P., HAS REPEATEDLY ON NUMEROUS OCCASIONS

DEPRIVED LAY OF HIS LAWFUL RIGHT TO APPROACH THE

U.S. SUPREME COURT, AND NO DOUBT SHE STANDS READY

TO RENDER THE CERTIORARI PETITION MOOT, IN RESPONSE

TO THE ILLEGAL USURPATION OF JONES AND DEGIUSTI.

(SEE DKT# 45, Lay V. O.D.O.C., 17-1224-D, ENCLOSED AS ATTACHMENT ).

THE EVIDENCE OF THIS CONSPIRACY IS OVERWHELMING,

AND THE FINANCIAL RECORDS THAT REVEAL THE THEFT OF

THE # 400°° ARE FILED IN THE U.S. SUP. CT., AS PART OF

THE CERTIORARI PETITION, ALONG WITH IDENTICAL CLAIMS

OF JUDICIAL SUBTERFUGE AND COLLUSION. IT IS

HARD TO IMAGINE, IN A CASE SO SUSCEPTABLE TO

PUBLIC OPINION, JUDGE FRIOT WOULD IGNORE HIS OWN

IZBBBISO

PG. 9

RULING "TO THE EXTENT (THE RESULTS) ... ARE MADE

PUBLIC, OF THE INVESTIGATIONS REFERENCED ABOVE IN

(a))" THAT WADE LAY'S CIRCUMSTANCES COULD BE EXC-

LUDED FROM THAT EQUATION!

WADE LAY PROMOTES TO THIS COURT, AND TO ALL THE OTHER

PLAINTIFFS, TO INCLUDE " ANY OTHER CONDEMNED PRISONERS ",

AND THEIR COUNSEL, THAT : " THE OKLAHOMA DEPARTMENT OF

CORRECTIONS WILL [NOT] BE ABLE TO COMPLY WITH THE EXPRESS

TERMS OF THE PROTOCOL ", AS DEEMED NECESSARY IN ITEM 2(d)

OF DKT# 260 OF THE ABOVE TITLED CASE. DKT# 59, OF *Lay V.*

*C.T.h.,* (CIV-18-09-JHP-SPS), PRESENTLY PENDING IN THE U.S.D.C.

E.D /OK., PROVIDES DOCUMENTARY EVIDENCE, THAT THE O.D.O.C.

ALTERS DOCUMENTS, CREATES FRAUDULENT DOCUMENTS, AND CONSPIRES

WITH O.S.P. PRISON OFFICIALS TO DEFRAUD COURTS, AND PUNISH

PRISONERS WHILE PROTECTING MALFEASANCE OF PRISON OFFICIALS.

ADDITIONALLY, *Lay V. Orman, I*, (CIV-15-470-FHS-SPS); WITH *Lay V. Orman, II*, (CIV-15-470-JHP-SPS); DKT#6, OF *Lay V. Orman, I*, AND THE FINANCIAL RECORDS OF *Lay V. Orman, I & II*, LEGITIMIZES WADE LAY'S CLAIMS THAT ARE SO PREVALENT THROUGHOUT THE SEVERAL CIVIL ACTIONS FILED IN BOTH THE U.S.D.C. E.D. /OK., AND THE U.S.D.C. W.D./ OK., MOREOVER, THE RELEVENCE OF THESE CLAIMS TO THIS CASE, IS FOUND IN *Lay V. O, D.O.C.*, 18-6404, PRESENTLY BEFORE *Justice Sonia Sotomayor*.

WADE LAY HAS ALREADY FILED HIS PETITION JUSTIFYING THE EXTRAORD-INARY CIRCUMSTANCES WITH CLAIMS OF COLLUSION BETWEEN FEDERAL DIST. JUDGES, THE O.D.O.C., AND O.S.P., AS STATED IN THIS PLEADING, AND LAY'S *In re* FILING TO THIS COURT, IN HIS RESPONSE TO THE

F.N.* SEE EXHIBIT 74B- , THE E.D. COURT DISMISSES *Lay V. Orman, I*, UNDER PRETENSE THE INITIAL FILING FEE WAS NOT PAID. THIS IS FALSE!, AND IN *Lay V. Orman, II*, THE E.D. COURT ILLICITLY REFUNDS OVER*600ᵒᵒ OF FILING FEES, CONSPIRING WITH THE PRISON TO INJURE THE PLAINTIFF.

ILLICIT ENCROACHMENT OF JUDGES JONES AND DEGIUSTI WITH

DKT# 45 OF Hay V. O.D.O.C., 17-1224-D, AND THE ILLEGAL $400^{00}$

PAYMENT SENT BY PRISON OFFICIALS AT O.S.P..

   THEREFORE, THE CO-PLAINTIFFS IN THE ABOVE TITLED CASE,

AND THE PUBLIC, HAVE A RIGHT TO KNOW, THAT THE FUNDA-

MENTAL PART OF THIS COURT'S CRITERION SET IN ITEM 2(a),(b)(c),

AND (d), OF DOC. NO. 260, IN *Richard Glossip, et. al.*, V. *Kevin*

*Gross, et. al.*, (CIV-14-665-F), CANNOT BE SATISFIED, AS DICTATED

BY THIS COURT.

   EACH PLAINTIFF, AND EVERY OTHER PRISONER HAVING A TENTATIVE

EXECUTION DATE THAT WILL BE SOUGHT FOR BY THE OKLAHOMA

ATTORNEY GENERAL, (SEE ITEM NO. 3. OF DOC. NO. 260)" 150 DAYS

AFTER PLAINTIFFS ARE PROVIDED THE INFORMATION DESCRIBED

IN (a),(b),(c), AND (d) ABOVE", IS " A PERSON WHO IS SUBJECT

" TO SERVICE OF PROCESS ", IN THE SAME MANNER AS WADE LAY,

" WHOSE JOINDER WILL NOT DEPRIVE THE COURT OF SUBJECT MATTER

JURISDICTION "; BUT TO THE CONTRARY, IN WADE LAY'S ABSENCE,

" THE COURT CANNOT ACCORD COMPLETE RELIEF AMONG EXISTING

PARTIES ". (SEE FED. R. CIV. P. 19).

IT IS UNDENIABLE, THAT WADE LAY BEARS A SUBSTANTIAL INTEREST

" RELATING TO THE SUBJECT OF THE ACTION AND [THAT HE] IS SO

SITUATED THAT DISPOSING OF THE ACTION IN THE PERSON'S [WADE

LAY'S] ABSENCE ", WILL " LEAVE [ ][THE] EXISTING PART[IES] SUBJECT

TO SUBSTANTIAL RISK ". (SEE FED R CIV. P. 19 (a)(1)(B)). IT IS ALSO

OBVIOUS THAT WADE LAY'S INTEREST " RELATING TO THE SUBJECT

OF THE ACTION " OF THIS CASE, WHEREIN THIS COURT ADMITS

HIS INVOLVEMENT; WADE LAY IS ABSOLUTELY " IMPAIR[ED] OR

IMPEDED[D] [IN HIS] ... ABILITY TO PROTECT THE INTEREST " HE SHARES,

E.N.M
*) SEE FED. R. CIV. P. 19 (a)(1)(B)(i)

AND HIS PARALLEL CASES, i.e., LAY V. O.D.O.C., (CIV - IT-1224-D); No. 18-6024 (10TH CIR 2018); CERTIORARI NO. 18-A404; WITH LAY V. G.T.L., (CIV-18-09-JHP-SPS); AND LAY V. UNITED STATES, (CIV-18-159-RAW); No. 18-7035 (10TH CIR. 2018); ALSO PENDING IN THE U.S. SUP. CT., FILED AT O.S.D., (FILED 10/19/2018), SEEKS TO PROSECUTE THE CONDITION AS THAT ANTIC IPATED BY CONGRESS IN 28 USC §§ 2244 (d)(1)(B), AND 2255 (f)(2).

FEDERAL RULES OF CIVIL PROCEDURE, RULE 19(b) IN ITS FACTORS OF CONSIDERATION, i.e., FED. R. CIV. P. (b)(1), (2), AND (3), DECLARES WADE LAY'S JOINDER AS FEASIBLE, AND A CONSIDERATION OF THE CLAIMS NAMED ABOVE IN THIS PLEADING, AND THE PARALLEL CASES NAMED IN THIS PLEADING, IN A CAPITAL CASE, ARE IMPER-ATIVE TO THE NATURE OF THE CASE, AND ITS CAUSE OF ACTION.

IN CONCLUSION, WADE LAY FILED IN LAY V. O.D.O.C., (CIV - 13-481-RAW-

PC #4

≤PS); NO. 15-7023 (10TH CIR, 2015), DKT# 53, PERTINENT INFORMA-

TION SURROUNDING THE EXECUTION OF INMATE'S (LLOCKET AND

WARNER), PERTAINING TO SPECIFIC ACTIONS OF O.S.P. PRISON

OFFICIALS ON THE DAY MR. LOCKET WAS EXECUTED, THAT WADE

LAY WITNESSED PERSONALLY, AND A CONVERSATION HE SHARED

WITH MR. LOCKET THAT SAME MORNING. THE INFORMA-

TION CONTAINED IN THE CIRCUMSTANCES SURROUNDING THESE

EVENTS AND CIVIL ACTIONS WILL BE SHARED WITH THE

UNITED STATES SUPREME COURT. IT IS INCUMBENT ON

THIS COURT TO ADDRESS THESE ISSUES, IN THE INTEREST OF

JUSTICE, IN A CAPITAL CASE.

SHERRY DAY
NOTARY
# 18002542
EXP. 03/12/22
PUBLIC
STATE OF OKLAHOMA

Sherry Day   10/31/2018

RESPECTFULLY SUBMITTED

WADE LAY, AT O.S.P.
P.O. BOX 97
MCALESTER, OKLA. 74502