# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSIP, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CIV-14-665-F |
| | ) | |
| vs. | ) | **MOTION TO REOPEN ACTION** |
| | ) | **WHICH WAS** |
| KEVIN J. GROSS, *et al.*, | ) | **ADMINISTRATIVELY CLOSED** |
| | ) | |
| Defendants. | ) | |

This action was brought by Plaintiffs under 42 U.S.C. § 1983 for violations and threatened violations of Plaintiffs' rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution arising from the application or planned application of Oklahoma Department of Corrections ("ODOC") Policy No. OP-040301, Execution of Inmates Sentenced to Death (hereinafter the "Execution Policy," Ex. 1).

The parties to the captioned action previously entered into a Joint Stipulation to administratively close this action for an indefinite period of time. On October 16, 2015, this Court granted the parties' joint request and issued an Order Granting Joint Stipulation (the "Order"). Doc. 260.

Pursuant to the Order, Defendants agreed to provide to Plaintiffs the following information:

    (a)    notice that investigations, known to the Office of the Attorney General, by any local, state, or federal authorities related to execution procedures of the Oklahoma Department of Corrections have been conducted;

    (b)    the results, to the extent they are public, of the investigations referenced above in (a);

    (c)    notice and copies of amendments, if any, to [the Execution Policy]; and

    (d)    notice that the Oklahoma Department of Corrections will be able to comply with the express terms of the [Execution Policy].

(Order, ¶ 2(a)-(d)).

The Order further provides that, upon being provided the information delineated above, "Plaintiffs will have fourteen days to move to reopen the present action" (Order, ¶ 4), and that "Plaintiffs will have thirty days after moving to reopen this action to amend the Second Amended Complaint." (Order, ¶ 5).

On February 13, 2020, Defendants provided Plaintiffs with certain of the information described in paragraphs 2(a)-(d) of the Order, including copies of the Execution Protocol, Interim Report Number 14 issued In the Matter of the MultiCounty Grand Jury, State of Oklahoma, Case No. SCAD-2014-70; D.C. Case No. GJ 2014-1 (the "Interim Grand Jury Report," Ex. 2), and a February 13, 2020 letter to P. Ghezzi from Mithun Mansinghani (Ex. 3).

Upon review of that information, Plaintiffs have concluded that the notice requirements set forth in the Order have not been satisfied for several reasons.

First, the Grand Jury investigation has not been completed. As stated in the Interim Grand Jury Report, the "time allotted this session did not permit the grand jury to complete its investigation," and the grand jury would "resume the investigations" at the next scheduled session in June 2016 "to permit the summoning of additional witnesses, and the gathering of additional physical evidence by the investigators assisting the grand jury." (Ex. 2 at 106) In addition, the Interim Grand Jury Report states that "the grand jury . . . returned one (1) Indictment . . . for review and further action pursuant to law." However, Defendants have not provided notice or other information about the nature of that Indictment or its status or resolution. Under the circumstances, complete and final "results" of the grand jury investigations have not been disclosed, as required by paragraph 2(b) of the Order.

Second, the Execution Protocol is incomplete. Section V of the Execution Protocol states that the "agency ***will establish*** protocols and training to enable staff to function in a safe, effective and professional manner before, during and after an execution." *See* Ex. 1 at 8 (emphasis added). Implementation and strict enforcement of adequate "protocols and training" of staff to ensure that executions are conducted in a "safe, effective and professional manner" is necessary to ensure protection of Plaintiffs' constitutional rights. Accordingly, because the Execution Protocol is incomplete and protocols and training have not yet been established, the State: (a) has failed to comply with paragraph 2(c) of the Order; and (b) cannot confirm that it

3

"will be able to comply with the express terms of the Protocol" as required by paragraph 2(d) of the Order. Plaintiffs are therefore unable at this time to evaluate and determine the full extent to which the Execution Protocol violates their rights under the U.S. Constitution.[1]

Subject to the foregoing, upon review of the information provided by Defendants, Plaintiffs have concluded that the amendments to the Execution Protocol do not remedy its constitutional infirmities, and that the use of the Execution Protocol, as amended, will violate and threaten to violate Plaintiffs' rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

Accordingly, because the Defendants have taken the position that they have complied with all aspects of the Order, Plaintiffs, in order to preserve their rights and interests, hereby move to reopen this action pursuant to paragraph 4 of the Order. Plaintiffs do so subject to a full reservation of rights and without prejudice to their position that Defendants have not yet complied with the Order.

---

[1] For these reasons, Plaintiffs will shortly make a separate motion seeking a declaration that the time periods set forth in the Order have not been triggered and will not be triggered until such time as the Defendants provide the "protocols and training" referenced in Section V of the Execution Protocol.

WHEREFORE, Plaintiffs request that this action be REOPENED and that the Court schedule a conference to establish a reasonable schedule for the remainder of this action.

Respectfully submitted this 27th day of February, 2020.

*s/ Michael W. Lieberman*
Michael W. Lieberman, OBA # 32694
Emma V. Rolls, OBA # 18820
Patti P. Ghezzi, OBA #6875
Office of the Federal Public Defender
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK  73102
Telephone:  (405) 609-5975
Michael_Lieberman@fd.org
Emma_Rolls@fd.org
Patti_Ghezzi@fd.org

Harry P. Cohen (pro hac vice pending)
Michael K. Robles (pro hac vice pending)
James Stronski (pro hac vice pending)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone:  (212) 223-4000
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Jon M. Sands
Federal Public Defender
District of Arizona
Dale A. Baich (OH Bar No. 0025070)
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2816
Facsimile:  (602) 889-3960
dale_baich@fd.org

COUNSEL FOR PLAINTIFFS

Alex Kursman
Shawn Nolan
Assistant Federal Defenders
Capital Habeas Unit
Federal Community Defender Office for
the Eastern District of Pennsylvania
601 Walnut Street
Philadelphia, PA 19106
Telephone:  (215) 928-0520

COUNSEL FOR PHILLIP HANCOCK

6

## Certificate of Service

I hereby certify that on February 27, 2020, I electronically filed the foregoing document (Motion to Reopen Action Which Was Administratively Closed) with the Clerk's Office by using the CM/ECF system for filing and transmittal of Notice of Electronic Filing to the Following ECF Registrants:

All Counsel of Record.

Additionally, by separate email, to:

Mithun Mansinghani
Solicitor General
Office of Attorney General
State of Oklahoma
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-4392
Email: mithun.mansinghani@oag.ok.gov

*s/Michael Lieberman*
Michael Lieberman