# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSP, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-14-0665-F |
| | ) | |
| KEVIN J. GROSS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

On May 5, 2020, two motions, filed by the plaintiffs, were heard and ruled on in a hearing held for that purpose. *See*, doc. no. 319 (minute order). The court also established certain deadlines. *Id*. While the court's reasons for its rulings were stated from the bench, it is appropriate to set them out again here, which is the purpose of this memorandum.

### Doc. No. 284

With respect to the first of plaintiffs' two motions—the motion for an extension of time within which to file a second amended complaint (doc. no. 284)—the parties' briefing papers revealed their agreement that this motion was moot. The motion was stricken on that basis.

Doc. no. 303

The court heard argument on, and ultimately denied, the second of the two motions—plaintiffs' motion to enforce the terms of the October 16, 2015 order. Doc. no. 303 ("motion to enforce").[1]

The October 16, 2015 order (doc. no. 260, "the October order"), which is the subject of the motion to enforce, set out certain matters as requested by the parties in their joint stipulation at doc. no. 259.  Plaintiffs' motion to enforce focused on the paragraph two of the October order, which provides as follows.

> It would be in the interests of judicial economy and comity for the Oklahoma Attorney General not to seek an execution date from the Oklahoma Court of Criminal Appeals for any of the Plaintiffs or any other condemned prisoners until after counsel for Plaintiffs are provided the following:
>
> (a) notice that investigations, known to the Office of the Attorney General, by any local, state, or federal authorities related to execution procedures of the Oklahoma Department of Corrections have been conducted;
>
> (b) the results, to the extent they are public, of the investigations referenced above in (a);
>
> (c) notice and copies of amendments, if any, to "Execution of Offenders Sentenced to Death," OP-040301, effective date June 30, 2015 ("Protocol"); and
>
> (d) notice that the Oklahoma Department of Corrections will be able to comply with the express terms of the Protocol.

---

[1] Defendants filed a response brief, objecting to the motion.  Doc. no. 315.  Plaintiffs filed a reply brief.  Doc. no. 316.

There is no longer a live issue as to compliance with subparagraphs (a) or (b) of paragraph two of the October order. With regard to matters covered in subparagraph (a), plaintiffs accepted defendants' representation that the investigation of execution procedures is complete. Doc. no. 316, pp. 9-10, n. 4. (Plaintiffs understandably reserve the right to seek relief if it should appear that the defendants' representation is inaccurate.) With respect to the matters covered in subparagraph (b), defendants have produced to plaintiffs a copy of the relevant grand jury report.

Moving on to subparagraph (c), the October order requires defendants to provide plaintiffs with:

> (c) notice and copies of amendments, if any, to "Execution of Offenders Sentenced to Death," OP-040301, effective date June 30, 2015 ("Protocol")

Plaintiffs complained (i) that the amended protocol does not disclose the training program for the DOC's execution team, and (ii) that there is no text other than "Reserved" in Chart C, of Attachment D to the amended protocol.

Defendants responded by pointing out that the reference, in the amended protocol, to a training protocol to be developed, is unchanged from the 2015 protocol. Defendants also pointed out that the "Reserved" designation for Chart C is the same as it was in the 2015 protocol, as it existed several months before the October, 2015 order was entered. Consequently, defendants argued that subparagraph (c) requires only that they provide a copy of a document (*viz.*, any amendment to the June, 2015 protocol) and that they have satisfied that requirement by providing that document.

As stated at the hearing, the court has found that defendants complied with subparagraph (c) of paragraph two of the October order. The only document required by that subparagraph has been provided to plaintiffs. Furthermore, the court has concluded that it would be highly inadvisable to litigate the substantive merits of the amended protocol (including the existence of any constitutional requirement that the protocol say more than it does) by way of determining whether subparagraph (c) has been complied with. The question of whether the amended protocol is "materially incomplete," as argued by plaintiffs (doc. no. 316, at p. 2), is a different issue from the question of whether the defendants have provided a copy of the relevant document to the plaintiffs. Defendants have done so, which is all that need be decided at this stage.

Plaintiffs also contended that defendants had not complied with subparagraph (d) of paragraph two of the October order. That subsection provides for:

> (d) notice that the Oklahoma Department of Corrections will be able to comply with the express terms of the Protocol.

The only developed argument plaintiffs provided regarding a purported failure to comply with subparagraph (d), is an argument they advanced, for the first time, beginning at p. 3 of their reply brief. An argument which is developed for the first time in a reply brief, is an argument the opposing party has not had an opportunity to respond to, and is therefore an argument which comes too late. Accordingly, as stated at the hearing, there is no need to further address plaintiffs' argument regarding subparagraph (d).

For these reasons, the court, as announced at the May 5, 2020 hearing, concluded that defendants had not been shown to have violated the terms of the October order, and plaintiffs' motion to enforce that order was denied.

<u>Deadlines</u>

The deadlines established by the court at the May 5 hearing are set out in the minute order entered at the conclusion of the hearing. Doc. no. 319. The court states here some of the considerations which informed the setting of those deadlines.

This court is aware that while there is much disagreement within the Supreme Court about the death penalty, that Court is not so deeply divided in lamenting the inordinate amount of time required to resolve death penalty litigation. Accordingly, now that this case has been reopened, this court, taking its cue from the Supreme Court, is mindful of the need to bring this case to a conclusion without unnecessary delay. To that end, at the May 5 hearing, the court ordered defendants to supplement their previous document production, relating to the training program for the execution team, no later than June 5, 2020. *See*, Rule 26(e)(1), Fed. R. Civ. P.

The court knows of no requirement that the training program be included within the execution protocol itself, and plaintiffs cited no such requirement at the hearing. Furthermore, it would seem advisable to give defendants the flexibility to continue to upgrade and refine their training program if that is what is necessary for defendants to be fully satisfied with the program, and to give them the ability to do so without regard to litigation-related time limits. It would also seem advisable to give defendants the ability to make changes in the training program without formally adopting and publishing yet another amended protocol. Given these considerations, the June 5 deadline by which defendants are required to supplement their previous

document production should not be understood to foreclose the possibility of later changes in the training program.

With regard to the date on which plaintiffs' second amended complaint is due (July 6, 2020), the court has taken into consideration certain COVID-19 related difficulties which plaintiffs' counsel indicated have impacted their ability to communicate with their clients. The court is confident that defendants will continue to work with plaintiffs' counsel to reasonably accommodate counsels' needs in this regard.

Finally, with regard to the date on which defendants' response or answer to the second amended complaint is due (twenty-one days after the filing of the second amended complaint), the court notes defendants' statement, at the hearing, that they had no objection to this deadline.

Entered this 6th day of May, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p071.docx