1288897T

PG. 1 OF 17

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA


FILED
JUL 0 6 2020
CARMELITA REEDER SHINN
CLERK, U.S. DISTRICT COURT
BY_____ DEPUTY

Richard Glossip, et.al.,
   PLAINTIFFS,

vs.

Kevin J. Gross, et.al.,
   DEFENDANTS.

Wade Lay as movant -

CASE NO. CIV-14-665-F

CAPITAL CASE

AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 15(c)

[Notary seal: SHERRY DAY, NOTARY, #18002542, EXP. 03/12/22, PUBLIC, STATE OF OKLAHOMA]

NOTARY HERE

DATE: 6-29-2020
pro-se [signature]

WADE GREELY LAY # 516263
OKLAHOMA STATE PENITENTIARY
[signature]
P.O. BOX 97
McALESTER, OKLAHOMA 74502

## BACKGROUND OF THE CASE

1. This court in Dkt# 260 rules: that any prisoner facing execution is, in essence, a co-plaintiff in the case. In Dkt# 261, Wade Lay motions the W.D. court for joinder as a party, and joinder of claims; with assertions that the Eighth Article of Amendment bears a much deeper constitutional affect than that which has been raised by plaintiff's counsel. The W.D. court denied the motion, but granted Wade Lay the right to amend the complaint along with the other plaintiffs facing execution.

2. Plaintiff (Wade Lay) presents to this court a brief amended complaint, with legal arguments attached to support the claims. (See Attachment No. 1).

---

※ It is important to note: Wade Lay signed an agreement with Crowell Moring for representation; Crowell-Moring did not keep their documented promises to Lay, Crowell-Moring has been terminated by letter.※

S.P.
※) See Exhibit 977-A, letter from Crowell Moring

12BB8977

PG. 3 OF 17

## AMENDED COMPLAINT

3. WADE LAY FACES EXECUTION, A CONDEMNATION AND SENTENCE PREDICATED ON AN ACCUSATION, INDICTMENT, AND TRIAL EXERCISED BY THE STATE OF OKLAHOMA, RESULTING IN A VERDICT OF GUILTY, FOLLOWED BY A SENTENCE OF DEATH.

4. THE STATE OF OKLAHOMA, AS A SOVEREIGN STATE, ACTS UNDER THE PRESUMPTION OF STATE AUTHORITY, AS THAT INDICATED BY THE CONSTITUTION OF THE UNITED STATES, APPLICABLE TO THE PEOPLE OF THIS STATE, PURSUANT TO ARTICLE IV, SECTION 3, CLAUSE 1, UPON "BE[ING] ADMITTED BY THE CONGRESS INTO THIS UNION", IN 1907.

5. THE FRAMERS OF THE UNITED STATES CONSTITUTION, DURING DEBATES CONCERNING THE VARIOUS MEANING AND APPLICATION OF THE SUNDRY PROVISIONS MAKING UP THE WHOLE INSTRUMENT AS RATIFIED BY THE PEOPLE OF EACH STATE, THROUGH THEIR DELEGATES AT THE RATIFYING CONVENTIONS, PURSUANT TO ARTICLE VII; DISCUSSED WITH GREAT DETAIL THE ENTRY OF NEW

states, and the precautions established to "quiet[] the jealousy of the larger states; as that of the smaller is quieted by a like precaution, against a junction of states without their consent."

6. The underlying cause for this fear and "jealousy", is clearly defined throughout the process of framing, debating, and ratifying the proposed Constitution. The founding generation, being made up of revolutionaries, constitute the state governments as parties to the compact; to be sentinels, metaphorically speaking, to act as a watchman on the wall, to be a check on the potential threat of the newly created central power. Alexander Hamilton, in Federalist No. 28, par. 8 animates this particular, he writes:

> "It may safely be received as an axiom in our political system, that the state governments will, in all possible contingencies afford complete security against invasions of the public liberty by the national authority."

F.N.#

17) See Federalist No. 43, par. 9.

ATTACHED TO THIS STATEMENT OF PRINCIPLE, EVEN WITHIN THE CONTEXT OF FEDERALIST NO. 28, IN THE SECOND PART OF PARAGRAPH 8, A PROVISIONAL SYSTEM IS MANIFESTED AND GUARANTEED IN ARTICLE IV, SECTION 4, THE GUARANTEE TO EACH STATE, BY THE UNITED STATES, TO A "REPUBLICAN FORM OF GOVERNMENT".

THIS PROMISE, OR GUARANTEE, IS FULFILLED BY THE GOVERNMENT OF THE UNITED STATES, THROUGH A SPECIFIC CONSTITUTIONAL SUPERINTENDANCE; OF WHICH, THE FEDERAL COURTS BEAR A CONSERVATIONIST DISPOSITION, THROUGH MEANS OF A PROPER MODE OF INTERPRETATION. WITHIN THE FRAMEWORK OF ATTACHMENT NO. 1, ie., "LEGAL ARGUMENTS", THE PLAINTIFF SHOWS UNDENIABLE PROOF, THAT THE EIGHTH ARTICLE OF AMENDMENT OPERATES WITHIN THAT GUARANTEED SYSTEM, AS A COMPOSITE PART OF THOSE RESERVED POWERS NOT DELEGATED, ESTABLISHING A SPECIFIC JURISDICTIONAL COMPOSITION TO SERVE A PARTICULAR PURPOSE.

ONE EXAMPLE CAN QUICKLY BE GIVEN: IN ARTICLE 1, SECTION 3, CLAUSE 7, THE UNITED STATES SENATE IS LIMITED TO REMOVAL OF OFFICE ONLY IN THE COURSE OF IMPEACHMENTS; WHERE, POLITICAL ACTORS MAY " NEVERTHELESS BE LIABLE AND SUBJECT TO INDICTMENT, TRIAL, JUDGMENT AND PUNISHMENT, ACCORDING TO LAW."

THIS LIMITATION IS APPLICABLE TO THE CENTRAL AUTHORITY, AND THE EXCEPTION TO THE RULE, UNDER THE "ACCORDING TO LAW" PREMISE, IS CLARIFIED AS A RESERVED POWER, TO THE STATES, BOTH BY COMMENTARY AND PROVISION. THE PURPOSE OF THE LIMITATION IS TO PROTECT POLITICAL REPRESENTATIVES IN THEIR ABILITY TO RESIST POTENTIAL THREATS EMANATING OUT FROM A CENTRAL MILITARIZED POWER, WITHOUT SUFFERING THE LOSS OF LIFE, LIBERTY, OR PROPERTY FROM THAT FORCE BEING OPPOSED. THE EIGHTH AMENDMENT BEING PROHIBITIVE TO THE CENTRAL GOVERNMENT, IS A PART OF THAT COMPOSITION.

As Thomas Jefferson states: "The earth belongs to the living", in the same manner, the protection of the Eighth Amendment serves those who are living; not with respect to how they might be executed, but to their pursuits of liberty, or in a defence of certain rights, during the course of their confinement.

The history of European monarchs using criminal prosecutions against their political enemies, this is the purpose and service of the Bill of Rights acting in tandem with positive law. These powerful law firms and government agencies, such as: the American Civil Liberties Union; the National Association for the Advancement of Colored People; the Federal Public Defender; and Crowell Moring out of New York City, have supplanted the premiere meaning and purpose of the Eighth Amendment, creating a vacuum for the plaintiff (Wade Lay), rendering his rights ineffective.

MOREOVER, WADE LAY HAS NOT AGREED TO, NOR SIGNED ANY LEGAL AGREEMENT REMOVING HIS RIGHT TO SUBMIT THIS AMENDED COMPLAINT, AS APPROVED AND GRANTED BY THIS COURT IN DKT # 262 OF THE ABOVE TITLED CASE. WADE LAY SIGNED A JOINDER WITH THE OTHER PLAINTIFFS, TO ENJOY THE REPRESENTATION OF Crowell-Moring (590 Madison Avenue, 20TH Floor, New York, N.Y. 10022 - PH. (212) 223-4000), BUT THAT REPRESENTATION WAS PREDICATED ON Crowell-Moring MEETING WITH WADE LAY TO DISCUSS, DIGEST, AND INCORPORATE HIS CONSTITUTIONAL RIGHTS INTO THE PRESENTATION OF THE AMENDED COMPLAINT; HOWEVER, Crowell-Moring HAS FAILED TO KEEP THAT COMMITMENT TO WADE LAY, AND FOR THAT REASON, WADE LAY REMOVES ANY ASSOCIATION WITH Crowell-Moring, AND SUBMITS HIS OWN AMENDED COMPLAINT DESCRIBING THE PRIVELEGES AND IMMUNITIES AFFORDED TO HIM UNDER THE CONSTITUTION.

THIS MISREPRESENTATION BY crowell-moring IS REMINISCENT OF THE USURPATION BY THE U.S.D.C. N.D. /OK., (PHIL LOMBARDI AND TERRENCE KERN), IN WADE LAY'S HABEAS CORPUS PETITION; AND THE A.C.L.U. IN OCTOBER OF 2019, WHEREIN ALL THREE ACTIONS INVOLVE THE FEDERAL PUBLIC DEFENDER (F.P.D.) OUT OF OKC., OKLAHOMA, (SUSAN OTTO-DIRECTOR). THEREFORE WADE LAY REMINDS THE W.D. COURT OF HIS RESISTANCE TO SUCH ENCROACHMENT IN MULTIPLE CIVIL ACTIONS, TO INCLUDE: Lay V. Otto, CIV-17-888-D.

ADDITIONALLY, Wade Lay V. Oklahoma Dept. of Corrections, CIV-17-1324-J; CASE NO. 20-6038 (10TH CIR. 2020), IS PENDING IN THE TENTH CIRCUIT COURT, WHICH REVEALS A COLLUSION BY THE OKLAHOMA DEPT. OF CORRECTIONS (O.D.O.C.), AND OKLAHOMA STATE PENITENTIARY (O.S.P.), WITH FEDERAL ACTORS TO DESTROY WADE LAY'S ABILITY TO CONTINUE HIS CLAIMS PUT FORTH ON DIRECT APPEAL TO THE OKLAHOMA COURT

OF CRIMINAL APPEALS (O.C.C.A.). WADE LAY HAS PROVEN IN HIS SUBMISSIONS TO THE DIST. COURT, TO THE 10TH CIR. COURT, AND THE CERTIORARI PETITION TO THE U.S. SUP. CT., THAT, O.S.P. ILLICITLY COMPLETES THE *in-forma-pauperis* FORMS FOR WADE LAY'S FEDERAL HABEAS *McFarland* MOTION, WITHOUT LAY'S KNOWLEDGE OR APPROVAL, THIS COLLUSION REMAINS!

PROOF OF O.S.P. IN SEPTEMBER OF 2018 EMBEZZLING TRUST FUND MONIES OUT OF WADE LAY'S SAVINGS ACCOUNT, CONTRARY TO STATE LAW IS FOUND IN DKT# 66 OF *Lay V. O.D.O.C.*, 17-1224-J. THAT PARTICULAR CIVIL ACTION, FILED IN NOVEMBER OF 2017, IS FILED DUE TO O.S.P. CONTINUING THE SAME ACTIONS OF INTERVENTION OF LAY'S HABEAS CORPUS AFFAIRS, FULFILLING THE CIRCUMSTANCES CLAUSE AND IMPEDIMENT CLAUSE OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (A.E.D.P.A.), 28 USC § 2254 (b)(1)

(B)(ii); AND 28 USC § 2244(d)(1)(B).

THE EVIDENCE OF "CRUEL AND UNUSUAL PUNISHMENTS INFLICTED", TOWARDS WADE LAY, BY O.S.P., ON BEHALF OF BUREAUCRATIC FEDERAL INTEREST SERVING FEDERAL JUDGES IN THIS STATE IS ENORMOUS; AND CONVENIENTLY AVAILABLE IN SEVERAL CIVIL ACTIONS FILED ON THE PUBLIC RECORD IN EACH FEDERAL COURT COVERING THIS JURISDICTION. THAT IS, THE U.S.D.C. N.D./OK.; THE U.S.D.C. W.D./OK.; THE U.S.D.C. E.D./OK.; THE TENTH CIRCUIT COURT OF APPEALS; AND THE U.S. SUPREME COURT.

WADE LAY MOTIONS THE COURT TO ALLOW FOR: FIRST, A SUPPLEMENTAL PLEADING BY WADE LAY TO THE COURT AND THE DEFENDANTS, SHOWING MATERIAL EVIDENCE OF THE DEFENDANT'S ACTIONS, SUCH AS THE EMBEZZLEMENT SHOWN TO BE FACTUAL IN DKT# 66 OF *Lay V. O.D.O.C.*, CIV-17-1224-J. SECOND, A SUBSEQUENT

EVIDENTIARY HEARING, AIDED BY DISCOVERY, AS ENJOYED BY THE OTHER PLAINTIFFS THROUGH COUNSEL.

ATTACHED TO THIS AMENDED COMPLAINT, (ATTACHMENT NO. 1) THE PLAINTIFF (WADE LAY) PROVIDES A LENGTHY DISCOURSE TO EXPLAIN THOROUGHLY THE PROPER MEANING OF THE PEREMPTORY WHOLE, OF THE MANIFEST TENOR, OF THE U.S. CONSTITUTIONAL TEXT, AS IT PERTAINS TO THE FUNCTIONALITY OF THE EIGHTH ARTICLE OF AMENDMENT. MOREOVER, THE INFERIOR PRESENTATION BY Crowell-Moring, AND BY MICHAEL LIEBERMAN (F.D.D.-OKC), IS IN FACT, IN A LEGAL AND PHILOSOPHICAL SENSE, A VERY INEFFECTUAL WORK IN COMPARISON TO THE POIGNANT AND POWERFUL SERVICE OF THE SUPERIOR DESIGN IN WHICH THE 8TH AMENDMENT IS AN IMPORTANT PART.

THIS ORIGINAL DESIGN AS RATIFIED BY THE PEOPLE IN 1789

deserves judicial preference over the derivative application to execution protocols, being doctrinal and subject to ordinary statutory alteration. Within the "legal arguments", (see Attachment No. 1) the court will find undeniable proof supported by commentary and precedent, that the original design of the Bill of Rights and its harmonious application to the corresponding provisions within the main body of the Constitution, is the only proper and legal utilization of the Eighth Amendment in Wade Lay's case.

Additionally, the consideration of the claims made by the plaintiff's lawyers, i.e., Crowell-Moring and the F.P.D., is the same as what Thomas Jefferson refers to in the Declaration of Independence, where "he", i.e. King George, " has combined with others", i.e., the noble class, " to subject us

"to a jurisdiction foreign to our constitution, and unacknowledged by our laws;" having the end result, "for transporting us beyond seas to be tried", and "depriving us in many cases, of the benifits of trial by jury".

When a citizen of a particular state, suffers the abuse of an unfair trial, one that is supposed to be subject to specific common law boundaries drawn by the courts of the United States, and certain statutory provisions established by the United States Congress; it is critical, pursuant to the limitations of Article III jurisdictional mandates, that the common law creed produced under the doctrines of substantive due process and incorporation of the Bill of Rights being made applicable to the states, be upheld. In Wade Lay's case, none of those principles have

128880977

PG. 15 OF 17

BEEN APPLIED OR UPHELD.

SEEING THAT THIS CASE SURROUNDING WADE LAY IS A MATTER THAT MAY RESULT IN HIS DEATH BY MEANS OF EXECUTION BY THE STATE OF OKLAHOMA, AND THE O.D.O.C. HAS COMPLETELY FAILED IN ITS OBLIGATION TO CONTROL THE ACTIONS OF ITS EMPLOYEES AT O.S.P.; AND IT IS SO OBVIOUS STATE ACTORS HAVE SO CLEARLY INTERFERRED IN WADE LAY'S HABEAS CORPUS AFFAIRS AND OTHER CIVIL RIGHTS ACTIONS RELATIVE TO THAT ILLICIT INTERVENTION, USING CRUEL AND UNUSUAL ABUSES, ACTING UNDER COLOR OF LAW, PUNISHING WADE LAY ON FABRICATED CHARGES WITH THE INTENT OF CENSORSHIP; SEEING THAT Crowell-Moring, AND THE F.P.D. HAVE SO UTTERLY NEGLECTED THESE SUPERIOR CONSTITUTIONAL RIGHTS ENJOYED BY WADE LAY, IT IS IMPERATIVE HIS CLAIMS BE RECOGNIZED BY

F.O.
*) A PREVENTATIVE TO THESE MEASURES, IS THE PURPOSE OF THE 8TH AMENDMENT,

This U.S.D.C. W.D./OK..

In the interest of justice, for the people of the United States, to preserve the Constitution, this Court must allow a broader scope, as it applies to the Eighth Article of Amendment, than the misapplied subject matter of execution protocols. The sovereign right of a state to take a man's life for a capital offense is by no provisional means exceptionalized in the United States Constitution; moreover, this attempt by Crowell-Moring and the plaintiff's in *Richard Glossip v. Kevin J. Gross*, (Civ-14-665-F), is a distortion, a counterfeit claim, supplanting the proper application.

For the above stated reasons this Court should suspend the proceedings, to give time for the State; the plaintiff's counsel; and this Court to digest the "legal arguments"

12088977

PG. 17 OF 17

PRESENTED BY WADE LAY, (SEE ATTACHMENT NO. 1) AND SCHEDULE AN EVIDENTIARY HEARING TO DETERMINE THE UNDERLYING FACTS. TO ASCERTAIN THE FULL SCOPE OF THE IMPEDIMENT, AS ANTICIPATED BY CONGRESS IN 28 USC § 2244(d)(1)(B).

A DISTINCTION SHOULD BE RECOGNIZED, BETWEEN COLD BLOODED MURDER, AND VILLIANESS ACTS OF UNSPEAKABLE PERVERSIONS AND INHUMANE BRUTALITY, FOR SELF SERVING PURPOSES BEYOND RATIONAL COMPREHENSION; AND THAT OF RESISTANCE TO OPPRESSION.

RESPECTFULLY SUBMITTED

WADE LAY AT O.S.P.

P.O. BOX 97

MCALESTER, OKLAHOMA 74502

SHERRY DAY
NOTARY
#18002542
EXP. 03/12/22
PUBLIC
STATE OF OKLAHOMA