UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> RANDY CHANDLER, *et al.*, <br><br> *Defendants.* | No:   14-cv-665-F |

## DEFENDANTS' MOTION TO STRIKE OR DISMISS PRO SE COMPLAINT AND BRIEF IN SUPPORT

Defendants[1] respectfully ask this court to strike or, alternatively, dismiss Plaintiff Wade Lay's "Amended Complaint," Doc. 326. They assert four bases for this relief.

First, the complaint exceeds the leave granted by this court. Plaintiff raised the "Eighth Amendment" in his initial motion to join and sought "to secure his right to be protected by this amendment, in the same manner as every other plaintiff in this case." Doc. 304 at 2. Yet his complaint adds several allegations that are not seeking the same protection as every other plaintiff, such as embezzlement allegations, state officials' interfering with his other litigation, and fabrication of charges against him. *See* Doc. 326 at 10, 15. No such allegations are advanced

---

[1] This document uses the term "Defendants" to refer to all Defendants who both (1) were served by the other plaintiffs and (2) are represented by the undersigned counsel. Defendants presume, based on paragraph 1 of Doc. 326, that Plaintiff Lay intended to sue the same Defendants as plaintiffs in Doc. 325.

Case 5:14-cv-00665-F   Document 334   Filed 07/27/20   Page 2 of 3

at all, let alone under the Eighth Amendment, by the other Plaintiffs. *Compare* Doc. 325, *with* Doc. 326. Accordingly, the complaint exceeds the leave granted by this court.

Second, Plaintiff's complaint disavows the legal theories proffered by the other plaintiffs. He specifically alleges that "the sovereign right of a state to take a man's life for a capital offense is by no provisional means exceptionalized in the United States Constitution" and that the Eighth Amendment is "misapplied" to execution protocols. Doc. 326 at 16. He instead asserts that the writ of habeas corpus is at issue, *see* Doc. 326 at ¶¶ 1-15, a legal theory that the other plaintiffs disavow, *see* Doc. 325 at ¶ 7.

Third, Plaintiff has failed to raise his additional habeas claims in the manner proscribed by the rules. He must submit a habeas claim in the form proscribed by the rules or substantially follow that form. *See* Rules Governing 2254 Cases, Rule 2(d). He would then be subject to the timing and discovery rules appropriate to such cases. His current pleading neither uses that form nor remotely approximates its format, instead attempting to import 2254 claims into this case.

Fourth, even if Plaintiff's unrelated claims need to be heard, they should not be heard in this case. The federal rules provide for joinder if the cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). None of the claims he raises in his Amended Complaint involve a common question with the other Plaintiffs' claims. Accordingly, because he is not joining the other Plaintiffs' allegations, the rules no longer support joining him as a plaintiff in their case here.

For these reasons, Defendants ask that this Court strike or, alternatively, dismiss Plaintiff Wade Lay's Complaint, Doc. 326.

                                                   Respectfully submitted,

                                                   s/*Mithun Mansinghani*

| | |
|---|---|
| BRYAN G. CLEVELAND, OBA 33860 | MITHUN MANSINGHANI, OBA 32453 |
| RANDALL J. YATES, OBA 30304 | *Solicitor General* |
| ZACH WEST, OBA 30768 | OFFICE OF ATTORNEY GENERAL |
|    *Assistant Solicitors General* | STATE OF OKLAHOMA |
| ANDY N. FERGUSON, OBA 33388 | 313 N.E. 21st Street |
|    *Staff Attorney* | Oklahoma City, OK 73105 |
| | Phone: (405) 522-4392 |
| | mithun.mansinghani@oag.ok.gov |

                        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

     I certify that on this 27th day of July 2020, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF system for filing and that a Notice of Electronic Filing will be transmitted to all parties registered. I further certify that the foregoing was transmitted via first class U.S. mail, postage pre-paid to the following non-ECF registrant:

Oklahoma State Penitentiary
Wade Lay DOC# 516263
P.O. Box 97
McAlester, OK 74502

                                                    s/*Mithun Mansinghani*
                                                    MITHUN MANSINGHANI