# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, *et al.*,

*Plaintiffs,*

v.

RANDY CHANDLER, *et al.*,

*Defendants.*

No: 14-cv-665-F

## DEFENDANTS' ANSWER

Defendants[1] respectfully submit their Answer to Plaintiffs' Third Amended Complaint, which was filed on July 6, 2020. *See* Doc. 325. In so answering, Defendants generally and specifically deny each and every material allegation of the Third Amended Complaint except as specifically admitted herein. For further response or answer, Defendants state:

### I. Nature of Action

1. Paragraph 1 of Plaintiffs' Third Amended Complaint states various legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

[1] This document uses the term "Defendants" to refer to all Defendants for whom the undersigned have entered an appearance: Scott Crow, Tommy Sharp, Aboutanaa El Habti, Justin Farris, Michael Carpenter, Justin Giudice, Randy Chandler, Betty R. Gesell, Joseph A. Griffin, F. Lynn Haueter, Kathryn A. LaFortune, Stephan Moore, Calvin Prince, T. Hastings Siegfried, and Daryl Woodard.

2. Paragraph 2 states several legal conclusions to which no response is required. Defendants admit that each Plaintiff has been sentenced to death by an Oklahoma court, and that Defendants include individuals responsible for carrying out Plaintiffs' death sentences. To the extent any further response is necessary, any other factual allegations are denied.

3. Paragraph 3 is admitted with the exception that the title of OSP Policy No. OP-040301 is "Execution of <u>Inmates</u> Sentenced to Death."

4. Defendants are without sufficient information to admit or deny the various individual procedural allegations contained in Paragraph 4, and they are therefore denied. Defendants admit that they plan to carry out the execution of Plaintiffs pursuant to the Execution Protocol.

5. Paragraphs 5-7 state several legal conclusions to which no response is required. Paragraph 7 is further explicitly denied to the extent that Plaintiffs claim they are not challenging the validity of their convictions and sentences. To the extent any further response is necessary, any factual allegations are denied.

**II. Parties**

6. Paragraphs 8-10 are admitted.

7. Paragraphs 11-13 are admitted.

8. Paragraph 14 is denied to the extent it mischaracterizes Warden El Habti's gender. He otherwise admits the remainder of the allegations in that paragraph.

9. Paragraph 15 is denied to the extent that it alleges Justin Farris is the *Acting* Chief of Staff when the correct title is currently Chief of Staff. The remainder of the paragraph is admitted.

10. Paragraph 16 is denied to the extent that it alleges Michael Carpenter is the Chief of *Field* Operations when the correct title is currently Chief of Operations. The remainder of the paragraph is admitted.

11. Paragraph 17 is denied to the extent it alleges the coordinator will personally serve as the team leader of the Critical Incident Management Team. *See* OP-040301 IV.E.2.a ("The team leader is the Employee Assistance Program coordinator or designee."). The remainder of the paragraph is admitted.

12. Paragraph 18 requires no response, as these Defendants have not been identified or served.

**III. Exhaustion of Administrative Remedies**

13. Paragraph 19 states several legal conclusions to which no response is required. Nevertheless, Defendants deny the allegation in Paragraph 19 that Defendant Crow has unfettered discretion in carrying out executions. Defendants admit they have agreed not to assert any defenses concerning exhaustion of administrative remedies.

**IV. Jurisdiction and Venue**

14. Paragraphs 20-21 state legal conclusions to which no response is required.

**V. Factual Background**

15. Paragraphs 22-24 state legal conclusions to which no response is required. Nevertheless, Paragraphs 22-24 are denied to the extent that Plaintiffs imply that this was the only method of execution prescribed by the statute.

16. Defendants are without sufficient knowledge to admit or deny the factual allegations in Paragraphs 25 and 26, and they are therefore denied

17. Paragraphs 27-28 are admitted.

18. Paragraph 29 states a legal conclusion to which no response is required.

19. Paragraph 30 is admitted.

20. Paragraph 31 is admitted with two exceptions. First, Defendants are without sufficient knowledge to admit or deny that the execution of Clayton Locket was Oklahoma's "first" use of midazolam, and that allegation is therefore denied. Second, the allegations about the warden's actions are denied as stated.

21. Paragraph 32 is denied as stated. Defendants particularly deny that "Mr. Lockett regained consciousness," and most of the allegations in this paragraph are framed in light of that false allegation.

22. The allegation in Paragraph 33 that the physician punctured an artery instead of a vein when attempting to start another femoral IV line is admitted. The remainder of Paragraph 33 is denied as stated.

23. Defendants admit that Governor Fallin issued Executive Order 2014-11 but deny the remainder of Paragraph 34 as paraphrase of a document that can be read directly.

24. Paragraph 35 is denied.

25. Defendants admit the allegations in Paragraph 36 that DPS issued a report on the execution of Mr. Lockett and that it did not investigate the specific drugs used. Defendants deny the remainder of the allegations because Plaintiffs' characterizations of the report are inaccurate.

26. Defendants admit that the identity and quantity of drugs alleged in Paragraph 37 are accurate. Defendants deny the remainder of the allegations as stated.

27. Defendants admit the allegations in Paragraphs 38 and 39 that the Governor stayed Richard Glossip's execution on September 30, 2015, and that the Attorney General requested and received a stay of executions to investigate events related to the use of potassium acetate. Defendant deny the remainder of the allegations.

28. Defendants admit that the quotations in Paragraphs 40-42 are accurately quoted from the Grand Jury's report but otherwise deny any characterizations of those quotations.

29. Defendants admit that the first quotation in Paragraph 43 is accurately quoted from the Grand Jury's report. Defendants note that the second quotation is almost accurately quoted but deny that "state law" broadly is a proper substitute for the reference to "74 O.S. § 88.1" in the original quotation. Defendants deny that the third quotation is accurately transcribed. Defendants admit that the fourth quotation is accurately quoted from the Grand Jury's report. Defendants deny that the fifth quotation appears in the Grand Jury report but do not deny that the report states that the IV Team Leader failed to detect that potassium acetate had been delivered in lieu of potassium chloride.

30. Defendants admit that the quotations in Paragraph 44 are accurately quoted from the Grand Jury's report.

31. Defendants admit that the quotations in Paragraphs 45-48 are accurately quoted from the cited source. Defendants are without sufficient information to admit or deny the allegations about how that report was written, and thus, the remaining allegations are denied.

32. Defendants admit that the quotation in Paragraph 49 of the 2015 amendment to the statute referenced is accurately quoted. Defendants are without sufficient knowledge to admit or deny the remaining allegations, and they are therefore denied.

33. Defendants deny the allegations in Paragraph 50 as mischaracterizations of the facts.

34. Defendants admit the allegation in Paragraph 51.

35. Defendants admit the allegation in Paragraph 52 that the Governor, Attorney General, and ODOC Director held a press conference on February 13, 2020, to announce that Oklahoma had secured access to the drugs for a three-drug protocol. Defendants deny the remainder of the allegations as stated.

36. Defendants deny Paragraphs 53-55 because many of the quotations are inaccurately transcribed. Several of the alleged quotations are Plaintiffs' paraphrases of statements at the press conference rather than direct quotations.

37. Defendants deny Paragraph 56 as a rephrasing of underlying documents. The protocol may be reviewed directly, and Defendants' further comments on Chart C may be reviewed in Doc. 315 of this case.

38. Defendants admit that the quotation in Paragraph 57 accurately quotes the protocol. Defendants also admit that they complied with the court's order regarding training materials on June 5, 2020. Defendants deny the remainder of the allegations.

39. Paragraphs 58-67 are denied.

40. Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions in paragraph 68 and its subparagraphs, and they are therefore denied.

41. Paragraphs 69-75 are denied.

42. The first sentence of Paragraph 76 is denied as stated. The remainder of Paragraph 76 is denied.

43. The first sentence of Paragraph 77 is denied as an incomplete paraphrase of the protocol. The remainder of Paragraph 77 is admitted.

44. Paragraphs 78-85 are denied.

45. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

46. Paragraphs 87-88 are denied as stated.

47. Defendants admit that the quotations in Paragraph 89 are accurately transcribed but particularly deny that the descriptive text paired with quotations is accurate. Paragraph 89 is also otherwise denied.

48. Paragraph 90 is denied as stated.

49. Defendants admit that the quotations in Paragraphs 91 are accurately transcribed.

50. Defendants admit that the quotations in Paragraph 92 are accurately transcribed. Paragraph 92 is otherwise denied.

51. Defendants admit that the quotation in Paragraph 93 is accurately transcribed. Paragraph 93 is otherwise denied.

52. Defendants admit that the quotation in Paragraph 94, subparagraph b is accurately transcribed. Paragraph 94 and its subparagraphs are otherwise denied.

53. Defendants admit the allegation in Paragraph 95 complied with the court's order regarding training materials on June 5, 2020. Defendants otherwise deny the remaining allegations in Paragraph 95.

54. Paragraphs 96-98 are denied as stated.

55. Paragraph 99 and its subparagraphs are denied.

56. Paragraph 100 is denied as stated.

57. Defendants incorporate their prior responses to allegations in Paragraph 101 that were alleged in prior paragraphs in the complaint. Defendants otherwise deny the remainder of Paragraph 101.

58. Paragraph 102 is denied as stated.

59. Paragraph 103 is denied.

60. Paragraphs 104-105 and their subparagraphs are denied.

61. Paragraphs 106 is denied as stated.

62. Paragraphs 107-109 are denied.

63. Paragraph 110 states a legal conclusion to which no response is required. To the extent a response is necessary, it is admitted that Plaintiffs' quotation of *Bucklew v. Precythe*, 139 S. Ct. 1112, 1125 (2019), is accurate.

64. Paragraph 111 states legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations contained therein are denied either outright or due to insufficient knowledge on the part of Defendants.

65. Defendants are without sufficient knowledge to admit or deny the numerous factual allegations in Paragraph 112, and they are therefore denied.

66. Paragraph 113 states several legal conclusions to which no response is required. To the extent a response is necessary: (1) Defendants deny that pleading and proving an alternative execution method would make Plaintiffs complicit in their own deaths in a way that is akin to suicide or assisting suicide; (2) Defendants are without sufficient knowledge to admit or deny the existence and sincerity of Plaintiffs' religious beliefs, and they are therefore denied.

67. Defendants deny the allegations in Paragraph 114 that Plaintiffs asserted alternative methods are feasible, readily implemented, or would significantly reduce a substantial risk of severe pain, and Defendants further deny the implication that there is a substantial risk of severe pain in the existing method. Defendants are without sufficient knowledge to admit or deny whether Plaintiffs prefer these alternative methods, and the remainder of the allegations are therefore denied.

**VI. Claims for Relief**

68. Paragraph 115 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

69. Paragraphs 116-120 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

70. Paragraph 121 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

71. Paragraphs 122-126 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

72. Paragraph 127 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

73. Paragraphs 128-133 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

74. Paragraph 134 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

75. Paragraphs 135-141 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

76. Paragraph 142 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

77. Paragraphs 143-144 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

78. Paragraph 145 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

79. Paragraphs 146-150 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

80. Paragraph 151 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

81. Paragraphs 152-154 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

82. Paragraph 155 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

83. Paragraphs 156-159 set forth legal conclusions to which no response is required. To the extent a response is necessary, it is admitted that Plaintiffs' quotation of *Simmons v.*

*United States*, 390 U.S. 377, 394 (1968), in Paragraph 156 is accurate, and that Plaintiffs' quotations of *Holt v. Hobbs*, 574 U.S. 352, 356 (2015), in Paragraphs 157-158 are accurate.

84. Paragraphs 160-163 state various legal conclusions to which no response is required. Defendants are without sufficient knowledge to admit or deny any factual allegations underlying Paragraphs 160-163, relating to Plaintiffs' religious beliefs, so they are denied.

85. Paragraphs 164-171 state various legal conclusions to which no response is required. Any factual allegations underlying Paragraphs 164-171, relating to the state or federal government's interests in securing executions, are denied.

86. Paragraphs 172-174 state various legal conclusions to which no response is required. Any factual allegations underlying Paragraphs 172-174, relating to the means which governments may secure executions and how restrictive they are, are denied.

87. Paragraphs 175-178 state legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations contained therein are denied either outright or due to insufficient knowledge on the part of Defendants.

88. Paragraph 179 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

89. Paragraphs 180-184 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

90. Paragraph 185 sets forth no factual allegations or legal conclusions of its own. To the extent that it incorporates prior allegations, those allegations have been addressed.

91. Paragraphs 195 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

92. The prayers for relief after Paragraph 195 set forth legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied, and Defendants further deny that Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

93. Plaintiffs fail to state any claim upon which relief can be granted.

94. Defendants have sovereign immunity and are immune from suit.

95. Defendants have qualified immunity and are immune from suit.

Respectfully submitted,

s/*Mithun Mansinghani*

MITHUN MANSINGHANI, OBA 32453
*Solicitor General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 522-4392
mithun.mansinghani@oag.ok.gov

BRYAN G. CLEVELAND, OBA 33860
RANDALL J. YATES, OBA 30304
ZACH WEST, OBA 30768
*Assistant Solicitors General*
ANDY N. FERGUSON, OBA 33388
*Staff Attorney*

*Counsel for Defendants*