IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSP, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-14-0665-F |
| | ) | |
| RANDY CHANDLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' entries of appearance at doc. nos. 328, 329, 330, 331 and 332, as well as defendants' partial motion to dismiss at doc. no. 333, and defendants' answer at doc. no. 335, are papers filed by electronic means. The local rules of this court provide that papers filed by electronic means are governed by the court's "Electronic Case Filing Policies and Procedures Manual (ECF Policy Manual) and orders of the court." LCvR5.1. Section II.B.3. of the ECF Policy Manual provides that a party who is not a registered participant of the ECF system (such as Wade Lay, now that he is no longer represented by his former counsel, *see* notice at doc. no. 327) is entitled to service of a paper copy of any electronically filed document. And see, § II.B.3's provision that, although no certificate of service is required when a document is served by filing it with the court's ECF system, a certificate of service is required when a document is served by other means, in which case the certificate of service shall state the manner in which service will be accomplished.

The documents cited in this order do not include a certificate of service showing service of a paper copy on Mr. Lay, as required by the local rules and the

ECF policies of this court. Accordingly, defense counsel, as the filers of these documents, are **REQUIRED** to serve these filings on pro se plaintiff Wade Lay. They are further required to file, no later than July 30, 2020, the required certificate of service, evidencing such service on Mr. Lay.

All counsel are advised that the obligation to attach a certificate of service to electronically filed documents which shows service of a paper copy on Mr. Lay pertains not only to the filings addressed in this order but also to future filings, so long as Mr. Lay remains in this action as a pro se plaintiff who is not a registered participant in the ECF system. Failure to include the required certificate of service may be grounds to strike future filings.

Dated this 28th day of July, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p074.docx