RBB81021

Pg. 1

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

Richard Glossip, et. al.,

    PLAINTIFFS,

vs.

CASE NO. CIV-14-665-F

Kevin J. Gross, et. al.,

    DEFENDANTS,

WADE GREELY LAY - MOVANT.

DEATH PENALTY CASE

PLAINTIFF (WADE LAY) MOTION FOR INJUNCTIVE RELIEF

FILED
AUG 14 2020
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

WADE GREELY LAY # 516263
OKLAHOMA STATE PENITENTIARY

P.O. BOX 97
MCALESTER, OKLAHOMA 74502

DATE:
PRO-SE

THE STATE OF OKLAHOMA THROUGH THE OKLAHOMA DEPARTMENT OF CORRECTIONS (O.D.O.C.), IS ATTEMPTING TO CONVINCE THE PEOPLE OF THIS STATE, THROUGH THE PROCESS OF CIVIL LITIGATION, THAT PRISON OFFICIALS AT OKLAHOMA STATE PENITENTIARY (O.S.P.), ARE PREPARED TO RESUME EXECUTIONS AT THE PRISON IN MCALESTER. AS A RESIDENT HELD CAPTIVE BY THE O.D.O.C. AT O.S.P., A CITIZEN OF THE UNITED STATES, THE PLAINTIFF (WADE LAY) CAN TRUTHFULLY INFORM THIS COURT, THAT THE NARRATIVE PROMULGATED BY THE O.D.O.C. IS FRAUDULENT!

THE ACTUAL CONDITIONS AT O.S.P., IN PARTICULAR H-UNIT (DEATH-ROW), OR, WHERE EXECUTIONS ARE CARRIED OUT, IS VERY DIFFERENT THAN THAT WHICH IS REPORTED. THE INSTITUTION IS COMPLETELY DEVOID OF ANY LAWFUL PROCESS OR ORGANIZATION.

THE O.D.O.C., IN 2009, BEGAN A DECEITFUL REALIGNMENT OF BOTH FACILITY APTITUDE, AND SECURITY REQUIREMENTS. FALLACIOUSLY, THE PRISON BEGAN

128801021

TC. 3

TO RESTRUCTURE BASIC CONDITIONS, UNDER PRETENSE THE UNIT MANAGER

ON H-UNIT FORCED PRISONERS TO CELL TOGETHER, OR LOSE THEIR

PROPERTY. THIS UNNECESSARY FORCED COUPLING HAD ITS DESIRED AFFECT;

WHERE, PRIOR TO THIS ENCROACHMENT DEATH ROW OPERATED PEACEFULLY,

THE TURMOIL CAUSED BY THE O.D.O.C. PRODUCED VIOLENT COMMOTION,

AND THEY SEIZED UPON THE INCIDENTAL CLASHES AS CAUSE TO RESTRUC-

TURE THE OUTLINED APPARATUS OF THE FACILITY. WHAT FOLLOWED WAS

AN ABSURD CREATION OF SECURITY MEASURES THAT COMPLETELY ABANDONED

THE PURPOSE OF THE BUILDINGS ARCHITECTURAL SPECIFICATIONS. IN OTHER WORDS,

THE FORMULATED PROTOCOLS UNDER WHICH H-UNIT OPERATES PRESENTLY,

DO NOT COMPORT WITH SYSTEMATIC SPECIFICATIONS OF THE ACTUAL SUPER-

STRUCTURE.

 IN 1989, THE O.D.O.C. STARTED A PUBLIC RELATIONS CAMPAIGN TO

BUILD THE H-UNIT BUILDING. THE SELLING POINT TO THE PUBLIC AND

the Oklahoma State Legislature, was the cost efficiency of the design. H-Unit would be a facility where prisoners could move about unescorted, nearly every activity could be accomplished with very little supervision; that premise was fulfilled, the construct was, or is, a successful erection of just that sort of edifice. However, after the 2008 financial crisis, outside of the watchful eye of public scrutiny, within the deceitful collaboration of governmental auditors, the O.D.O.C. combined with corrupt political actors, began a new campaign, a reorganization of state funds, to achieve graft.

H-Unit, at O.S.P., is an obvious countenancing of this statewide fraud by the O.D.O.C., but a comprehensive reckoning is necessary for the public to grasp the true condition of the intentional

DECEPTION. YET THIS COURT HAS THE ABILITY AND OBLIGATION TO EXAMINE THE RECENT CLAIMS MADE BY THE O.D.O.C., COMPARED WITH THE ACTUAL CONDITIONS CAUSED BY THE CONCOMITANT RESULTS OF THE FRAUD, AND THE UNEXPECTED AFFECTS OF COVID-19. SEVERAL CORROBORATIVE EXAMPLES CAN BE GIVEN, ONE OF WHICH IS CITED AS AN ILLUSTRATION BY THE AMERICAN CIVIL LIBERTIES UNION (A.C.L.U.), IN THEIR LETTER TO THE O.D.O.C.; A COMMUNICATION MEANT TO PREVENT LITIGATION, A COMPILATION OF FACTS GATHERED FROM EXTENSIVE INQUIRY BY THE A.C.L.U..

THE ACLU MAKES A SOUND ARGUMENT, THAT THE O.D.O.C. HAS MANIFESTED AN EXCESSIVE SET OF SECURITY PROTOCOLS, WHEN EXAMINED, THE MOTIVATION IS CLEARLY DISPLAYED, IT IS CREATED PURELY TO GAIN GREATER APPROPRIATIONS FROM THE STATE LEGISLATURE, IT IS UNNECESSARY, AND VIOLATES FUNDAMENTAL RIGHTS.

IN ESSENCE, WHAT THE O.D.O.C. HAS DONE, IN THEIR DESIRE TO INCREASE THEIR BUDGETS WITHOUT CAUSE, IS TO ESTABLISH UNSUSTAINABLE AND IRRATIONAL PROTOCOLS, WHICH, AS RECOGNIZED BY THE ACLU, DURING NORMAL CONDITIONS OF ECONOMIC CAPABILITIES, THE PROTOCOLS ARE INHUMANE; BUT WHAT THE GLOBAL PANDEMIC HAS PROVEN, IS THAT, THE PROTOCOLS IMPLEMENTED AFTER THE 2008 FINANCIAL CRISIS, ARE BOTH, DANGEROUS AND TOTALLY UNNECESSARY.

THE O.D.O.C. CLAIMS A NECESSITY TO REQUIRE THE ESCORT OF PRISONERS BY TWO OFFICERS, IN AN ARENA THAT IS DESIGNED AND BUILT SPECIFICALLY FOR PRISONERS TO MOVE ABOUT WITHOUT ESCORT, THE FLOOR-PLAN OF EACH QUAD WITHIN H-UNIT IS PROVIDED FOR THE COURT, SO THAT, THE COURT CAN SEE THE EXISTING PROTOCOLS ARE NOT ONLY EXCESSIVE, BUT ACTUALLY

CAUSE HARM, AND SERVE AS COUNTERPRODUCTIVE TO THE POWERS

OF DISCRETION GIVEN TO PRISON OFFICIALS IN THE ADMINISTRATIVE

PROCEDURE ACT OF OKLAHOMA. (SEE EXHIBIT 1021-A, H-UNIT FLOOR

PLAN).

THIS PLAN, BY THE O.D.O.C. IN THE LATTER PART OF 1989, IS PROVIDED

TO LOCAL MEDIA SOURCES, WITH THE BOAST THAT, THE NEW H-UNIT

COULD BE OPERATED SO EFFICIENTLY AND BE COST EFFECTIVE, THE

PUBLIC WOULD BENIFIT FINANCIALLY IN THE LONG RUN. HOWEVER,

WHEN THE NEED FOR SAFETY AND COST EFFECTIVENESS HAS NEVER

BEEN GREATER, THE O.D.O.C. WILL NOT YIELD TO THE RATIONAL

AND BENEFICIAL MODE OF PROCEEDING, TO BOTH STAFF AND

PRISONERS.

IN FACT, BECAUSE THE PLAINTIFF (WADE LAY) SEEKS PROTECTION

UNDER THE LAW, O.S.P. PRISON OFFICIALS CONTINUE TO

ATTACK HIM THROUGH MEANS OF DEPRIVING OF HIS ESSENTIAL RIGHTS, SUCH AS THE RIGHT TO SHOWER, AND ENJOY AN EQUAL ACCESS TO CLOTHING AND OTHER ITEMS, EVERY OTHER PRISONER IS ALLOWED TO PURCHASE. THE PRISON EVEN ADMITS TO THE THEFT OF WADE LAY'S MP4 PLAYER BY AN O.S.P. EMPLOYEE, YET THE ADMINISTRATOR'S AT O.S.P. AND THE ODOC WILL NOT REPLACE THE ITEM, OR ALLOW WADE LAY TO PURCHASE ANOTHER ONE. (A $400.00 VALUE, WITH PURCHASED SONGS).

THESE ILLICIT ACTIONS ARE A PART OF THE "CRUEL AND UNUSUAL PUNISHMENTS INFLICTED", PRESENTED IN DKT# 326 BY WADE LAY IN HIS AMENDED COMPLAINT.

PLAINTIFF BEGS THE COURT TO ACT QUICKLY.

[Notary seal: SHERRY DAY, NOTARY, #18002542, EXP. 03/12/22, PUBLIC, STATE OF OKLAHOMA]

8 Day
DATE: 8-11-20

RESPECTFULLY SUBMITTED
BY WADE LAY, AT O.S.P.
[signature]
P.O. BOX 97
MCALESTER, OKLA. 74502

