IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, et al.,  )
                                 )
      Plaintiffs,  )
                                 )
-vs-  )  Case No. CIV-14-0665-F
                                 )
RANDY CHANDLER, et al.,  )
                                 )
      Defendants.  )

## ORDER

Defendants move to strike or dismiss the amended complaint (doc. no. 326) that was separately filed by Wade Lay on July 6, 2020. Doc. no. 334. Mr. Lay filed a response brief. Doc. no. 354, addendum at doc. no. 356. Defendants did not file a reply brief. For the reasons stated below, defendants' motion will be granted and Mr. Lay's amended complaint will be stricken.

This order also addresses Mr. Lay's motion for injunctive relief (doc. no. 342), which will be stricken.[1]

Motion to Strike Mr. Lay's

Separately-filed Amended Complaint

Defendants argue that Mr. Lay's separately-filed amended complaint should be stricken or dismissed: 1) because his pleading exceeds the scope of leave to intervene as granted to Mr. Lay; 2) because his pleading disavows the legal theories alleged by the plaintiffs collectively in the third amended complaint; 3) because his pleading refers to habeas relief for Mr. Lay (a theory of relief disavowed by the other

---

[1] Defendants were permitted to delay a response to this motion in case this order should render the motion moot, which it does. Doc. no. 348.

plaintiffs) and does not present a habeas claim in the manner required by the rules governing habeas cases;  and 4) because his pleading does not share a common question of law or fact with the claims alleged by the plaintiffs collectively in the third amended complaint.

Before addressing these arguments, the court sets out some procedural background.

On March 12, 2020, the court granted Mr. Lay's motion for leave to intervene in this action as one of many named plaintiffs.  The motion was made orally through Mr. Wade's counsel at the time, Jim Stronski.  Doc. no. 305 (minute sheet).[2]  As the court understood it, the premise of Mr. Lay's motion to intervene was that Mr. Lay, as a person who had been sentenced to death by the State of Oklahoma, and as a person who was represented by the same counsel that represented other plaintiffs in this action, sought to join the claims alleged by other plaintiffs.

Rule 24(b), Fed. R. Civ. P., addresses permissive intervention.[3]  Because the court understood that Mr. Lay merely wished to assert the same claims and theories as the other plaintiffs, there was no reason to require a written motion for leave to intervene and there was no reason to require Mr. Lay to identify the claims he wished to allege by filing a separate pleading.[4]  Rule 24(b)(3) requires the court to consider whether the intervention will unduly delay or prejudice the adjudication of the

---

[2] At the scheduling conference, Mr. Stronski stated that Mr. Lay had recently hired him as counsel in this action.

[3] No rule was identified as the basis of the motion to intervene, but the court believes Rule 24(b) is the best procedural fit.

[4] Permissive intervention under Rule 24(b) lies within the discretion of the court.  Courts have, at times, been permitted a certain amount of leeway with procedural formalities.  As stated in Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1914 (2007):  "If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with the one that is already in the file.  Thus, other courts have so held and have allowed adoption of an existing pleading."

original parties' rights. Given what the court understood to be the fundamental premise for Mr. Lay's motion, it was clear to the court, without need of any discussion at the hearing, that permitting Mr. Lay to intervene would not delay these proceedings and would not prejudice the other parties. Accordingly, the court granted Mr. Lay leave to intervene with the understanding that Mr. Lay, a party represented by counsel, sought to join in the prosecution of the claims asserted by the other plaintiffs.

That was how things stood until July 6, 2020. On that date, plaintiffs, with leave of court, filed their third amended complaint. Doc. no. 325. As expected, the third amended complaint includes Mr. Lay among the plaintiffs. Doc. no. 325, ¶¶1,8.

Also on July 6, 2020, however, the court received a document from Mr. Lay entitled "amended complaint," purportedly filed by him *pro se* despite the fact that, as far as the record showed at the time, Mr. Lay was represented by counsel. Doc. no. 326. For that reason, the court conceivably could have stricken Mr. Lay's separately-filed amended complaint. It did not do so because correspondence attached to Mr. Lay's pleading (doc. no. 326-2) indicated the status of Mr. Lay's representation was uncertain. Approximately two weeks after receiving Mr. Lay's separate pleading, Mr. Lay's counsel formally withdrew from representation of Mr. Lay (doc. no. 327), stating that Mr. Lay had terminated the representation by a letter dated June 22, 2020.

Given that background, the question is whether Mr. Lay's separately-filed amended complaint should be stricken or dismissed as defendants request. For the reasons set out below, the court will strike Mr. Lay's pleading. To be sure, there are

other problems with Mr. Lay's pleading,[5] but it will be stricken on the ground that it exceeds the premises upon which leave to intervene was granted, as explained next.

As defendants point out, Mr. Lay's separately-filed amended complaint does not track or even resemble the claims and theories alleged by the plaintiffs collectively in the third amended complaint. Moreover, his pleading is inconsistent with the third amended complaint in several ways. He alleges that the Eighth Amendment, which is fundamental to the third amended complaint, is "misapplied" to the subject of execution protocols. Doc. no. 326, p. 16 of 17.[6] His pleading refers repeatedly to his underlying conviction[7] despite the fact that habeas relief is expressly disavowed by the plaintiffs in their third amended complaint.[8] Mr. Wade's pleading also refers to his conditions of confinement, another basis for relief which is disavowed in the third amended complaint.

---

[5] Mr. Lay's separately-filed amended complaint is not a plain statement of his claims as required by Rule 8, Fed. R. Civ. P. Mr. Lay's pleading includes 17 pages (doc. no. 326), as well as 91 pages of "legal argument" (doc. no. 326-1). Within just the first 17 pages, there are references to Alexander Hamilton and the Federalist No. 28, Thomas Jefferson, the history of European monarchs using criminal prosecutions against their political enemies, Article III jurisdictional mandates, the Declaration of Independence, King George, and Mr. Lay's "habeas corpus affairs."

[6] His specific allegation is that: "this court must allow a broader scope, as it applies to the Eight [sic] Article of Amendment, than the misapplied subject matter of execution protocols." Doc. no. 326, p. 16 of 17. (That said, at other times, and in other filings, Mr. Lay appears to rely on the Eighth Amendment.)

[7] His pleading refers to his "unfair trial" (*see*, *e.g.*, doc. no. 326, p. 14 of 17), and to state actors' interference in his "habeas corpus affairs…." *Id*. at p. 15 of 17. The "legal arguments" portion of his pleading states, "It is inconceivable that the courts of the United States could focus their attention upon the 'cruel and unusual punishments inflicted' phrase found in the Eighth Article of Amendment of the United States Constitution, limiting its application to the method, or protocols of an execution, while ignoring the primary purpose of the provision which bears a nexus to the prohibitive writ of *habeas corpus* clause." *Id*. at p. 1 of 91.

[8] Doc. no. 325, ¶ 7 ("This action is not, and should not be treated as, a successor *habeas corpus* petition. Plaintiffs are not challenging through this action the validity of their convictions or death sentences."); ¶ 19 ("this action does not challenge prison conditions….").

4

In short, the issues raised in Mr. Lay's separately-filed amended complaint make it plain that he seeks to prosecute claims that differ radically from those which he originally, with leave of court, sought to assert in this case. The fundamental premise upon which Mr. Lay moved for and was granted leave to intervene as one more plaintiff in this action no longer exists. The court is not required to permit Mr. Lay to hijack this action by alleging issues at odds with those raised by the plaintiffs collectively.[9] That this is so is apparent from the directive in Rule 24(b) which requires the court to consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Accordingly, defendants' motion will be granted and Mr. Lay's separately-filed amended complaint will be stricken.

## Mr. Lay's Motion for Injunctive Relief

Mr. Lay moves for injunctive relief based on his conditions of confinement. Doc. no. 342. The motion, for example, complains about the ways in which Mr. Lay's prison unit operates, arguing its operation is at odds with the purpose of the building's architectural specifications. *Id*. at 3. The motion argues that the court is obliged to examine the conditions in which Mr. Lay is being held, including conditions impacted by COVID-19. *Id*. at 5. The motion complains that excessive security protocols have been put in place, such as a requirement that prisoners be escorted by two officers in an area designed to permit prisoners to move about without escorts. *Id*. at 6. The motion argues that Mr. Lay is being deprived of essential rights, such as the right to shower and enjoy equal access to clothing and other items. *Id.* at 8. The motion also refers to the alleged theft of an MP4 player by an Oklahoma State Penitentiary employee. *Id.*

---

[9] *See, e.g.*, United States v. Columbia Gas & Electric Corp., 27 F. Supp. 116, 120 (D. Del. 1939) (permissive intervention denied where the prayers of the proposed petition of intervention "diverge sharply" from the subject matter of the supplemental complaint.").

The pleadings define the issues for trial.  The operative complaint is the third amended complaint filed by all of the plaintiffs;  that complaint raises no conditions of confinement issues, much less any that could support the type of injunctive relief sought by Mr. Lay. The motion seeks relief outside the pleadings, and it will be stricken on that ground.

## Conclusion

After careful consideration, defendants' motion to strike is **GRANTED** (doc. no. 334), and Mr. Lay's separately-filed amended complaint (doc. no. 326) is **STRICKEN**.

Mr. Lay's motion for injunctive relief (doc. no. 342) is also **STRICKEN**.

Mr. Lay remains a *pro se* plaintiff in this action.  *See,* doc. no. 325.

IT IS SO ORDERED this 1st day of October, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p081.docx