**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RICHARD GLOSSIP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-14-0665-F |
| | ) | |
| RANDY CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

As contemplated by the order, doc. no. 376, on plaintiffs' motion to compel production of documents, the court has undertaken its *in camera* review of the twenty-four documents withheld on the basis of the deliberative process privilege. By this order, the court requires production of portions of some of those documents.

By way of preliminary comment, the court will observe (and this probably comes as no surprise to anyone) that the documents submitted for *in camera* review are substantially repetitious, especially with respect to attachments to those documents. A good many of the documents are wholly irrelevant to the issues in this case. And to the extent that the documents submitted for *in camera* review disclose relevant facts, it appears reasonably certain that most if not all of those facts are uncontested and have, in all probability, been disclosed by other discovery materials produced. Aside from that, substantially all of the factual content of the documents reviewed is tightly intertwined with privileged content.

As will be seen below, the court does require the production of some portions of some of the documents reviewed. As to those portions which the court finds to be discoverable, the court concludes that the purposes of the deliberative process

privilege are not undermined by production (and are not served by withholding). And, from plaintiffs' perspective, it may well be that the portions of the documents reviewed which the court does require to be produced will provide helpful information as to the timing of the process of developing execution protocols, and with respect to identification of potential witnesses.

Bearing all of these matters in mind, the court sustains the defendants' assertion of the deliberative process privilege as to all twenty-four of the documents submitted for *in camera* review except as follows:

1.      The first four pages of document no. 7 (beginning with a September 9, 2016 email) will be produced.

2.      The first two pages of document no. 8 will be produced (beginning with a September 14, 2016 email).

3.      The first two pages of document no. 9 will be produced (beginning with a September 14, 2016 email).

4.      The first three pages of document no. 15 (beginning with a November 30, 2016 email) will be produced.

5.      The first two pages of document no. 18 (beginning with a November 30, 2016 email) will be produced.

It is **ORDERED** that the documents specified above shall be produced by defendants to plaintiffs' counsel **FORTHWITH**.

IT IS SO ORDERED this 8th day of December, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p087.docx