# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, et al., | ) |
| Plaintiffs, | ) |
| -vs- | ) Case No. CIV-14-0665-F |
| RANDY CHANDLER, et al., | ) |
| Defendants. | ) |

## ORDER

The court has preliminarily reviewed the pending motion for summary judgment, the response and the reply.

### Plaintiffs' Violation of LCvR56.1

Plaintiffs' response to the pending motion for summary judgment makes no pretense of complying with the common sense requirements of LCvR56.1. Compliance with that long-standing local rule is essential to meaningful consideration of whether there are genuine issues of material fact, precluding summary judgment. First, plaintiffs' brief does not include (much less begin with) a section which responds, by correspondingly numbered paragraphs, to the facts listed in defendants' "statement of facts." *See*, LCvR56.1(c). Second, because the required section of plaintiffs' brief is missing, plaintiffs have not sufficiently identified which of defendants' facts plaintiffs acknowledge are not in dispute. *Id*. Third, because the required section of plaintiffs' brief is missing, plaintiffs have not sufficiently identified which of defendants' facts plaintiffs contend are in dispute. *Id*. Fourth, because the required section of plaintiffs' response brief is missing, plaintiffs have not sufficiently cited, with particularity, the evidentiary material

plaintiffs rely on to establish a dispute regarding any of defendants' numbered facts. *See*, LCvR56.1(d).

This unexcused–and inexcusable–failure is all the more egregious where, as here, the facts proffered as undisputed in the moving brief cover, in detail, a wide range of discrete factual topics which are addressed on the basis of an exceptionally voluminous record.

Subsection (e) of LCvR56.1 provides a remedy for this situation. If the nonmovant does not comply with the procedures set out in that rule, then, for purposes of summary judgment proceedings, the court may deem the facts set forth in the movants' "statement of material facts" to have been admitted. *See*, *e.g.*, Scalia v. Ghosn, 451 F.Supp.3d 1215, 1220 (W.D. Okla. 2020) (movants' list of undisputed material facts deemed admitted where non-movant did not comply with LCvR56.1); Nahno-Lopez v. Houser, 2009 WL 10702853, *2 (W.D. Okla. October 13, 2009) (statement of material facts deemed admitted due to non-movant's failure to comply with a prior version of LCvR56.1).

The court of appeals has upheld this approach, observing that it is not the district court's responsibility "to conduct a fishing expedition" to compensate for the deficient response. Coleman v. Blue Cross Blue Shield of Kansas, Inc., 287 Fed. Appx. 631, 635 (10th Cir. 2008) (addressing a similar local rule), unpublished. The court of appeals stated that "[f]aced with pleadings that did not comply with either the local practice rule or summary judgment practice in general, the district court was correct to admit all facts asserted in Blue Cross's summary judgment motion that are not controverted by a readily identifiable portion of the record." *Id*. (internal quotations omitted). As noted in Coleman, this is consistent with Cross v. The Home Depot, 390 F.3d 1283, 1290 (10th Cir. 2004), which held "it is the responding party's burden [at summary judgment] to ensure that the factual dispute is portrayed with particularity, without … depending on the trial court to conduct its own search of

the record." Coleman, 287 Fed. Appx. at 635, quoting Cross at 1290, quoting Downes v. Beach, 587 F.2d 469, 472 (10th Cir. 1978). Accordingly, in Coleman, the court of appeals proceeded in the same manner the district court had proceeded, considering only whether the movant was entitled to summary judgment as a matter of law based on the undisputed facts set forth in its motion. Coleman, 287 Fed. Appx. at 635.

In short, litigants ignore the rules regarding summary judgment procedures at their peril. As stated in Downes, 587 F.2d at 472: "We simply decline to place upon the court the litigant's burden of bringing to the court's attention the existence of a factual dispute. … If the party opposing the motion decides to forego submitting proof that a relevant factual dispute exists, he does so at his peril."

This is a complex case in which compliance with LCvR56.1 is critical to an organized evaluation of defendants' motion for summary judgment. Absent plaintiffs' compliance with LCvR56.1, the court is left with the prospect of attempting to match up defendants' numbered facts (as described in 124 numbered paragraphs) with plaintiffs' arguments and evidence, scattered throughout a voluminous record, by picking through that record in an effort to determine which, if any, of defendants' numbered fact statements are either purportedly disputed by the plaintiffs, or are actually in dispute based on the evidentiary record. This is not the court's burden.

In these circumstances it would be appropriate to invoke the remedy provided in LCvR56.1(e); however, the court declines to impose on these individual plaintiffs the consequences of the derelictions of their counsel. Instead, the plaintiffs' response to the defendants' motion for summary judgment, doc. no. 392, is

**STRICKEN**, as are the related filings (doc. nos. 393 and 394). Plaintiffs[1] are **DIRECTED** to file a new response to the pending motion for summary judgment, complying in all respects with LCvR56.1, not later than the date set forth below. Defendants may file a reply in support of their motion for summary judgment in accordance with the schedule set forth below.

Plaintiffs' Deficient Answers to Interrogatories

In preliminarily reviewing the summary judgment record, the court noted the plaintiffs' responses to defendants' interrogatories, requests for admission and requests for production, doc. no. 388-26. On the whole, those responses are a study in obfuscation. Since the defendants have not pressed the issue of the sufficiency of those responses, the court has no inclination to do so other than with respect to Interrogatory No. 15 and Interrogatory No. 16. The court's review of the summary judgment record persuades the court that its consideration of the issues presented on summary judgment (or at trial) would be materially aided by answers to these two interrogatories. Plaintiffs are **DIRECTED** to provide complete, responsive answers to Interrogatory No. 15[2] and Interrogatory No. 16 not later than the date set forth below. The answers shall be verified under oath, as set forth in Rule 33 (b)(3). This requirement may be satisfied by declaration pursuant to 28 U.S.C. § 1746.

Scheduling

The necessity of a new summary judgment response makes the existing schedule unworkable. Accordingly, the deadlines, beginning with the April 9, 2021 deadline for trial briefs, and proposed findings of fact and conclusions of law, as set out in the Scheduling Order, doc. no. 341, are **VACATED**. The May 3, 2021 trial

---

[1] This does not include plaintiff Wade Lay, to whom this order does not apply, except with respect to the new dates for the filing of trial briefs and proposed findings and conclusions (yet to be set), and the stricken trial date.

[2] Plaintiffs' objection to Interrogatory No. 15 is foreclosed by the court's September 15, 2020 order. *See*, doc. no. 349, at 10 (dismissing count VIII).

4

setting is accordingly **STRICKEN**. The court also recognizes that getting verified answers to the two interrogatories will take time (although the court also expresses its firm expectation that the defendants, who propounded the interrogatories and collectively control the facility in which plaintiffs are incarcerated, will facilitate attorney-client meetings in every reasonable way).

Accordingly, the schedule is revised as follows:

| Event | Deadline |
|---|---|
| Plaintiffs to provide complete, responsive, verified answers to Interrogatory Nos. 15 and 16.[3] | May 3, 2021 |
| Plaintiffs' new summary judgment response[4] | May 10, 2021 |
| Defendants' reply in support of motion for summary judgment | May 24, 2021 |
| Trial briefs | TBD |
| Proposed Findings of Fact and Conclusions of Law | TBD |
| Trial | TBD |

IT IS SO ORDERED this 2nd day of April, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p094.docx

---

[3] If, after receiving plaintiffs' answers to interrogatories 15 and 16, the defendants desire to file a supplemental summary judgment brief, they shall, not later than three business days after receipt of those answers, file a motion for leave to do so. If the court grants that motion, the court will also modify the schedule set forth above by setting new dates for plaintiffs' new summary judgment response and defendants' reply.

[4] The court notes, in light of the difficulties addressed in this order, that Rule 11 applies to summary judgment briefs. *See also,* as to discovery responses, Rule 26(g).