P.G. 1

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

**FILED**

Richard Glossip, et. al.,

   PLAINTIFFS

APR 1 4 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA.
BY_____,DEPUTY

vs.

CASE NO. CIV-14-665-F

Randy Chandler, et. al.,

   DEFENDANTS.

WADE LAY, PLAINTIFF - MOVANT

PLAINTIFF (WADE LAY) ADDENDUM TO PROTECTIVE

ORDER - INJUNCTIVE RELIEF FILED 04/07/21

RE:MOTION FOR DISCOVERY

COME NOW WADE LAY TO PROVIDE THE DETAILS TO THE

CLAIM MADE IN DOC. NO. 390 AND 398, PLAINTIFFS

MOTIONS FOR DISCOVERY AND PROTECTIVE ORDER.

WADE GREELY LAY #516263

OKLAHOMA STATE PENITENTIARY

DATE: 04/12/2021

P.O. BOX 97

PRO-SE

McALESTER, OKLA. 74502

PG. 2

IN DOC. NOS 390 AND 398 PLAINTIFF PREDICTS THAT

OSP (OKLA. STATE PENITENTIARY) WILL BUILD UPON THE

CURRENT CONDITION OF HIS DAUGHTER (APRIL LAY'S)

PHONE STATUS, FURTHER CLAIMING A **TECHNICAL**

**ANOMALY** TO SEPERATE WADE LAY FROM THE ADVOC-

ATES THAT SUPPORT HIS CAUSE, *i.e.*, HIS FAMILY AND ATTOR-

NEYS. O.S.P. HAS ATTEMPTED TO DO JUST THAT ON

04/07/2021. ON PG. 5 LAY STATES:

"O.S.P. WILL NOT RECTIFY THE PROBLEM WITH
'SECURUS' THE PHONE PROVIDER, WITH LAY'S COM-
MUNICATIONS WITH HIS DAUGHTER. THIS SO-CALL-
ED TECHNICAL PROBLEM IS IDENTICAL TO THE CLA-
IMS MADE BY UNIT MGR. PERRY IN 2017, TO CUT
THE PLAINTIFF OFF FROM HIS ATTORNEYS AND FA-
MILY, LEADING TO *Lay V. G.T.L.* CIV-18-09-RAW-SPS;
AND *Lay V. O.D.O.C.*, CIV-17-1224-J, FILED IN THIS COURT.
... IT IS PLAUSIBLE TO SUSPECT A REPEAT OF THE PAST
IS IN MOTION, THE DISCONNECTION BEING A PRECU-
RSOR TO THE SO-CALLED TECHNICAL ANOMALY THAT
WILL OCCUR WITH HIS SISTER (RHONDA KEMP 316-757-

EXECUTO

PG. 3

"7256); AND (KIM LAY 405-337-6123), IN THE MO-
NTHS PROCEEDING LAY'S EXECUTION."

JUDGE FRIOT AND THIS COURT CAN NOW SEE,

THAT O.S.P. HAS DONE PRECISELY WHAT LAY ANTICIPATES.

THIS IS WHY THE PLAINTIFF ASK FOR THE ACCESS TO

VIDEO SURVEILLANCE, WHICH WILL SHOW THE UNBELIEVABLE

ACTIONS OF SECURITY OFFICERS (HOOD AND MOAKS),

AND THE OBVIOUS INVOLVEMENT OF ADMINISTRATIVE

STAFF IN THE CONSPIRACY.  IN SUMMARY, O.S.P.

CONTRIVES A STORY, THAT, THE SECURUS PHONE

SERVICE IS TEMPORARILY DISRUPTED.  YET, IN AN EXACT

DUPLICATE MANNER AS WHAT OCCURRED ——— BETWEEN

JULY 27 - AUG. 09, 2019, THE TECHNICAL DIFFICULTIES

ONLY APPLY TO WADE LAY, ALL OTHER PRISONERS

ARE ABLE TO ENJOY REGULAR PHONE SERVICE.

F.O.#
#) SEE DOC. NOS. 46-70, Lay V. O.D.O.C., CIV-17-1224-J.

IT IS IN ESSENCE AN ARBITRARY PHONE

RESTRICTION. THIS IS WHY O.S.P. DESIRES TO

MAINTAIN THE ARBITRARY ENVIRONMENT, WHERE

PRISONERS ARE ALLOWED TO CONTROL THE PHONE,

IT SUITS THEIR AGENDA TO ISOLATE A PRISONER

THEY CHOOSE TO TARGET, USING THE ABDICATION

AS A MEANS OF DEPRIVATION.

THIS IS WHY O.S.P. ALLOWS THE PASSING OF

CONTRABAND/CANTEEN, AND ALLOWS STAFF

TO PASS CANTEEN FOR PRISONERS, AND FOR

STAFF TO ACCEPT CANTEEN FOOD PRODUCTS

AS GIFTS, THE VIGILLANTE PRISONER POPULA-

TION SERVES O.D.O.C.'s CROOKED AGENDA.

THE PLAINTIFF UNDERSTANDS IT IS A HARD

PG. 5

PILL FOR THE COURTS OR SOCIETY TO

SWALLOW, THAT YOU HAVE ALLOWED SUCH

A CRUCIAL DEPARTMENT OF GOVERNMENT

TO BECOME SO DIABOLICAL; THAT IS WHY

THE EVENTS OF 04/07/2021, ON H-UNIT

SOUTHWEST QUAD BETWEEN 7:45 A.M. AND

12:47 P.M. ARE SO IMPORTANT, AND RELEVENT TO

THE IMPLEMENTATION OF THE EXECUTION PROTOCOLS.

SIMILAR TO THE VENGEFUL ACTIONS OF DEPUTY

WARDEN RAINKINS IN 2019,[1] AND THE DECEITFUL

AND CROOKED ACTIONS OF DEP. WARDEN COOPER

IN 2018,[2] (ADDITIONALLY, IT WAS D.W. RAINKINS WHOM

USED HIS POWERS TO WRITE WHOLE LAY UP ON BOGUS

FN#
1) THE ACTIONS OF D.W. RAINKINS ARE DESCRIBED IN DEC. NOS. 52-70 OF
  Ray V. O.D.O.C, CIV-17-1274-J; AND LAY'S OPENING BRIEF TO THE 10TH
  CIRCUIT, NO. 20-6038. /2) COOPER'S ACTIONS ARE DESCRIBED IN
  DOC. NOS. 45-51 OF THE SAME CASE, AS F.N.#1.

PG. 6

CHARLES SHORTLY AFTER RUNNING LHY OUT

OF THE CLASSIFICATION HEARING, SIMPLY BEC-

AUSE THE PLAINTIFF BROUGHT EVIDENCE

TO THE HEARING TO SHOW THE MALFEASANCE

OF PRISON OFFICIALS, SUCH AS: D.W. COOPER'S

EMBEZZLEMENT OF TRUST FUND DOLLARS

SENT TO THIS COURT ILLEGALLY IN SEPT. OF

2018. (SEE DOC. NO. 66 OF Ivy V. O.D.O.C., CIV-17-

1224-J)), O.S.P. RETURNS TO THAT SAME TACTIC 04/07/21.

THIS ABUSE OF POWER HAS BECOME THE NORM,

AN ACCEPTABLE MODE OF OPERATIONS BLESSED

BY THE O.O.O.C. IT VIOLATES THE OKLA.

ADMINISTRATIVE PROCEDURE ACT, WHICH IS, BY STATE

LAW, A GOVERNING PRINCIPLE RELEVENT TO THE

F.N.
to) OCT. 04, 2019, HEARING TO DETERMINE WHER DEATH ROW
PRISONERS WOULD BE HOUSED. (ACLU NEGOTIATIONS)

Pg. 7

EXECUTION PROTOCOLS AND CONTROLLING !

DETAILS SURROUNDING THE EVENTS OF 04/07/2021

AT 7:45 A.M. PLAINTIFF LUKY) ASK OFFICER HOOD FOR

THE PHONE TO CALL ATTORNEYS. AT 8:30 A.M. LAY REPEATS[3]

THE REQUEST. AT 9:00 A.M. HOOD REPORTS THE PHONE

IS NOT WORKING, BLAMES THE SECURUS PHONE PROVIDER.

HOWEVER, IDENTICAL TO THE EVENTS THAT OCCURRED ON

JULY 27, 2019, THE PHONE IS BEING PASSED BY

PRISONERS IN THE SAME PATTERN THAT IT IS SHARED

EACH DAY, IT APPEARS HOOD IS REPEATING THAT SAME RUSE

THAT TRANSPIRED IN 2019. (SGT. MONKS BEING IN THE CONTROL

ROOM 04/07/21, IS ONE OF THE OFFICERS INVOLVED IN THE

F.N*
3) DUE TO LAY'S COMPLAINTS TO THE O.D.O.C. DIR. SCOTT CROW, THE H-UNIT
MGR. MR. KIRBY IMPLEMENTS A RUSE. THE SCHEME IS TO HAVE O.S.P.
SECURITY OFFICERS GIVE THE PLAINTIFF PHONE ACCESS EARLY IN
THE MORNING, THEN ALLOW PRISONERS TO CONTROL AND PASS
THE PHONE, AN ARTIFICE THAT VIOLATES POLICY AND HAS NOT LASTED.

PG. 8

EVENTS OCCURRING BETWEEN JULY 27, 2019 AND

AUG. 09, 2019).

AT 9:30 AND 10:00 A.M. LAY CONFRONTS OFF. HOOD

ABOUT THE INCONSISTENCY OF PRISONER'S PASSING

THE PHONE VIA. CADALAC (VIOLATING THE ORDER OF

O.D.O.C DIRECTOR SCOTT CROW) AND, WHY PRISONER'S

WOULD BE SEEKING THE PHONE HOLDING IT FOR

30 TO 60 MINUTES, THEN PASSING IT TO ANOTHER

PRISONER IF THE SERVICE IS OUT, THAT, THE

SAME EVENTS OCCURRED IN JULY OF 2019. AT 10:20

A.M. OFF. HOOD GIVES THE PHONE TO THE PLAINTIFF

SAYING: "HERE, SEE FOR YOURSELF IT DOESN'T

WORK."

IN CHECKING THE PHONE SERVICE, THE PLAINTIFF

BETWEEN 10:20 A.M. AND 11:30 A.M. HE

K - 9

COULD DISCERN THAT THE PHONE LINE HAD BEEN

UNPLUGGED, IDENTICAL TO THE SOUND PRODUCED

IN JULY OF 2009. CONSIDERING THE ACTIONS OF

O.S.P. SECURITY OFFICERS HOOD AND MONKS, THE

ACTIONS OF OTHER PRISONERS, LAY CONCLUDES

THAT DUE TO O.S.P. (KNOWING LAY WOULD ATTEND

THE TRIAL (SEE DOC. NO. 402), BECAUSE, O.S.P.

STEAMS OPEN ENVELOPES AND COPIES THE DOCU-

MENTS, THEY IMMEDIATELY ACT TO BEGIN AN EFFORT

TO CUT THE PLAINTIFF OFF FROM HIS COMMUNICATIONS

WITH FAMILY AND ATTORNEYS, LAY ANTICIPATES THE WORST.

THE O.S.P. STAFF ASSIGNED TO THIS TASK

HOWEVER, i.E., SGT. MONKS AND OFFICER HOOD,

ARE NOT THE SHARPEST TOOLS IN THE SHED.

PG. 10

WHAT TRANSPIRES IN JULY AND AUGUST OF 2019, UNDER

SGT. GARRET, THAT GROUP OF OFFICERS WERE

OF A HIGHER LEVEL OF EXPERTISE, OR EXPERIENCE

OBEYING THE ILLICIT ORDERS OF THEIR SUPERIORS

AT 11:36 A.M. LAY DECLARES TO OFF. HOOD HIS

SUSPICIONS, THE PLAINTIFF TELLS THE YOUTHFUL

OFFICER OF THE EVENTS OF 2019, AND MONKS

INVOLVEMENT, AND BOLDLY DEMANDS HE – PLUG

THE PHONE BACK IN,

AT 11:45 A.M. AFTER OFF, HOOD FINISHES HIS

COUNT, JUST SECONDS AFTER HOOD ENTERS THE

CONTROL ROOM, SGT. MONKS BENDS DOWN TO

THE PHONE BASE AND PLUGS THE PHONE IN.

PLAINTIFF HAS THE PHONE ON, HELD TO HIS

Pg. 11

EAR. HE MAKES (3) THREE CALLS DURING THE

FIVE MINUTES THE PHONE IS ON, UNTIL OFF.

HOOD WALKS OVER TO THE PHONE BASE

AND UNPLUGS THE PHONE, ONLY AFTER HOOD

ENGAGES IN A SHORT PHONE CONVERSATION WITH

SOMEONE, PLAINTIFF BELIEVES IT IS WHOMSO-

EVER INSTIGATES THE RUSE, i.e., SOMEONE

IN A POSITION OF AUTHORITY. THE EVENTS

THAT FOLLOW SUPPORT THIS ASSUMPTION

IN A NORMAL SETTING, A PRISONER FALSELY ACCUSING

AN OFFICER OF SUCH AN ACT, SECURITY OFFICERS

WOULD DEMAND THE PRISONER TO SURRENDER THE

PHONE AND WRITE THE OFFENDER UP ON CHARGES; BUT

IN THIS INSTANCE WADE LAY IS BEING TRUTHFUL,

PG. 12

WHICH IS WHY O.S.P. SENDS SGT. SHELTON TO THE

S.W. QUAD, SHELTON ATTEMPTS TO SMOOTH THINGS

OUT, HE BEGINS THE COVER STORY: TECHNICAL

DIFFICULTIES HAVE CUT OFF THE PHONES AND SECU-

RITY IS WORKING ON IT.

AT 12:35, AFTER THE CONVERSATION WITH SGT.

SHELTON, SHELTON ENTERS THE CONTROL ROOM,

SECONDS LATER, SGT. MONKS BENDS OVER AND

PLUGS IN THE PHONE. AGAIN, THE PLAINTIFF IS

WATCHING WITH THE PHONE TO HIS EAR.

HOWEVER, THE INCIDENT ESCALATES, SGT. MONKS

AND OFFICER HOOD CONTINUE TO DISRUPT PHONE

SERVICE. IN THE MIDDLE OF A CALL WITH SARAH

JERNIGAN (FED. PUBLIC DEFENDER-OKC) OFF.

PG. 13

HOOD UNPLUGS THE PHONE. SHORTLY AFTER THIS
AMBER ROBISON ENTERS THE S.W. QUAD OF
H-UNIT, THE PLAINTIFF SHOUTS: "SGT. MONKS
AND HOOD ARE UNPLUGGING THE PHONE". IMMEDI-
ATELY, THE PHONE IS PLUGGED BACK IN.

THIS OCCURS ONE MORE TIME. IRONICALLY, MR
KIRBY (H-UNIT MGR.) ENTERS THE UNIT AND HOOD
PLUGS THE PHONE IN AS THE UNIT MGR. APPROA-
CHES CLOSE PROXIMITY TO LAY'S CELL. AFTER
DISCUSSING THE MATTER WITH H-UNIT MGR. KIRBY,
IT IS CLEAR, SGT. MONKS AND OFF. HOOD WERE
DOING WHAT THEY WERE TOLD, O.S.P. IS ATTEM-
PTING TO DESTROY WADE LAY'S ABILITY TO PREPARE
FOR THE TRIAL OF THIS ACTION.

ANOTHER ELEMENT OF THIS CONTRIVANCE, IS

THE DEPRIVATION OF FUNDAMENTAL RIGHTS, SUCH AS:

SHOWERS AND LEGAL SERVICES. LAY IS DEPRIVED

OF SHOWER ON 04/05/2021 BY OFFICERS HOOD AND

POUCHNY AND SGT. MOODKS, ON 04/08/21 O.S.P.

FAILS TO PROVIDE SHOWERS FOR ANY PRISONER.

(NOTE: LAY WAS AWAKE UNTIL 11:30 P.M. ON THURSDAY

04/06/21, IT IS POSSIBLE O.S.P. WAITS UNTIL THE PLAINTIFF

IS ASLEEP, RUNNING SHOWERS IN THE MIDDLE OF THE

NIGHT, AND THEN CLAIM, PRISONERS WERE GIVEN

OPPORTUNITY TO SHOWER.)

ADDITIONALLY, SINCE LAY HAS SHOWN A WILLINGNESS

TO PARTICIPATE IN THE TRIAL, O.S.P. HAS DEPRIVED

F.B.*
THIS OCCURS OFTEN ON 4-SIDE S.W. QUAD OF H-UNIT. O.S.P.
WAITS UNTIL MIDNIGHT OR LATER, AND ONLY SHOWERS TWO
OR THREE PEOPLE; HOWEVER, THIS DOES NOT OCCUR ON THE
OTHER SIDE OF S.W. QUAD. 3-SIDE IS DONE AT A REASONABLE TIME.

HIM OF LEGAL SERVICES, AND WILL NOT PROVIDE

THE PLAINTIFF WITH GRIEVANCE FORMS TO CONTINUE

HIS COMPLAINT TO THE ADMINISTRATIVE REVIEW

AUTHORITY. THIS IS WHY LAY HAD WRITTEN THE O.DOC

DIRECTOR SCOTT CROW. WHEN THE PRISON OFFICIALS

AT A CORRECTIONAL INSTITUTION IN OKLAHOMA ABUSE

THE GRIEVANCE PROCESS, IT IS ALLOWED UNDER

O.D.O.C. POLICY FOR A PRISONER TO WRITE A PRIVE-

LELED LETTER TO THE DIRECTOR TO ADDRESS THE

ISSUES. (SEE DOC. NOS. 39 & 40 OF lay V. O.D.O.C CIV-13-481-RAW-SPS).

THE COURT HOWEVER CAN SEE, THAT THE O.D.O.C

REFUSES TO DEAL WITH THE MALFEASANCE, SO THE

LAWLESS ENVIRONMENT PERSIST, AND NOW WADE LAY

IS DEPRIVED OF THE NECESSARY SERVICES TO FULFILL

THE COURT'S REQUIREMENTS. (SEE PG. 1, FOOTNOTE OF DOC. NO. 399,

NOS. 1 & 2, JUDGE FRIOT'S REFERENCE TO DOC. NOS. 341

AND 387; AND F.N. NO. 3 AFFIDAVIT OR DECLARATION).

O.S.P. IS WITHHOLDING CRUCIAL ACCESS TO FUNDAM-

ENTAL RIGHTS, TO INCLUDE ATTEMPTING TO CUT LAY

OFF FROM COMMUNICATING WITH ATTTORNEYS AND

FAMILY, TO DESTROY HIS ABILITY TO PARTICIPATE IN

THE TRIAL). SIMPLY BEING PRESENT IS NOT

ALL THAT IS REQUIRED.

PLAINTIFF REITERATES THE NEED FOR INJUNCTIVE RELIEF.

WHY DOES THIS COURT NOT UPHOLD THE EQUAL PROT-

ECTION OF THE LAWS PRINCIPLE IN THIS CASE CONCERNING

WADE LAY. PLAINTIFF REMOTIONS THE COURT FOR PROTECTIVE

ORDER, ASKING THIS COURT TO ORDER O.S.P. TO PROVIDE

TO LAY THE EQUAL RIGHT TO ACCESS THE RIGHTS ALL

PRISONERS ARE SUPPOSED TO ENJOY. TO PURCHASE

PROPERTY, TO LEGAL SERVICE, TO SHOWERS, ETC.

ADDITIONALLY, LAY MOTIONS THE COURT TO ALLOW FOR

DISCOVERY OF VIDEO SURVEILANCE, IN PARTICULAR,

THE DAY OF 04/07/2021. THE EXTREME PREJUDICE

AND TARGETTING OF WADE LAY IS EASILY REVEALED

IN SO MANY FORMS. THE FACT O.S.P. IS WILLING TO

DEPRIVE MULTIPLE PRISONERS OF FUNDAMENTAL RIGHTS,

SUCH AS SHOWERS, JUST TO HURT ONE INMATE; AND THE

UNIMAGINABLE IMMATURITY THAT IS EXHIBITED ON

WEDNESDAY 04/07/21, THAT IT IS AN ACT CONTRIVED

BY ADMINISTRATIVE STAFF IS UNCONSCIONABLE.

THIS IS A DEATH PENALTY CASE! THE PLAINTIFF

MUST BE PROVIDED PROTECTION FROM THE DEFENDANTS,

THE COURT MUST RECOGNIZE THE TRUISM, THAT

PREJUDICE NEVER EXERCISES REASON. PRISON

OFFICIALS ARE MOVED BY THEIR PRIDE AND ARROGANCE,

THIS IS WHAT FOSTERS THE FOOLISH ACTIONS OF WEDNESDAY

04/07/2021, WHEN O.S.P. TRIES TO DUPLICATE THE PHONE

RESTRICTION OF JULY 27, 2019 THROUGH AUGUST 09, 2019.

TO PUT FORTH THE RUSE THAT THE PHONE IS BROKEN, BLAME

IT ON A TECHNICAL ANOMALY, YET BELIEVE THEY CAN

ALLOW EVERY OTHER PRISONER ACCESS TO THE PHONE,

YOU SEE THIS SAME TYPE OF ARROGANCE IN 2014,

WHEN O.D.O.C. DIRECTOR MR. PATTON STATES; "HIS

VEIN BLEW", AS IF THE SIMPLE DECLARATION CONCERNING

THE BOTCHED EXECUTION OF MR. LOCKET WOULD SUFFICE,

EVEN THOUGH THE NEGLECT AND ABUSE OF PRISON

OFFICIALS AND THE O.D.O.C. WAS THE CAUSE THAT

PRODUCED AN 8TH AMENDMENT VIOLATION. FOR

THE COURT, THE OTHER PLAINTIFFS, OR THE STATE

OF OKLAHOMA TO RELY ON NEW PROTOCOLS TO REMEDY

THE INHERENT CORRUPTION WITHIN THE O.D.O.C. IS

FOOLISH.

(A.P.A)

THE ADMINISTRATIVE PROCEDURE ACT REQUIRES A

STRICT COMPLIANCE TO O.D.O.C POLICY. WHEN IT IS

CLEAR THAT THE O.D.O.C. HAS ABUSED ITS DISCRETION

ALLOTTED TO THEM UNDER THE ACT, ie., THE A.P.A.,

STATE LAW PROVIDES A MEANS TO REEXAMINE THEIR

AUTHORITY. THAT TIME HAS COME.

PG 20

PLAINTIFF AGAIN BEGS THE COURT TO PROVIDE

LAY TO RESPOND TO THE MOTION FOR SUMMARY

JUDGMENT FILED 02/19/21, AND LAY DID NOT

RECEIVE THE MOTION UNTIL THE LAST DAY OF

FEBRUARY FOR FILING, ie, 02/26/21, AT 1:30 P.M.

LAY FILES FOR DISCOVERY ON 03/15/21, AFTER

ENDURING A COVID-19 ILLNESS FROM 02/23/21

UNTIL 03/11/21. THE MOTION FOR DISCOVERY UNDER

FED. R. CIV. P. 56(d) IS TIMELY

RESPECTFULLY SUBMITTED

WADE LAY AT OSP.

P.O. BOX 97

MCALESTER, OKLA. 74502

Oct/12/2021