PG-1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

Richard Glossip, et. al.,
        PLAINTIFFS,

vs.                                    CASE NO. CIV-14-665-F

Randy Chandler, et. al.,
        DEFENDANTS.

WADE LAY, PLAINTIFF-MOVANT.

FILED
APR 23 2021
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

---

PLAINTIFF WADE LAY MOTION FOR JOINDER OF CLAIMS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
RULE 18(a) AND (b) (WITH BRIEF IN SUPPORT)


COMES NOW WADE LAY AS CO-PLAINTIFF IN THIS CASE,

TO MOTION THIS COURT FOR JOINDER OF CLAIMS TO


                                WADE GREELY LAY # 516263
                                OKLAHOMA STATE PENITENTIARY

DATE: 04/01/21                  P.O. BOX 97
PRO-SE                          MCALESTER, OK. 74502

Robotic?

BE HEARD IN THE TRIAL OF THIS ACTION.

BRIEF BACKGROUND:

IN 1989 THE STATE OF OKLAHOMA THROUGH ITS STATE LEGIS-LATURE WITH IMPULSE FROM THE OKLAHOMA DEPARTMENT OF CORR-ECTIONS, BEGAN A CAMPAIGN TO BUILD A STRUCTURE SPECIFIC-ALLY DESIGNED FOR DEATH ROW PRISONERS - H-UNIT. THIS BUILDING WAS PROMOTED AS A MODERN STRUCTURE WITH A SPECIFIC DESIGN CAPABLE OF PROVIDING TO THE PEOPLE OF THIS STATE, A VERY EFFICIENT AND COST EFFECTIVE MEANS OF MANAGING DEATH ROW PRISONERS AND EXECU-TIONS.

THE STRUCTURE WAS BUILT AND THE PROMISE UPHELD, FROM 1991 UNTIL 2010. THE FINANCIAL CRISIS OF 2008 HOWEVER, ALTERED THE COMMITMENT OF THE O.D.O.C.,

pg 3

from a cost effective means to provide the process of justice and security for the state, to a deceptive process designed to acquire greater portions of the states annual budget. The most deceitful and irrational protocols have developed, the outcome of which has been detrimental to the primary purposes of the O.D.O.C. discretion, given under the O.S.L.A. Administrative Procedure Act.

The plaintiff has described the conditions that have emerged due to this breach of honesty and abuse of discretion, to the U.S.D.C. E.D./OK. in *Loy V. Orman, I & II*, (CIV-15-110-FHS-SPS), (CIV-15-450-JHP-SPS); and to the Tenth Circuit Court of Appeals in *Loy V. O.D.O.C.* no. 20-6038. The facts are, this continued corruption has

INFILTRATED THE ENTIRE CORE OF THIS INSTITUTION, AND THE PLAINTIFF BELIEVES THIS DECEITFUL POLICY GOVERNS THE CENTRAL PART OF THE O.D.O.C. AGENDA. IT IS A DESIRE TO OBTAIN THE GREATEST MEASURE OF APPROPRIATIONS AT THE EXPENSE OF THE PEOPLE'S SAFETY.

WHAT HAS TRANSPIRED FOR THE PAST (11) ELEVEN YEARS IS ONE PART OF THE PLAINTIFF'S JOINDER OF CLAIMS. THE IRRATIONAL PROTOCOLS TO SUSTAIN SUPERFLUOUS STAFF, HAS HAD AN EXTREME DETRIMENTAL EFFECT ON THE ENTIRE PRISON, AFFECTING ALL DEPARTMENTS. THE OTHER PART, OR WHAT IS CONTINGENT, IS THE EFFECT THIS CORRUPTION WILL HAVE ON THE LONG TERM PRACTICABILITY OF THE EXECUTION PROTOCOLS.

THE MOST UNIMAGINABLE ACTIONS BY PRISON OFFICIALS,

PG. 5

BEHAVIOUR THAT WOULD SHOCK THE CONSCIENCE, SUCH AS:
PRISON STAFF COLLABORATING WITH PRISONERS TO SUPPRESS THE EFFORTS OF THE PLAINTIFF TO SECURE HIS RIGHTS UNDER LAW AND O.D.O.C. POLICY GUIDELINES. THIS COLLUSION OF COURSE LEADS TO THE MOST EGREGIOUS ABUSES, AND COULD ONLY BE CARRIED OUT IN A SETTING THAT IS TOTALLY GOVERNED BY ARBITRARY POWER, ABANDONING ALL RULES. WHAT HAS EMERGED, DUE TO THE ILLICIT AGENDA TO ATTAIN GREATER APPROPRIATIONS THROUGH MEANS OF FRAUDULENT PROTOCOLS, IS AN UNOFFICIAL COURSE OF TRAINING, ONE THAT IS DESIGNED TO FURTHER THE PROCESS OF COVERING UP ACTS OF CORRUPTION, RATHER THAN AN HONEST ADMINISTRATION REGULATING THE OPERATIONS OF A STATE CORRECTIONAL INSTITUTION.

PG. 6

IT MUST APPEAR TO AN OUTSIDE OBSERVER AS BEING UNLIKELY, THAT SUCH A THING COULD AFFECT THE ENVIROMENT OF A PRISON TO SUCH A DEGREE, THAT IT COULD EFFECT THE COMMISSION OF ITS EXECUTION PROTOCOLS; BUT THE FACTS ARE, THIS SAME ISSUE PLAYED A HUGE PART IN THE DEBACLE OF THE LOCKET AFFAIR IN 2014, BEYOND THAT WHICH HAS BEEN REPORTED. MOREOVER, THE INTENSITY OF THE ERROR CONSTITUTING THE ISSUE OR CLAIM, HAS GREATLY INCREASED, DIRECTED SPECIFICALLY TOWARDS WADE LAY.

ONE PARTICULAR ISSUE SURROUNDING THE USE OF THE PHONE, BRINGS INTO FOCUS THE DESIRE TO SUSTAIN AN ARBITRARY MODE OF OPERATIONS. CIRCUMVENTING PROTOCOLS AND O.D.O.C. POLICY. THIS COURT IS FULLY AWARE OF

O.S.P. PRISON OFFICIALS ILLEGALLY TRANSFERRING TRUST FUND DOLLARS FROM WADE LAY'S MANDATORY SAVINGS TO THIS W.D. COURT IN SEPTEMBER OF 2018, WHICH HAD THE RESULT WHERE U.S. DIST. JUDGE DEGIUSTI, AND U.S. MAGISTRATE JUDGE JONES IN ERROR RECLAIMED ACTIVE ADJUDICATION OF THE CASE WHICH WAS LEGALLY PENDING AS A CERTIORARI PETITION IN THE U.S. SUP. CT.. (SEE DOC. NOS. 45-51, Lay V. O.D.O.C. CIV-14-1224-J).

PLAINTIFF AT THIS JUNCTURE, BEFORE CONTINUING, WILL INTERJECT A PRINCIPLE LEARNED FROM RELIGIOUS INSTRUCTION, THAT: THOSE WHOM WILLINGLY REJECT THEIR PROPER DOMAIN, ABANDONING THEIR COMMISSION, RAPIDLY DECLINE IN THEIR MORAL COMPASS.

IT IS REMARKABLE THAT THIS SAME IMMORAL ACT WAS ONCE

AGAIN REPEATED IN JULY AND AUGUST OF 2019, LESS THAN A YEAR AFTER THE EMBEZZLEMENT OF TRUST-FUND DOLLARS THAT IS SO WELL RECORDED BEFORE THE ADMINISTRATORS IN OKC AT THE O.D.O.C. DEPUTY WARDEN RAINKINS CAME TO THE PRISON IN THE MIDDLE OF THE NIGHT, AT 11:00 P.M. ON A SATURDAY TO EXECUTE A GRAND RUSE. MR. RAINKINS WITH D.W. PETTIGREW AND THE UNIT MGR. MISS GREEN ENGAGED IN AN ELABORATE SCHEME CLAIMING A PRISON REFORM WAS IN THE WORKS, AND THEY WERE IN THE PROCESS OF CHANGING IT ALL. (SEE ITEM NO. 6, PG. 3 OF THE LIST OF ITEMS FOR DISCLOSURE).

THE R.T.S. NO. 19-2472 PERFECTLY CORRESPONDS WITH THE ISSUES RAISED IN R.T.S. SUBMITTED IN JANUARY,

FEBRUARY, AND MARCH OF 2021. THE SAME RUSE IS DUPLICATED, WITH THE EXCEPTION THAT, IN THE MIDST OF A GLOBAL PANDEMIC, PRISONERS WHOM HAVE TESTED POSITIVE WITH COVID-19, ARE ALLOWED TO CONTROL AND PASS THE PHONE WITH THEIR CADALAC, CONTRIBUTING TO THE SPREAD OF THE VIRUS.

IF THE COURT AND THE OTHER PARTIES WILL READ THESE R.T.S. AND INMATE REQUEST, YOU WILL SEE THAT THE EVIDENCE WHICH WOULD BE CONFIRMED BY DISCOVERY (SUCH AS: VIDEO SURVIELANCE, AND CANTEEN/PROPERTY FINANCIAL RECORDS) WOULD SHOW EXTREME PREJUDICE AND CORRUPTION THAT IS RELATIVE TO THE IMPLEMENTATION OF EXECUTION PROTOCOLS.

PLAINTIFF FEELS THE COURT TO GRANT THIS JOINDER OF CLAIMS, ALLOWING FOR A QUICK EXECUTION OF DISCOVERY TO INCLUDE DEPOSITIONS AND INTERROGATORY'S OF THOSE LISTED AS WITNESSES. ADDITIONALLY, PLAINTIFF DESIRES AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

RESPECTFULLY SUBMITTED
WADE LAY #T O.S.P.

04/01/21

P.O. BOX 97
MCALESTER, OKLA. 74502