Pg. 1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

Richard Glossip, et.al.,
  PLAINTIFFS,

vs.

Randy Chandler, et.al.,
  DEFENDANTS.

WADE LAY, PLAINTIFF AS MOVANT.

CASE NO. CIV-14-665-F

FILED
APR 23 2021
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

---

PLAINTIFF (WADE LAY) MOTION FOR DISCLOSURE PURSUANT TO FED. R. CIV. P. RULE 26(a)(3) & (4); AND RULE 26(b)(1) & (3) (WITH BRIEF IN SUPPORT)

COME NOW (WADE LAY) TO MOTION THIS COURT TO ORDER OKLAHOMA DEPT. OF CORRECTIONS TO PROVIDE DOCUMENTS "RELEVANT TO ANY PARTY'S CLAIM... PROPORT-

DATE:
pro-se

WADE GREELY LAY #541263
OKLAHOMA STATE PENITENTIARY
[signature]
P.O. BOX 97
MCALESTER, OKLA. 74502

Pg. 2

"ional to the needs of the case, considering the importance of the issues at stake in the action". (EMPHASIS ADDED).

THE UNITED STATES SUPREME COURT HAS DECLARED, THAT: "DEATH IS DIFFERENT", THAT ANY DEATH PENALTY CASE DESERVES PREFERENCE, WITH A DISPOSITION TOWARDS ACCOMODATION, ESPECIALLY WHEN A PERSON IS ACTING pro-se AS A PRISONER. THE OKLAHOMA DEPT. OF CORRECTIONS DOES THE OPPOSITE, EVEN REFUSING TO PROVIDE INFORMATION AND/OR REMEDIAL ASSISTANCE WHEN PRISON OFFICIALS VIOLATE A PRISONER'S RIGHTS, THAT IS REQUIRED OF THEM BY LAW AND O.D.O.C. POLICY REGULATIONS.

ONE EXAMPLE IS EASILY DISPLAYED. IN EXHIBIT

1160-A, A REQUEST TO STAFF (R.T.S.) DATED 03/15/2021, R.T.S. NO. 21-1304, WADE LAY MAKES A REQUEST FOR INFORMATION AND DOCUMENTS. STATE LAW OKLA. STAT. tit. 57, § 549(A)(8) MAKES REQUISITE TO DEDUCT AND TRANSFER TRUST FUND DOLLARS FROM A PRISONER'S TRUST FUND ACCOUNTS.

THE PLAINTIFF HAD IN THE PAST, AS INDICATED IN THE SUBJECT PORTION OF THE R.T.S., SENT NUMEROUS R.T.S. TO VARIOUS DEPARTMENT HEADS, AND WAS EVEN INSTRUCTED BY LEON WILSON (O.D.O.C. COMPTROLLER) TO SUBMIT A R.T.S. TO O.S.P. OFFICIALS FOR SUCH DOCUMENTS AS THAT REQUESTED IN THE R.T.S. NO. 21-1304. (SEE EXH. 1160-A). THE PLAINTIFF WRITES: "THIS IS THE 7TH REQUEST TO STAFF FOR THIS INFORMATION." IF THE COURT WILL VIEW THE ACTION OF N. BATTLES (STAFF MEMBER, (WARDEN'S ASST.))

---

F.N.O.T.E.
1) SEE EXHIBIT 1160-C, R.T.S. TO MR. SHARP IN AUGUST OF 2019.

MISS BATTLES MISAPPROPRIATES THE RULE, **O.D.O.C. OP-090124** STATING: "B.T.S. MUST BE SUBMITTED 7 DAYS OF INCIDENT. THIS IS BEING RETURNED FOR NOT FOLLOWING OP-090124."

IN THE **ACTION REQUESTED** PORTION THE COURT WILL SEE THE LOGICAL AND RELEVENT REQUEST FOR THE O.S.P. FACILITY HEAD TO: "PROVIDE THE DOCUMENTS, OR DECLARE THE ABSENCE OF THOSE NECESSARY DOCUMENTS." WHAT IS CRITICAL TO QUOTE, IS THAT THE OKLA. INSPECTOR GENERAL (O.I.G.), HAD VISITED WADE LAY AT O.S.P. ON FEBRUARY 23, 2021, AND WADE LAY HAD WRITTEN THE OKLA. DEPT. OF CORRECTIONS DIR. SCOTT CROW ABOUT THE O.I.G. VISIT, AND SO BOTH THE DIRECTOR AND THE O.I.G. WERE

actively investigating the subject matter of the R.T.S. No. 21-1304, and Miss Battles was privy to this fact.

If the court will view Exhibit 1160-B, Judge Friot will see a letter dated 03/05/2021 * from Nicole Flemich (appointed by Scott Crow) that instructs Wade Lay to submit a R.T.S. form to address the same issue that had been addressed over (7) seven times since Sept. 14, 2018 when #72.96 was removed from Lay's mandatory savings and sent to the U.S.D.C. W.D./OK.. (See Lay V. O.D.O.C. No. 20-6038 **Opening Brief** Doc. No. 01011037259Y, at pg.s 4-6).

Miss Battles and Miss Flemich were both aware

F.N.
*) Wade Lay receives the on the 9th of March 2021, 6 days prior to March 15, 2021, the date of the R.T.S. No. 21-1304.

PG. 6

of the O.I.G. investigation, of the current proclivity of the issue, yet they conspire to prevent disclosure, even in a setting where O.D.O.C. policy requires they accomodate the request. Additionally, when prison officials violate a prisoner's constitutional rights, in an action that also violates state law, and the act is done in secret, or to say, outside the prisoner's ability to know about the act until he sees the adverse effects of it, the matter is not time barred by policy guidelines; and more importantly, when it is clear, that prison officials and D.O.C. officials manipulate their own rules to destroy constitutional rights contrary

TO STATE LAW, KNOWING THEY ARE VIOLATING ESSENTIAL CONSTITUTIONAL RIGHTS, AND THE LAWS OF THE U.S. AND THE STATE OF OKLA., SOVEREIGN IMMUNITY IS NOT APPLICABLE AND THE STATE ACTORS ARE LIABLE.

MISS BATTLES KNOWS THE R.T.S. NO. 21-1304 IS NOT TIME BARRED, AND THE DIRECTOR SCOTT CROW KNOWS FROM MULTIPLE SOURCES, THAT HIS SUBORDINATES PURPOSELY SUPPRESS MERITORIOUS COMPLAINTS BY PRISONERS AND THEIR FAMILIES CONCERNING GRAVE ISSUES OF MISCONDUCT BY PRISON OFFICIALS. WHAT IS RELEVENT TO THIS CASE, IS THAT, THIS UNBRIDLED ATTITUDE OF RETALIATION, WHERE DEPRIVATION OF RIGHTS AND BRUTAL ABUSE IS THE MEANS OF RETALIATION, THE CODES OF LAWS DEEMED AS THE PROPER PRACTICE OF AN ACTION HAS PROVEN

Pg. 8

TO BE INADEQUATE.

THE ABUSES AND PREJUDICE IN WADE LAY'S SITUATION ALONE SHOWS TO THIS COURT, AND SHOULD BE SHOWN TO THE PUBLIC THROUGH MEANS OF TRIAL, THE SYSTEMIC FAILURE AND CONTAMINATE OF CORRUPTION MUST FIRST BE DEALT WITH BEFORE NEW PROTOCOLS CAN HAVE ANY AFFECT. JIM CROW AND PEONAGE SHOULD SERVE AS ADEQUATE EXAMPLES TO THE COURTS OF THE UNITED STATES. THERE EXIST AN ABUNDANCE OF MATERIAL ESTABLISHED AS PRECEDENT TO CONVEY THE CONCEPT OF EQUAL PROTECTION OF THE LAWS. HOWEVER, DECEITFUL AND IMMORAL CORRECTIONS OFFICIALS SIMPLY DECLARE THAT A RULE IS BEING UPHELD, AND THE CLAIM MADE BY THE PRISONER IS INACCURATE, IN OTHER WORDS, THE O.D.O.C.

believes that a false statement, i.e., a simple lie can overcome fact. This is why the press release by Mr. Scott Crow to the public, before, and in particular after an execution, is a means of deception relied upon to avoid accountability.

The contaminate of corruption is a matter of great significance when modes of proceeding or codes of law dictating the process is relied upon to resolve such a constitutional right as that protected under the Eighth Amendment. Especially when those protocols are governing the termination of a mans life.

Wade Lay knows from his own observations, that the Lockett affair in 2014, is a matter caused by this

SAME CONCERN. A DISPOSITION OR ATTITUDE THAT PERMEATES THE O.D.O.C., AND IS NOT A DEMEANER THAT CAN BE ERADICATED THROUGH MEANS OF - A CHANGE OF LEADERSHIP. THE CONTAMINATION IS INTRINSIC, IT IS IDENTICAL TO THE PROBLEM OF RACISM, THE EMPLOYEES AT THE O.D.O.C. DO NOT BELIEVE LYING TO THE PEOPLE, THE PRESS, OR THIS COURT IS WRONG, BECAUSE, THEY DO NOT BELIEVE PRISONERS ARE ENTITLED TO THE PROTECTION OF LAW. A QUICK EXAMPLE CAN BE GIVEN: STATE LAW, U.S. LAW, O.D.O.C. POLICY AND COMMON LAW PRECEDENT MANDATES CERTAIN RIGHTS AS FUNDAMENTAL, SUCH AS: THE RIGHT TO HEAT IN WINTER, SHOWERS (3) THREE TIMES A WEEK, AND A PARTICULAR STANDARD OF NUTRITION. ALL OF THESE RIGHTS ARE REGULARLY VIOLATED AT O.S.P.. THEY

SIMPLY LIE ABOUT IT!

AS THE PLAINTIFF WRITES THIS PLEADING, ON 03/28/2021, SUNDAY, HE HAS NOT SHOWERED SINCE LAST THURSDAY BECAUSE SHOWERS SCHEDULED FOR SATURDAY, 03/27/2021 WERE SIMPLY IGNORED BY O.S.P., <u>A REGULAR OCCURENCE</u>.

O.S.P. CANNOT FULFILL THE OBLIGATIONS OF THE IRRATIONAL PROTOCOLS ESTABLISHED BY THE O.D.O.C. WHICH BEGAN EARLY IN 2010, DUE TO DECREASING BUDGETS AS A RESULT OF THE 2008 FINANCIAL CRISIS.

IT IS IN FACT, THAT PARTICULAR ISSUE WHICH IS DETAILED IN Wade Lay V. David Orman, CIV-15-170-FHS-SPS; AND TO THE TENTH CIRCUIT IN Lay V. O.D.O.C., NO. 20-6038; THAT HAS BROUGHT ABOUT THE MOST SEVERE ACTS OF ABUSE BY THE O.D.O.C. TOWARDS WADE LAY.

THE O.D.O.C. HAS LIED TO THE PEOPLE OF THIS STATE FOR (11) ELEVEN YEARS. MILLIONS OF DOLLARS EACH YEAR IS MISDIRECTED TO MORE THAN JUST UNNECESSARY PROTOCOLS, BUT TO LUDICROUS REQUIREMENTS THAT SERVE NO PURPOSE, ALL UNDER PRETENSE OF SECURITY. H-UNIT, THIS BUILDING, AT GREAT EXPENSE IN 1989 WAS SOLD TO THE PUBLIC UNDER THE SUPPOSITION, IT WOULD BE SO COST EFFICIENT TO RUN. THE PLAINTIFF DID RESEARCH FOR A STATE SENATOR AT THE TIME OF PUBLIC DEBATE SURROUNDED THE ISSUE.

THE TRUTH IS, THE O.D.O.C. HAS CREATED, TOTALLY DIS-FUNCTIONAL PROTOCOLS AND MODES OF PROCEEDING, TO REQUIRE EXCESSIVE NUMBERS OF SECURITY OFFICERS TO ACCOMPLISH THOSE UNNECESSARY PROTOCOLS. THIS UNDERLYING CORR-UPTION BREEDS AN UNMEASURABLE LEVEL OF CONTEMPT

PG. 13

FOR HUMANITY, AS IT IS PRISONERS ARE VIEWED AS ANIMALS BEING MOVED TO AND FROM PODS OF INHUMANE ISOLATION.

THIS COURT MUST RECOGNIZE AND ALLOW FOR DISCOVERY, INTO THE VILE CONDITIONS CREATED BY THE O.D.O.C. FOR THE SINGULAR PURPOSE OF ACQUIRING EXCESSIVE AND UNWARRANTED APPROPRIATIONS FROM THE STATE LEGISLATURE. IT IS ALSO CRITICAL TO UNDERSTAND, THAT AFTER (11) ELEVEN YEARS OF THIS CORRUPT STATE, THE ADMINISTRATIVE CORPS OF THE ENTIRE DEPARTMENT (STATE-WIDE) HAS BECOME A DEPRAVED FRATERNITY. SUCH A BODY CANNOT BE ENTRUSTED WITH THE SACRED TASK THAT HAS BEEN DELAYED NOW FOR SEVEN YEARS. THE FACTS WILL SHOW, THAT MR. SCOTT CROW IS AN OLD-SCHOOL GRADUATE OF THAT

PG. 14

WAY OF THINKING.

THE PLAINTIFF UNDERSTANDS THAT EXECUTION PROTOCOLS IS THE PRIMARY ISSUE OF THIS CASE; BUT THIS COURT MUST COMPREHEND, RULES OR CODES OF ETHICS DO NOT ALTER THE BEHAVIOUR OF THOSE INDIVIDUALS (ESPECIALLY WITHIN GOVERNMENT BUREAUCRATIC CIRCLES) WHOM PRACTICE LAWLESSNESS THROUGH MEANS OF DECEIT. THE UNRULY BEHAVIOUR OF O.S.P. IS A DISPOSITION PERPETUATED BY DESIGN, THE DISOBEDIENT NATURE OF PRISON OFFICIALS SUCH AS: KIETH SHERWOOD; JERRY PERRY; AND PATILLE COOPER, REMAINS WITHIN THE CHARACTERS: MR. FARRIS (WARDEN AT O.S.P. PRESENTLY); MARGARET GREEN (DEPUTY WARDEN AT O.S.P. PRESENTLY); AND MR. KIRBY (H-UNIT MGR. AT O.S.P. PRESENTLY).

IT IS ESSENTIAL TO PLAINTIFF LWADE LAY'S ABILITY TO

ENJOY THE PROTECTION OF THE EIGHTH AMENDMENT, THAT THIS INFORMATION BE MADE AVAILABLE FOR TRIAL, AND THEREFORE, ABLE TO SEND TO THE OTHER PARTIES. PLEASE RESPOND QUICKLY!

[Notary seal: SHERRY DAY, NOTARY #18002542, EXP. 03/12/22, PUBLIC, STATE OF OKLAHOMA]

3-30-21

RESPECTFULLY SUBMITTED
WADE LAY, AT O.S.P.

03/30/2021

P.O. BOX 97
MCALESTER, OKLA. 74502