IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**
AUG 09 2021
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

Richard Glossip, et al.,
  PLAINTIFFS,

vs.                                CASE NO. CIV-14-665-F

Randy Chandler, et al.,
  DEFENDANTS.

                                   (SEE EXHIBIT-A PG. 13) ATTACHMENT NO. 1
WADE LAY, PLAINTIFF AS MOVANT      CAPITAL CASE

_____

PLAINTIFFS RESPONSE TO DOCUMENT 444 WITH ITS
EXHIBIT A - (TO INCLUDE RELEVENT MOTIONS)

COME NOW PLAINTIFF WADE LAY WITH THIS RESPONSE TO

THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF

OKLAHOMA (U.S.D.C. W.D./OK.) ORDER IN DOC. NO. 444 WITH ITS

                           WADE GREELY LAY #516263
                           OKLAHOMA STATE PENITENTIARY
                           [signature]
DATE: 08/02/2021           P.O. BOX 97
pro-se                     MCALESTER, OKLAHOMA 74502

EXHIBIT A STATING:

"THE OPERATIVE STATEMENT OF THE CLAIM OF WADE LAY IN THIS ACTION IS THE THIRD AMENDED COMPLAINT, DOC. NO. 325, FILED JULY 7, 2020 WHICH EXPRESSLY INCLUDES MR. LAY AS A PLAINTIFF."

IN DOC. NO. 357 THE COURT ON 10/01/2020 STATES: "WADE LAY REMAINS A PRO-SE PLAINTIFF IN THIS ACTION." ADDITIONALLY DOC. NO. 325 — THE THIRD AMENDED COMPLAINT FILED BY MICHAEL LIEBERMAN (COUNSEL FOR ALL OTHER PLAINTIFFS EXCLUDES WADE LAY). THIS CLARITY IS EXHIBITED IN MULTIPLE PLEADINGS SUCH AS: DOC. NO. 373, FILED BY MICHAEL LIEBERMAN ON 11/27/2020 SIGNIFYING THAT, "ALL PLAINTIFFS" LEGALLY INCLUDES THE INDIVIDUAL PRISONERS NAMED BY COUNSEL, TO INCLUDE THE THIRTY SIX (36) NAMED PRISONERS IN THE PLAINTIFF'S "MOTION TO COMPEL Production of Documents and Brief in Support FILED BY..." , BUT DOES NOT, AND

FN *
1.) THIS EXCLUDES THOSE INDIVIDUAL PRISONERS REMOVED FOR VARIOUS REASONS, SUCH AS DEATH, OR THE McGirt V. Oklahoma   S.Ct.   (2020) RULING. 591 U.S.   (2020)

CANNOT FOR THE PURPOSE OF THE COURT'S ORDER (DOC. NO. 444)

INCLUDE THE pro-se PLAINTIFF WADE LAY.

THIS DISTINCTION IS MADE BY WADE LAY IN HIS AMENDED COMPLAINT,

(SEE DOC. NO. 326), AND BY MR. LIEBERMAN, (SEE DOC. NO. 327) THAT

WADE LAY IS NOT REPRESENTED BY Crowell Moring, OR MICHAEL LIEBERMAN.

ADDITIONALLY, WADE LAY IN HIS AMENDED COMPLAINT EMPHATICALLY

DECLARES:

" THE SOVEREIGN RIGHT OF A STATE TO TAKE A MAN'S LIFE FOR A CA-
PITAL OFFENSE IS BY NO PROVISIONAL MEANS EXCEPTIONALIZED IN
THE UNITED STATES CONSTITUTION; MOREOVER, THIS ATTEMPT BY
Crowell Moring AND THE PLAINTIFFS' IN Richard Glossip V. Ke-
vin J Gross, (CIV-14-665-F), IS A DISTORTION, A COUNTERFIT CLAIM,
SUPPLANTING THE PROPER APPLICATION. ...

" A DISTINCTION SHOULD BE RECOGNIZED, BETWEEN COLD BLOODED
MURDER, AND VILLIANESS ACTS OF UNSPEAKABLE PERVERSIONS
AND INHUMANE BRUTALITY FOR SELF-SERVING PURPOSES BEY-
OND RATIONAL COMPREHENSION; AND THAT OF RESISTANCE TO OP-
PRESSION !" (SEE DOC. NO. 326 AT 16 & 17). MOREOVER, ON PAGE 2

OF WADE LAY'S AMENDED COMPLAINT IT READS:

4

"IT IS IMPORTANT TO NOTE: WADE LAY SIGNED AN AGREEMENT WITH Crowell-Moring FOR REPRESENTATION; Crowell-Moring DID NOT KEEP THEIR DOCUMENTED PROMISES TO LAY, Crowell-Moring HAS BEEN TERMINATED BY LETTER."

THEREFORE, PURSUANT TO FED. R. CIV. P. 11, THE THIRD AMENDED COMPLAINT, DOC. NO. 325, FILED ON JULY 7, 2020 CANNOT BE AN "OPERATIVE STATEMENT OF THE CLAIM OF WADE LAY IN THIS ACTION".

FOR THAT REASON, IT IS PROPER TO EXAMINE IN A CONSTITUTIONAL LIGHT, THIS COURT'S USAGE AND APPLICATION OF Bucklew V. Precythe 139 S. CT. 1112, (2019), AS PROFFERED BY ALL OTHER PLAINTIFF'S COUNSEL IN THE THIRD AMENDED COMPLAINT, (DOC. NO. 325).

JUSTICE GORSUCH DELIVERING THE OPINION FOR THE COURT WRITES CONCERNING BUCKLEW'S "SUGGESTION THAT THE TEST FOR LETHAL INJECTION PROTOCOL CHALLENGES" ANNOUNCED IN THIS CASE Glossip V. Gross, 135 S. CT. 2726 (2015), THAT:

"IN EVALUATING THIS ARGUMENT, WE FIRST EXAMINE THE ORIGINAL

and historical understanding of the Eighth Amendment and our precedent in *Baze* and *Glossip*. We then address whether in light of those authorities, it would be appropriate to adopt a different constitutional test for as-applied claims."

--What the Supreme Court of the U.S. is doing, there, is best expressed with a "relative analysis, i.e., a biblical term[2] as used by Thomas Jefferson concerning this same topic. He said: "Line upon line", the Court is placing doctrine upon doctrine, attaching their progressions to the Constitution; and with impudence, invoking the character of those Founding Fathers to promote a position that is sanctioned by a jurisdictional authority they so honorably fought and bled to overcome and do away with, through means of revolution.

Justice Gorsuch so boldly claims, that "the Constitution allows capital punishment." He immediately cites *Glossip v. Gross*, 135 S. Ct.

---

F.N.
2) Jefferson reference is to the Judges within the House of Lords, he is using a biblical reference to the manipulation of the Law of Moses by the Pharisees.

at 2731-2733. The Supreme Court so deceitfully blends "original and historical" with modern day doctrines formed through judicial construction, the final analysis is fiction at best, bordering on fraud!

It is delusive for J. Gorsuch to attach his reasoning to the acts of the First Congress, or to such a man as Patrick Henry, as he does in *Bucklew*, leaning upon *Glossip*, and then the so-called authority applied in Doc. No. 444 of the above titled case, imposed upon a pro-se prisoner illicitly prohibited from responding to the defendants' motion for summary judgment. What a distortion from the historical fact, to a modern day manifestation of the adverse conditions contained within the historical caveat provided by those men whose declamations are misrepresented.

IT IS EASY TO ASCERTAIN, FROM THE VERY SOURCE GORSUCH

UTILIZES, THAT PATRICK HENRY VOICED CONCERNS THAT THOSE

REVOLUTIONARIES SHARED, WITH REGARD TO A "JUDICIARY OPPR-

ESSIVELY CONSTRUCTED"[3]. HISTORY ALSO TEACHES US THAT HENRY

SUPPORTED TO OPPOSITION OF THE *Pennsylvania Minority*, IN THEIR

CONCERNS ABOUT A JUDICIAL RE-EXAMINATION OF THE FACTS, THAT:

"THE CAUSE IS MANY TIMES ANOTHER THING BEFORE THE
COURT OF APPEALS, THAN WHAT IT WAS AT THE TIME OF THE
FIRST SENTENCE."[4] THAT THROUGH MEANS OF THE COMMON

LAW A JUDICIAL BODY SO CONSTRUCTED AS THE U.S. SUPREME COURT

COULD "NEW-MODEL THE WHOLE POLITICAL FABRIC OF THE

COUNTRY." (SEE MADISON'S REPORT ON THE ALIEN AND SEDITION ACTS).

THIS IS THE PRIMARY PURPOSE FOR THE STRUCTURAL APPARATUS

OF THE STATE'S RESERVED POWER OF AN AUTONOMOUS CRIMINAL

F.N.*
3) SEE PATRICK HENRY'S SPEECH JUNE 7, 1788 BEFORE THE VIRGINIA RATI-
FYING CONVENTION. 4) ANTIFEDERALIST PAPERS BY RALPH KETCHAM, RECITING
THE REASONS OF DISSENT OF THE PENNSYLVANIA MINORITY DEC. 18, 1787.

JURISDICTION, ACTING IN TANDEM WITH THE PROHIBITIVE CLAUSES IN THE U.S. CONSTITUTION, SUCH AS ART. 1, SECT. 3, CLAUSE 7, LIMITING THE CENTRAL AUTHORITY TO REMOVAL OF OFFICE ONLY IN MATTERS OF IMPEACHMENT. THOMAS JEFFERSON POINTS THIS OUT IN HIS DRAFT OF THE KENTUCKY RESOLUTIONS OF 1798, HE WRITES:

"2. *Resolved*, THAT THE CONSTITUTION OF THE UNITED STATES, HAVING DELEGATED TO CONGRESS A POWER TO PUNISH TREASON, COUNTERFEITING THE SECURITIES AND CURRENT COIN OF THE UNITED STATES, PIRACIES, AND FELONIES COMMITTED ON THE HIGH SEAS, AND OFFENSES AGAINST THE LAW OF NATIONS, AND NO OTHER CRIMES WHATSOEVER; AND IT BEING TRUE AS A GENERAL PRINCIPLE, AND ONE OF THE AMENDMENTS TO THE CONSTITUTION HAVING ALSO DECLARED, THAT 'THE POWERS NOT DELEGATED TO THE UNITED STATES BY THE CONSTITUTION, NOR PROHIBITED BY IT TO THE STATES, ARE RESERVED TO THE STATES RESPECTIVELY, OR TO THE PEOPLE". (EMPHASIS ADDED).

IN PROMOTING THIS RESTRICTION TO AN ENLARGED CRIMINAL CODE, BEING WITHHELD FROM THE CENTRAL AUTHORITY, IT IS CLEAR, THAT THOSE POWERS

THAT *ipso-facto* REQUIRE AN INDEPENDENT JURISDICTION, IS

DICTATED BY THE TENTH ARTICLE OF AMENDMENT. MAYBEE

JUSTICE GORSUCH CAN BE ENLIGHTENED THROUGH THIS

CASE ON APPEAL, TO THE PROPER FUNCTION OF THE EIGHTH

AMENDMENT AS UNDERSTOOD BY THE 1ST CONGRESS. [SEE

DOC. NO. 326, AT PG.'S 58-60, PARAGRAPHS 137-142].

JAMES MADISON MAKES IT CLEAR JUDGE FRIOT, THAT THE

BILL OF RIGHTS, TO INCLUDE THE CONCEPT OF "CRUEL AND

UNUSUAL PUNISHMENTS" BEING PROHIBITED, APPLY'S TO THE

CENTRAL AUTHORITY FOR THE EXPRESS PURPOSE TO EMPOWER

SUCH A MAN AS GOVERNOR KEVIN STITT; AND THE JUDGES OF

THIS STATE THROUGH ARTICLE VI, CLAUSE 2. THE FACTS ARE

THIS COURT, AND THE U.S. SUPREME COURT ARE OUTSIDE OF THEIR

CONSTITUTIONAL LIMITATIONS, HAVING NO AUTHORITY TO DICTATE

*) Wade Lay's AMENDED COMPLAINT.

TO THE STATES ANY SUCH PERMISSION OR DENIAL OF THEIR POWERS WITH REGARD TO CRIMINAL PROCESS. JUSTICE GORSUCH IS OUT OF LINE WHEN HE SAYS: "THE JUDICIARY BEARS... LICENSE TO END A DEBATE" ABOUT CAPITAL PUNISHMENT WITHIN THE REALM OF STATE AUTHORITY. JUST AS HE IS WRONG TO SURRENDER THE STATE'S CRIMINAL JURISDICTION TO A FOREIGN GOVERNMENT.[5]

THE BURDEN NOW FALLS UPON THE STATES OF THIS UNION TO JOIN FORCES IN THE SAME MANNER AS THEY DID IN 1798, LED BY THOMAS JEFFERSON AND JAMES MADISON.

WADE LAY EMPHATICALLY REJECTS THE COURT'S PROPOSITION THAT IS PUT FORTH IN DOC. NO. 444, EXHIBIT A, AS BEING OPPRESSIVE AND IRRATIONAL. FOR THAT REASON, SUPPORTED BY THE ARGUMENTS OF HIS AMENDED COMPLAINT (DOC. NO. 326) WADE LAY RESPECT-

F.O.#
5) SEE McGirt V. Oklahoma, 590 U.S. ___ (2020).

FULLY DECLINES TO IDENTIFY ANY NOTION OF AN ALTERNATIVE

EXECUTION METHOD. FOR ANY PRISONER TO COOPERATE WITH

SUCH USURPATION FROM THE CENTRAL GOVERNMENT, TO SUGGEST

OR PROVIDE ANY MEANS WHATSOEVER TO BE AN ACCEPTABLE

METHOD FOR HOW THE STATE COULD CARRY OUT SUCH EXECUTION,

NOT ONLY MAKES THE PLAINTIFF COMPLICIT IN A PROCESS HE

BELIEVES IS UNJUST, BUT IS AKIN TO SUICIDE, OR ASSISTED

SUICIDE. IT IS IMMORAL, UNETHICAL, AND COMING FROM AN

IMPULSE BY THE U.S. SUPREME COURT UPON STATE LEADERS

AND A CITIZEN OF THAT STATE THOSE STATE LEADERS ARE DUTY

BOUND TO PROTECT FROM SUCH OPPRESSION, ACTUALLY VIOLATES

THE EIGHTH AMENDMENT.

   WADE LAY MOTIONS THIS COURT TO SUSPEND THE PROCEEDINGS.

TO ORDER AN EVIDENTIARY HEARING PRECEDED BY DISCOVERY,

TO ASCERTAIN THE TRUE FACTS SURROUNDING WADE LAY'S CIRCUMSTANCES, AND HOW THE CONSTITUTION OF THE UNITED STATES, WITH RESPECT TO THE RESERVED POWERS ACT OF OKLAHOMA (74 O.S. SUPP. 2020, SECTION 10D) PROTECTS HIS PECULIAR INTEREST SEPERATE FROM THE OTHER PLAINTIFFS, AS REPRESENTED BY HIS OWN AMENDED COMPLAINT (DOC. NO. 326).

NOTARY HERE

SHERRY DAY
NOTARY
# 18002542
EXP. 03/12/22
PUBLIC
STATE OF OKLAHOMA

8/2/21

RESPECTFULLY SUBMITTED
BY WADE LAY #OSP

P.O. BOX 97
08/02/2021    MCALESTER, OKLA. 74502