IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, et al., )
        Plaintiffs, )
-vs- ) Case No. CIV-14-0665-F
RANDY CHANDLER, et al., )
        Defendants. )

## **ORDER**

Now that this case has moved past the summary judgment stage, it is necessary to do some scheduling. This case is set for a scheduling conference on August 31, 2021, at 10:00 a.m. Out of state counsel may attend by telephone, provided that appropriate arrangements are made with the Courtroom Deputy not later than August 26, 2021. As indicated below, the scheduling conference will, in some respects, serve as a Rule 16 pretrial conference.

<u>Trial setting</u>. The court intends, at the scheduling conference, to set a firm trial date. Counsel should, accordingly, consult with all the necessary participants in preparation for discussion (and setting) of a firm trial date. Likely candidates for a trial setting include the weeks beginning January 24, 2022 and February 28, 2022.

<u>Live testimony strongly preferred</u>. In a case like this one, the question of live vs. deposition testimony naturally arises, especially as to expert witnesses. The court's work at the summary judgment stage has made it clear that resolution of numerous substantial conflicts in expert testimony will figure prominently in the court's final determinations in this case. Determinations as to the persuasive value of expert testimony will likely have much to do with the outcome of this case. For that reason, absent leave of court (preferably without objection from the opposing party), the court does not intend to permit presentation of trial testimony by deposition other than as permitted by Rule 32. Even as to witnesses whose testimony by deposition may be

permissible under Rule 32, the court strongly encourages presentation of testimony from live witnesses,[1] rather than by deposition (regardless of whether the deposition testimony would be presented via video or from the transcript). If counsel foresee the possibility that they will desire to present some live testimony by videoteleconference (VTC), they should be prepared to discuss that at the scheduling conference. (From the standpoint of persuasion of the finder of fact, receiving testimony via VTC is, ordinarily, not nearly as problematic as receiving deposition testimony. But close coordination with court staff is essential with respect to arrangements for presentation of testimony via VTC.)

Trial counsel to be physically present at trial. The court does not intend to permit the appearance of trial counsel by videoteleconference.

Length of trial. The court intends to set aside one week for the trial of this case. Counsel can plan on long trial days, with few interruptions. Length of trial will be discussed at the scheduling conference.

Other scheduling matters. Other scheduling dates will be discussed at the scheduling conference, including:[2]

1. Due date for trial briefs.
2. Due date for proposed findings of fact and conclusions of law (probably post-trial).

IT IS SO ORDERED this 11th day of August, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p116.docx

---

[1] Among other reasons for this, there is more than a passing chance that the court will have questions for some of the experts, as permitted by Rule 614, on matters the court considers to be significant.

[2] Deadlines for final witness and exhibit lists have passed. As indicated in the order on summary judgment, filed this date, it is possible that, by the time the trial date arrives, Oklahoma will have had experience with one or more executions under Chart D. In that event, the court will entertain motions to amend the final witness and exhibit lists.