1-2880-1243

PC 1 of 22

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

Richard Glossip, et. al.,

   PLAINTIFFS

---- AUG 1 9 2021

**CARMELITA REEDER SHINN, CLERK**
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____DEPUTY

VS.

CASE NO. CIV-14-665-F

Randy chandler, et. al.,
   DEFENDANTS/APPELLEES.

WADE LAY, PRO-SE PLAINTIFF/APPELLANT

---

PLAINTIFF WADE LAY ACTING PRO-SE NOTICE OF APPEAL
WITH MOTION TO VACATE JUDGMENT TOWARDS
WADE LAY (DOC. NO. 4   ) (WITH BRIEF IN SUPPORT)

COME NOW WADE LAY pro-se WITH THIS NOTICE OF

APPEAL AND MOTION TO VACATE JUDGMENT (DOC. NO. 4   ) AGAINST

WADE LAY. LAY ACTS INDEPENDENT OF ALL OTHER PLAINTIFFS.

WADE GERALD LAY # 516263
OKLAHOMA STATE PENITENTIARY

DATE: 08/16/2021
pro-se

P.O. BOX 97
MCALESTER, OKLA. 74502

PG, 2 OF 22

SEEING CLEARLY IN DOC. NO. 444 AT PG. 1 OF THE

COURT'S ORDER, IT STATES IN THE FIRST SENTENCE OF

PARAGRAPH NO. 1, THE FOLLOWING:

" THE OPERATIVE STATEMENT OF THE CLAIM OF
WADE LAY IN THIS ACTION IS THE THIRD AMEND-
ED COMPLAINT, DOC. NO. 325, FILED ON JULY 7, 2-
020, WHICH EXPRESSLY INCLUDES MR. LAY AS A PL-
AINTIFF. IN PARAGRAPH 114 OF THE THIRD AMEND-
ED COMPLAINT, MR. LAY (ALONG WITH ALL OF
THE OTHER PLAINTIFFS) PLEADS... " .

THE COURT GOES ON TO SUGGEST THAT THE CLAIMS MADE

BY THE OTHER 31 ACTIVE PLAINTIFFS REPRESENTED BY

CROWELL MORING AND THE FEDERAL PUBLIC DEFENDER

IN OKC, ARE UNDER SOME SORT OF JOINDER OF PARTIES AND

OR CLAIMS THAT ARE CONTINGENT ON THE DISPOSITION OF

THE OTHER. WADE LAY MAKES IT VERY CLEAR THAT THIS

COURT OF THE UNITED STATES IS VIOLATING STATE LAW-

F.N. #
1) WADE LAY ALSO SUBMITS AN AMENDMENT TO DOC. NO. 448,
FILED AUG. 09, 2021, PLEASE ACCEPT THE AMENDMENT, OR THIS NOTICE.

PR. 3 of 22

THE RESERVED POWERS ACT OF OKLAHOMA 74 O.S 3011,

SECTION 18D, AS LAST AMENDED BY SECTION 1, CHAPTER

444, O.S.L. 2019 (74 O.S. SUPP. 2020, SECTION 18D), WHICH

RENDERS THE DISTRICT COURT OF SUBJECT MATTER JURISDIC-

TION.

THIS IS A RECURRING PROBLEM WITH THE UNITED STATES

DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

(U.S.D.C. W.D./OK), WITH ITS TENDACY TO MANIPULATE THE RULES

AND LAWS AND PRECEDENT TO EFFECT NON JUDICIOUSLY

A PARTIES RIGHTS UNDER LAW. (SEE FOR EXAMPLE Wade Lay

V. Susan Otto, et. al., CIV-12-808-D). THAT CASE Lay V. Otto

WAS APPEALED TO THE TENTH CIRCUIT AND REMANDED. THIS

ORDER AND JUDGMENT BEARS A SIMILAR INTRINSIC FRAUD.

NOT ONLY HAS THIS COURT ALLOWED OKLAHOMA STATE PENIT-

RUTIARY (O.S.P.) TO DEPRIVE WADE LAY OF EVERY RIGHT

NECESSARY TO LITIGATE THIS CASE, THE WARDEN AT O.S.P.

ILLICITLY DEPRIVES THE PLAINTIFF LAY OF PERTINENT DOCU-

MENTS ESSENTIAL TO THE SUBJECT MATTER CONTAINED IN

DOC. NO. 444 WITH ITS EXHIBIT A. (SEE DOC. NOS. 371 AND

374). O.S.P. WARDEN MR. FARRIS DELIBERATELY DEPRIVES

WADE LAY OF SELECTIVE PLEADINGS FILED BY THE OTHER

PLAINTIFF'S COUNSEL, AND THE ATTORNEY GENERAL. WADE LAY

DID NOT EVEN HAVE A COPY OF THE OTHER 31 PLAINTIFF'S 3RD

AMENDED COMPLAINT, LET ALONE UNDERSTAND ITS CONTENT.

THIS ACTION BY THE COURT IS EQUIVALENT TO DISPOSING OF

THE ACTION IN THE PLAINTIFF WADE LAY'S ABSENCE.

IT IS NON JUDICIOUS TO SET A STANDARD WITHIN THE ORDER

(DOC. NO. 444) SUCH AS:

" IN PARAGRAPH 114 OF THE THIRD AMENDED COMPLAINT, MR.
LAY (ALONG WITH ALL THE OTHER PLAINTIFFS) PLEADS THE
EXISTENCE OF METHODS OF EXECUTION, AS ALTERNATIVES
TO EXECUTION PER CHART D OF THE FEBRUARY, 2020 EX-
ECUTION PROTOCOL (500 MILLIGRAMS OF MIDAZOLAM, FOLL-
OWED BY 100 MILLIGRAMS OF VECURONIUM BROMIDE, FOLL-
OWED BY 240 MILLIEQUIVALENTS OF POTASSIUM CHLORIDE),
AS FOLLOWS :

" 114. SUBJECT TO THE FOREGOING, SOLELY FOR PURPOSES
OF THIS PLEADING, [ A PLEADING WADE LAY DID NOT
POSSESS,] BASED ON STATUTORY AUTHORITY AND CUR-
RENT AND HISTORICAL PRACTICES, AND UPON INFOR-
MATION AND BELIEF, COUNSEL ALLEGES ON BEHALF OF
PLAINTIFFS (EACH OF WHOM RESERVE THE RIGHT FOL-
LOWING CONSULTATION WITH COUNSEL TO OBJECT TO
ANY PROFFERED ALTERNATIVE), THE FOLLOWING ALTE-
RNATIVE METHODS OF EXECUTION ARE FEASABLE, AV-
AILABLE, READILY IMPLEMENTED AND WOULD SIGNIF-
ICANTLY REDUCE A SUBSTANTIAL RISK OF SEVERE PA-
IN. "

IT IS WITHOUT ARGUMENT OR REFUTATION THAT WADE LAY HAD

NO PART, KNOWLEDGE, OR UNDERSTANDING OF THIS ASSERTION

IN ITS LEGAL CONCEPTION OR ABSTRACT QUALITY AS PERTAINING

TO MORAL OR RELIGIOUS CONVICTION, THE PLAINTIFF

WADE LAY ACTING pro-se IS COMPLETELY VOID OF ANY

INVOLVEMENT IN THIS CLAIM, YET THIS U.S. DIST. COURT

HOLDS WADE LAY, FRAUDULENTLY, TO ITS RAMIFICATIONS

AS IF IT IS A QUESTION OF LAW OR FACT COMMON TO

HIS CLAIMS THAT ARE BY EXPRESS DECLARATION TOTALLY

SEPERATE FROM THE OTHER PLAINTIFFS. (SEE DOC. NO.

448, 12 PAGE pro-se PLEADING FILED AUGUST 9, 2021), ADDIT-

IONALLY IT IS CRITICAL TO NOTE: TO WHOM OR WHAT COUNSEL

DOES WADE LAY, ACTING pro-se HAVE TO CONSULT WITH, AND

SEEING THAT LAY WAS WITHOUT THE DOCUMENT NO. 325,

THE PLAINTIFF WADE LAY HAS BEEN PLACED IN A POSITION

OF AN INTERPLEADER, WHERE THE CLAIMS OF THE OTHER

PLAINTIFFS HAVE BEEN UTILIZED TO HAVE AN ADVERSE

12 BEEX243

PG. 7 OF 22

EFFECT ON WADE LAY.

IN FACT, THE DISTRICT COURT HAS EVEN APPLIED

THESE CLAIMS TO WADE LAY IN DIRECT CONTRADICTION

TO ITS OWN RECITATIONS, ie, Bucklew V. Precythe, 139

S.CT. 1112 (209). THE W.D. COURT U.S. DIST. JUDGE

FRIOT COMPLETELY REST HIS JUDGMENT UPON RULE

54(b) CERTIFICATION AS TO SIX PLAINTIFFS, (WADE LAY

BEING ERRONEOUSLY INCLUDED AS ONE OF THE SIX (6)).

THE COURT STATES:

" HAVING MADE THE NECESSARY DETERMINATIONS, THE
COURT CONCLUDES AND CERTIFIES THAT FINAL JUDGM-
ENT SHOULD BE ENTERED UNDER RULE 54(b) AGAINST
THE SIX PLAINTIFFS WHO HAVE NOT PROFFERED AN AL-
TERNATIVE METHOD FOR CARRYING OUT THEIR SEN-
TENCE OF DEATH. THESE SIX PLAINTIFFS ARE CODDIN-
GTON, D. GRANT, J. GRANT, JONES, LAY AND POSTELLE. "

THE FACT OF THE MATTER IS, THIS COURT'S PROPOSED

12BBB1243

Pg. 8 of 22

DETERMINATIONS, AS A MATTER OF LAW, DOES NOT APPLY

TO WADE LAY, IT IS A MISTAKE, AN OVERSIGHT,

AN EXCUSABLE NEGLECT, OR INADVERTANCE, AS STATED

IN FED. R. CIV. P. 60(b)(1). IN FACT, WADE LAY PRESENTS

ARGUMENTS THE SUPREME COURT OF THE UNITED

STATES CONFIRMS. THE COURT IN *Bucklew* DECLARES:

" STILL, ACCEPTING THE POSSIBILITY THAT A STATE MIGHT TRY
TO CARRY OUT AN EXECUTION IN AN IMPERMISSIBLY CR-
UEL AND UNUSUAL MANNER, HOW CAN A COURT DETERMI-
NE WHEN A STATE HAS CROSSED THE LINE? THE CHIEF
JUSTICE'S OPINION IN *Baze*, WHICH A MAJORITY OF THE COURT
HELD TO BE CONTROLLING IN *Glossip*, SUPPLIES CRITICAL GUID-
ANCE. IT TEACHES THAT WHERE (AS HERE) THE QUESTION IN D-
ISPUTE IS WHETHER THE STATE'S CHOSEN METHOD OF EXECUTION
CRUELLY SUPERADDS PAIN TO THE DEATH SENTENCE, A PRIS-
ONER MUST SHOW A FEASIBLE AND READILY IMPLEMENTED
ALTERNATIVE METHOD OF EXECUTION THAT WOULD SIGNIFI-
CANTLY REDUCE A SUBSTANTIAL RISK OF PAIN AND THAT THE
STATE HAS REFUSED TO ADOPT WITHOUT A LEGITIMATE PEN-
OLOGICAL REASON. See *Glossip*, 576 U.S. AT ——, 1965. CT., 2732-
2738, *Baze*, 553 U.S. AT 52, 128 S.CT. 1520. *Glossip* LEFT NO DO-
UBT THAT THIS STANDARD GOVERNS ' ALL EIGHTH AMENDMENT

" METHOD OF EXECUTION CLAIMS " 576 U.S. AT ——, 135 S.CT. 2731. "

ONE SIGNIFICANT POINT, AS A MATTER OF LAW, GLARINGLY STICKS OUT TO ANY RATIONAL OBSERVER. TO WHOM OR WHAT ENTITY IS THE SUP. CT. REFERRING TO WHEN IT STATES:

" A PRISONER MUST SHOW A FEASIBLE AND READILY IMPLEMENTED ALTERNATIVE METHOD OF EXECUTION ", IF IT IS NOT THE FEDERAL COURTS, OR IN THIS CASE THE U.S.D.C. W.D./OK., THEREFORE, CONTAINED WITHIN EVERY SINGLE PLEADING, MOTION, AMENDED COMPLAINT, TO INCLUDE THE PLAINTIFF WADE LAY'S RESPONSE (DOC. NO. 448) TO THIS COURT'S MISAPPLIED CONJUNCTION OR JOINDER OF CLAIMS IN DOC. NO. 444, WITH ITS EXHIBIT-A, THE COURT MUST RECOGNIZE ITS OVERSIGHTS AND OMISSIONS.

IT IS PLAINLY STATED BY LAY IN EVERY PLEADING PRES-

R. 10 0F 22

ENTERED IN THIS CASE, TO INCLUDE DOC. NO. 448, THAT, THIS

W.D. COURT, AND THE COURTS OF THE UNITED STATES,

LED BY THE SUPREME COURT, IS OUTSIDE OF ITS CONST-

ITUTIONAL BOUNDARIES, USURPING THEIR POWERS BEYOND

THE LIMITS OF ITS ARTICLE III JURISDICTION. FOR THAT

REASON, IT IS IMPOSSIBLE FOR LAY TO BE CONSIDERED

AS ONE OF THE FIVE (5), OR, TWENTY SIX (26) PLAINTIFFS

WHOM WERE REPRESENTED BY COUNSEL AND "PLEADS THE

EXISTENCE OF METHODS OF EXECUTION AS ALTERNATIVES".

RATHER, THE POINT THAT IS MADE BY THE SUPREME COURT,

EVEN WITHIN ITS USURPED DISPOSITION, LIES WITHIN THE EXCEPTION

IS CONTROLLING HERE,

RECOGNIZED BY THE COURT "GLOSSIP", THE SUP. CT. STATES:

  "THE EIGHTH AMENDMENT DOES NOT COME INTO PLAY UNLESS
  THE RISK OF PAIN ASSOCIATED WITH THE STATE'S METHOD
  IS 'SUBSTANTIAL WHEN COMPARED TO A KNOWN AND AVA-
  ILABLE ALTERNATIVE.' GLOSSIP,.... 135 S. CT. 2738".

SO IT IS OBVIOUS THAT THE PRISONER PROVIDING AN ALTERNA-

TIVE, MUST HAVE A COGNITIVE AWARENESS OF THE FEASIBILITY,

AND THE AVAILABILITY AS IT PERTAINS TO THE STATE. ADDITION-

ALLY, HE MUST HAVE AN UNDERSTANDING OF THE MITIGATING

QUALITIES THAT THE ALTERNATE METHOD OF EXECUTION CONTAINS.

THEREFORE, THE SUBTERFUGE INVOLVED IN THIS INSTANT CASE, IS,

SURROUNDING THE SCHEME WHICH HAS BEEN DEVISED TO ENTRAP

WADE LAY AT THIS LATE HOUR WITH DOC. NO. 444, WITH THE

ASSISTANCE OF SARAH JERNIGAN, DOES NOT FIT THE CRIT-

ERION SET BY THE SUPREME COURT OF THE UNITED STATES IN

Bucklew V. Precythe.

ON PAGES 5-8 OF DOCUMENT NO. 449, THE W.D. COURT'S

ORDER AND JUDGMENT, i.e., THE RELEVANCE AND RAMIFI-

CATIONS OF THE "TWO-PRONG TEST", WADE LAY'S ABILITY

TO GRASP THE ESSENCE OF THE MATTER IS SKEWED BY

A DELIBERATE NEGLECT OF THE DISTRICT COURT, AND

A DELIBERATE AND DECEITFUL ACT EXERCISED BY SARAH

JERNIGAN (FEDERAL PUBLIC DEFENDER, OKC, (SUSAN OTTO,

DIRECTOR)).

FIRST, WADE LAY HAS BEEN DEPRIVED OF THE NECESSARY

DOCUMENTS THAT CONSTITUTE A REASONABLE STATE OF

COGNITION, OR THE ABILITY TO FULFILL THE OBLIGATION

WHICH ESTABLISHES A NECESSARY COMPETENCE OF THE

DISTRICT COURT'S DEMANDS IN DOC. NO. 444, WITH ITS

EXHIBIT-A. [2]

SECOND, THE W.D. COURT EMPLOYS ONE OF ITS LOYAL

OFFICERS - MISS SARAH JERNIGAN TO MISGUIDE WADE LAY

F.N.2

2) IT IS CLEAR, A FACT THAT IS PART OF THE RECORD, THAT IN DEC.
OF 2020 THE NEW WARDEN (FARRIS) TOLD LEGAL MAIL NOT TO PROVIDE
LEGAL DOCUMENTS TO LAY IN THIS CASE. (SEE DOC. NO. 374). THE
FACTS ARE ON JULY 28, 2020 THE W.D. COURT ORDERED ALL DOCUMENTS

PG. 13 OF 22

INTO A FATAL DECISION THAT IS PREDICATED ON ERRONEOUS

INFORMATION DESIGNED TO ACCOMMODATE THE COURT'S

ENTRAPMENT.

IN MAY, ON OR ABOUT THE 3RD OR 4TH OF MAY 2021, THE ATTOR-

NEYS FOR THE OTHER THIRTY ONE (31) PLAINTIFFS, CAME TO

O.S.P. TO MEET WITH THE OTHER PLAINTIFFS. (AS IT IS RECORDED

SO MANY TIMES IN MULTIPLE DOCUMENTS "OTHER THAN WADE

LAY", (SEE EG., DKT. NOS. 392 AND 425) WADE LAY WAS NOT PRIVY

TO THIS MEETING WHERE ALL THE OTHER PLAINTIFFS WERE

ALERTED TO THE ACTUAL RAMIFICATIONS OF THE CIRCUMSTANCES

AND CONSEQUENCES OF THE W.D. COURT'S ORDER AND COMPULSION

OF EXHIBIT "A, ATTACHED TO DOC. NO. 444).

F.N.#2 TO BE PROVIDED TO WADE LAY. HOWEVER, THE ORDER (DOC. NO. 374)
IN RESPONSE TO THE WARDEN'S DEPRIVATION IS WEAK. THE COURT SIMPLY
SENDS THREE (3) COPIES OF THE ORDER (DOC. NO. 374) TO WADE LAY; "TO
SHOW TO INSTITUTIONAL AUTHORITIES, SHOULD THE NEED ARISE." THE COURT
GIVES NO DIRECT ORDER TO THE PRISON. O.S.P. HAS WITHHELD THE SIGNIFIC-
ANT AND CRUCIAL DOCUMENTS, SUCH AS THE 3RD AMENDED COMPLAINT, AND 425.

IT IS DISPLAYED IN DOC. NO. 444 AT PG. 1, PAR. 2, INSERTED

BY U.S. DIST. JUDGE FRIOT THE PLAINTIFFS "RESERVE THE

RIGHT FOLLOWING CONSULTATION WITH COUNSEL TO OBJECT

TO ANY PROFFERED ALTERNATIVE". YET, JUDGE FRIOT

KNEW QUITE WELL, THAT WADE LAY IS NOT REPRESENTED

BY COUNSEL IN THIS CASE. HE ALSO KNEW THAT WADE

LAY ON MAY 08, 2021, LITERALLY THE SAME WEEK OF THE

MEETING WITH ALL THE OTHER PLAINTIFFS WITH COUNSEL (DALE

A BAICH, AND JENNIFER M. MORENO - FEDERAL PUBLIC

DEFENDER), THAT WADE LAY WAS WROTE UP ON BOGUS

MISCONDUCT CHARGES THAT RESULTED IN HIM BEING SEPER-

ATED FROM HIS FAMILY.[3]

THEREFORE, LAY BEING UNABLE TO COMMUNICATE WITH

HIS FAMILY IN LATE JULY, WHEN HE SUDDENLY RECEIVES

F.N:
3) SEE Wade Lay V. A.C.L.U. et. al., CIV-21-605-J, DOC. NO. 1.

THE DOCUMENT NO. 444, WITH ITS EXHIBIT A, JUDGE

FRIOT KNEW LAY'S ONLY CONTACT WAS SARAH JERNIGAN

(FEDERAL PUBLIC DEFENDER), A SERVANT OF THE COURT

WHO KNEW ABOUT THE MAY 3RD MEETING WITH ALL

THE OTHER PLAINTIFFS, WHERE THOSE PLAINTIFFS

(SOME OF WHICH ARE SARAH JERNIGAN'S CLIENTS,) WERE

WARNED, THAT, IF THEY DID NOT PROVIDE AN ALTERNA-

TIVE TO THE METHOD OF EXECUTION THEY WOULD

LIKELY FACE EXECUTION; MISS JERNIGAN ON

JULY , 2021 ADVISED WADE LAY, IMPROMPTU - WITHOUT

LAY EVEN ASKING (SEE EXHIBIT 1243 - ), WITH ADVICE

TO DECLINE TO PROVIDE AN ALTERNATIVE .

IT IS OBVIOUS, THIS IS WHY O.S.P. FABRICATES THE

BOGUS MISCONDUCT CHARGES, IN THE SAME VEIN AS

WHEN O.S.P. SENDS TRUST FUND DOLLARS TO THE U.S.DC.

W.D. / OK. (SEE DOC. NO 66 OF LAY V. O.D.O.C. CIV-17-1234-J),

THE PRISON ACCOMODATES THE W.D. COURT AND

THE F.P.D, AS EXHIBITED IN LAY V. O.D.O.C, CIV-17-

1234-J; NO. 18-6024, LAY'S MOTION FOR INJUNCTIVE RELIEF

FILED AUGUST 22, 2018 TO THE 10TH CIRCUIT, WHERE IT IS

OBVIOUS O.S.P. TRUST FUND OFFICER NANCY JOYCE FILLS

OUT THE IN-FORMA-PAUPERIS FOR THE F.P.D. PATTICHEZZI

TO AID IN THE ILLICIT FILING OF WADE LAY'S FEDERAL

HABEAS PETITION.

   NOW THE W.D. COURT UTILIZES THESE BUREAUCRATIC

OFFICERS (STATE AND FEDERAL) TO KILL THE POLITICAL

INSURGENT BECAUSE OF HIS CONSTITUTIONAL OPINIONS, AND

THE FACT WADE LAY HAS CONTINUED TO ATTEMPT TO HOLD

THOSE BUREAUCRATIC OFFICERS ACCOUNTABLE FOR THEIR

CRIMES VIOLATING THE RESERVED POWERS ACT OF

OKLAHOMA (74 O.S. 2011, SECTION 18b, AS LAST AMENDED

BY SECTION 1, CHAPTER 444, O.S.L. 2019 (74 O.S. SUPP. 2020,

SECTION 18b).

THIS OFFENSE BY BUREAUCRATIC OFFICERS (STATE AND

FEDERAL) IS DESCRIBED BY WADE LAY TO THE W.D.

COURT IN DOC. NO. 448, LAY'S RESPONSE TO DOC. NO.

444, WITH ITS EXHIBIT-A, WHERE THE W.D. COURT

PRESSURES LAY TO PROVIDE AN ANSWER FOR ISSUES

HE WAS PURPOSELY LEFT IN THE DARK ABOUT BY THE

W.D. COURT'S LOYAL BUREAUCRATIC SERVANTS.

THESE ACTIONS BY THE W.D. COURT, O.S.P., THE F.P.D.

AND POSSIBLY THE ATTORNEYS REPRESENTING THE THIRTY ONE

(31) OTHER PLAINTIFFS IS VERY SIMILAR TO THE METHODS

EMPLOYED BY RUSSIA AND CHINA TO TERMINATE THEIR

POLITICAL ADVERSARIES, AND IS A DIRECT VIOLATION

OF THE TENTH ARTICLE OF AMENDMENT.

GOD FORBID THAT JUDGES USE THEIR POWERS TO SUPPRESS

THE TRUTH. THE W.D. COURT IN DOC. NO. 449, JUDGE

FRIOT'S ORDER WITH HIS SUBSEQUENT JUDGMENT

DOES JUST THAT, ON PG.     , OF DOC. NO. 449 JUDGE

FRIOT CLAIMS WADE LAY EMPHATICALLY REFUSES TO

PROVIDE AN ALTERNATIVE TO EXECUTION IS EXPLAINED

BY THE U.S. SUP. CT. IN Bucklew, BUT THE TRUTH IS

THAT LAY STATES EMPHATICALLY AND CLEARLY THAT,

THE U.S.D.C. W.D. /OK DOES NOT POSSESS JURISDICTION TO

DEMAND SUCH AN INTERACTION BETWEEN THE GOVERNING

OFFICIALS IN THE STATE OF OKLAHOMA AND THE

CITIZENS OR INHABITANTS IN THEIR CUSTODY,

WITH THE EXCEPTION OF FOREIGN CITIZENS OR SUBJECTS.

THE PLAINTIFF WADE LAY CONSISTENTLY, IN EVERY

PLEADING, MOTION, AMENDED COMPLAINT (DOC. NO. 326),

AND LAY'S RESPONSE (DOC. NO. 448) TO DOC. NO. 444,

WITH ITS EXHIBIT-A, THAT, THE COURTS OF THE UNITED

STATES ARE OUTSIDE OF THEIR CONSTITUTIONAL ARTICLE

(1) ENUMERATED POWERS WITH SUCH ENCROACHMENT

AS THAT ARTICULATED IN DOC. NO. 444.

U.S. DIST. JUDGE FRIOT, AND THE ACTIONS OF THE U.S.D.

COURT IN Lay V. O.D.O.C., CIV-17-1224-J; AND Lay V. A.C.L.U., CIV-

21-665-J, CONFIRM WADE LAY'S CLAIMS WITH JUDGE

FRIOTS INCORPORATION OF WADE LAY INTO THE 3RD AMENDED

COMPLAINT FOR THE PURPOSE OF HOLDING LAY TO

THE TWO PRONG TEST OF CLAIM 11, WHICH LAY HAS NO

KNOWLEDGE OF DUE TO DEPRIVATIONS ORDERED BY THE

WARDEN FARRIS, TO HIS SUBORDINATES AT O.S.P., ABUSES

WHICH LAY MOTIONED THE W.D. COURT DOZENS OF TIMES

TO ADDRESS AND PUT AN END TO SO LAY COULD PARTICIPATE

IN THE CIVIL ACTION *Glossip V. Chandler, &.*, THE VERY

CASE JUDGE FRIOT USED TO NOW KILL WADE LAY.

THE W.D. COURT'S ORDER DOC. NO. 449, AND ITS

JUDGMENT DOC NO. 4    TOWARDS WADE LAY, INCLUDING

THOSE PLAINTIFFS

LAY AS ONE OF THE OTHER PLAINTIFF'S, WHO HAD THE

KNOWLEDGE WITH THE ASSISTANCE OF COUNSEL ACTING

FOR THEIR BEST INTEREST WITHIN THAT SPHERE OF

COGNITIVE AWARENESS, WHERE MR. CODDINGTON, D. GRANT,

J. GRANT, JONES, AND PURCELL KNEW THE LEGAL

RAMIFICATIONS OF THEIR CHOICE; THOSE FIVE (5)

NOT BEING MISLED BY THE FEDERAL PUBLIC DEFENDER

SARAH JERNIGAN (SEE EXHIBIT 124B-   ), IS SEPERATE

ALTOGETHER FROM THE TRUE POSITION WADE LAY

IS IN.

WADE LAY IS A PRO-SE PLAINTIFF SUFFERING EXTREME

ABUSE AND DEPRIVATIONS FROM THE CORRECTIONAL

FACILITY, AND THE DISTRICT COURT WAS FULLY AWARE

OF THOSE ABUSES AND DEPRIVATIONS. FOR THAT REASON

WADE LAY MOTIONS THE TENTH CIRCUIT COURT ON

APPEAL TO IMMEDIATELY VACATE THE JUDGMENT,

AND ORDER THE COURT TO CONSIDER AN EVIDENTIARY

HEARING WITH DISCOVERY TO ASCERTAIN THE TRUE NATURE

OF WADE LAYS RESPONSE TO DOC. NO. 444 AND

ITS EXHIBIT A.

THE US. SUP. CT. IN BUCKLEW DOES NOT INTEND

TO ALLOW FOR A DECEITFUL SUCKER PUNCH TO

DEATH ROW PRISONERS, BY DECEITFUL BUREAUCRATIC

OFFICERS AND UNETHICAL LAWYERS.

THIS NOTICE OF APPEAL WITH ITS MOTION TO

VACATE THE JUDGMENT IS RESPECTFULLY SUBMITTED

THIS 16TH DAY OF AUGUST, 2021.

RESPECTFULLY SUBMITTED

BY WADE LAY, AT O.S.P.

P.O. BOX 97

McALESTER, OKLA. 74502

F.O.=

*) SEE ALSO AMENDED PLEADING OF DOC. NO. 448 ENCLOSED!