**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 1, 2021**

_____

**Christopher M. Wolpert**
**Clerk of Court**

WADE LAY,

    Plaintiff - Appellant,

and

BRENDA E. ANDREW, et al.,

    Plaintiffs,

v.

ABOUTANAA EL HABTI, Warden,
Mabel Bassett Correctional Center, in her
official capacity, et al.,

    Defendants - Appellees.

No. 21-6101
(D.C. No. 5:14-CV-00665-F)
(W.D. Okla.)

_____

**ORDER**
_____

This matter is before the court sua sponte to direct the parties to address the

propriety of the district court's Federal Rule of Civil Procedure 54(b) certification. The

case underlying this appeal was brought by 35 inmates sentenced to death in Oklahoma.

In their Third Amended Complaint, the plaintiffs asserted ten Counts challenging

Oklahoma's execution protocol under the United States Constitution, the Oklahoma

Constitution, and other laws. On September 15, 2020, the district court granted the

defendant's partial motion to dismiss and dismissed Counts I, III, and VIII.  On August

11, 2021, the district court granted summary judgment to the defendants on all remaining

counts, except Count II. On Count II, the district court granted summary judgment to the

defendants as to six plaintiffs who did not identify an alternative method of execution and

certified its judgment as final under Rule 54(b) as to those six plaintiffs. The remaining

plaintiffs are proceeding to trial on Count II.

When a case involves more than one claim for relief or more than one party,

Federal Rule of Civil Procedure 54(b) provides that the district court may "direct entry of

a final judgment as to one or more, but fewer than all, claims or parties . . . ." The

purpose of the Rule "is to avoid the possible injustice of a delay in entering judgment on

a distinctly separate claim or as to fewer than all of the parties until the final adjudication

of the entire case," *Okla. Turnpike Auth. v. Burner*, 259 F.3d 1236, 1241 (10th Cir. 2001),

while still "preserv[ing] the historic federal policy against piecemeal appeals," *id.*

In certifying its judgment as final as to the six plaintiffs, the district court noted

that they are in a different procedural posture than the plaintiffs who offered an

alternative method of execution. However, it appears that is the case only as to Count II.

As to the other nine counts, it appears that all the plaintiffs are in the same posture. Thus,

it is not clear that a Rule 54(b) certification is proper.

The court acknowledges that this appeal is currently abated pending the district

court's resolution of two motions to alter or amend the summary judgment ruling. But

regardless of how the district court resolves the pending motions to alter or amend its

summary judgment ruling, the propriety of the Rule 54(b) certification, which informs the

existence of a final judgment and this court's jurisdiction, must be assessed. Thus,

notwithstanding the abatement, and given that time is of the essence because this appeal

involves a currently scheduled execution, the court requires jurisdictional briefing on the

Rule 54(b) certification at this time. Accordingly, **within 10 days** of the date of this

order, all parties must file jurisdictional memorandum briefs addressing the propriety of

the district court's Rule 54(b) certification. Proceedings in this appeal otherwise remain

abated pending further order of the court.

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

by: Jane K. Castro
    Chief Deputy Clerk