# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSIP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-14-0665-F |
| | ) | |
| RANDY CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Rhonda Kemp, sister of pro se plaintiff Wade Lay, petitions the court to appoint her as "next friend" for Lay.  Doc. no. 462.

Lay has responded to the motion. Doc. no. 484.  His response is construed as an objection.[1]  The other plaintiffs do not oppose Kemp's petition.  Doc. no. 481. Defendants oppose the petition.  Doc. no. 482.

Attorneys with Crowell & Moring LLP have notified the court that if Kemp is appointed, it will agree to represent Lay through Kemp acting as his next friend. Doc. no. 465.

### <u>Discussion</u>

Kemp brings her petition under Rule 17(c)(2), Fed. R. Civ. P., which provides as follows.

---

[1] Although the response never says flatly that Lay objects to the appointment, it is clear he does. Lay's response brief argues:  Rhonda Kemp is not qualified to act in Lay's place and does not have the ability to grasp the conditions of his legal and constitutional environment (doc. no. 484, pp. vii, 24, original page numbers);  the next friend motion is being imposed contrary to truth and fact (*id*. at 32);  and the motion is a means of censorship (*id*. at 35).

> A minor or an incompetent person who does not have a
> duly appointed representative may sue by a next friend or
> by a guardian ad litem.  The court must appoint a guardian
> ad litem—or issue another appropriate order—to protect a
> minor or incompetent person who is unrepresented in an
> action.

The burden is on the next friend to clearly establish that appointment is appropriate.  Whitmore v. Arkansas, 495 U.S. 149, 164 (1990).  Conditions for appointment are as follows.  *Id.* at 163.

First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—for why the real party in interest cannot appear on his own behalf to prosecute the action.  *Id.* at 163.  Kemp proposes mental incompetence as the ground for her appointment, arguing Lay is "incompetent and legally incapable of pursuing this action on his own behalf."  Doc. no. 462 at 1.  She states her brother "has a severe mental illness and his insight into the nature and ramifications of his mental illness is limited such that he does not understand the nature or consequences of the matters at hand, nor can he make rational choices concerning the same."  *Id.*

Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate.  Whitmore, *supra* at 163.

Third, it has been suggested the next friend must have some significant relationship with the real party in interest.  *Id.* at 163-64.

Lay states that his sister is a person of virtue and goodwill.  Doc. no. 484 at ix.  In addition, the relationship between Lay and his sister is a significant one.  Accordingly, Kemp meets the second and third conditions for appointment.

There are, however, serious concerns with respect to the first condition, which requires the prospective next friend to provide an adequate explanation for why Lay should be determined to be an incapacitated person.

Rule 17(c) says nothing about how the court should determine whether an individual is "an incompetent person." Graham v. Teller County, Colo., 632 Fed. Appx. 461, 465 (10th Cir. 2015) (unpublished; involving a § 1983 civil rights claim),[2] states that courts interpret the term "incompetent person" in Rule 17(c) as referring to a person without the capacity to litigate under the law of his state of domicile.[3] Oklahoma law has various standards which could arguably apply.[4]

In re T.E.B., 24 P.3d 900 (Okla. Civ. App. 2001),[5] notes the parties' assumption that the test for competency applicable in criminal proceedings also applies in civil proceedings. Id. at 903, n. 6. In re T.E.B. indicates that if a party in a civil proceeding meets the test found in § 1175.1 (the criminal standard), then the person would also be incompetent for purposes of 12 O.S. 2021 § 2017(C). (Section 2017(C) is Oklahoma's counterpart to Rule 17(c)). Id. But In re T.E.B. expressly

---

[2] Unpublished decisions are not precedential and are cited for their persuasive value only.

[3] Rule 17(b)(1), Fed. R. Civ. P., provides that for an individual who is not acting in a representative capacity, capacity to sue or be sued is determined by the law of the individual's domicile.

[4] See, e.g., 22 O.S. 2021 § 1175.1(2) (defining "incompetency" as "the present inability of a person arrested for or charged with a crime to understand the nature of the charges and proceedings brought against him or her and to effectively and rationally assist in his or her defense"); 30 O.S. 2021 § 1-111(regarding the guardianship of incapacitated persons; subsection (A)(12) defines "incapacitated person" to require, among other things, impairment under at least one of several statutory criteria which include, but are not limited to, mental illness or intellectual disability or drug or alcohol dependence as defined elsewhere); 43A O.S. 2021 § 10-103(A)(4) (definition of "incapacitated person" for purposes of the Protective Services for Vulnerable Adults Act); Vance v. Federal National Mortgage Assoc., 988 P.2d 1275, 1281 (Okla. 1999) (addressing mental ability to understand the import of service of process).

[5] In re T.E.B. is not precedential and is cited for its persuasive value only.

declines to address whether criminal incompetency is the exclusive test for civil incompetency under §2017(C). *Id.* In other words, <u>In re T.E.B.</u> leaves the door open to the possibility that a less rigorous standard may apply, which, in this court's view, is an entirely reasonable possibility, especially given the nature of § 1175.1 which, by its terms, is clearly aimed at a criminal setting.

Addressing 12 O.S. § 2017(C), <u>Vance v. Federal National Mortgage Assoc.</u>, 988 P.2d 1275, 1281, n. 27 (Okla. 1999), states that "Unless a person has been judicially declared to be incompetent, he/she can prosecute or defend a civil action in person or by attorney." *Id.* at 1281, n. 27.[6]

No evidence has been presented that Lay has been judicially declared to be incompetent. Kemp attaches an order entered by Judge Terence C. Kern in a habeas proceeding over ten years ago. Doc. no. 462-1 (dated March 8, 2011). The order addresses matters related to Lay's request for equitable tolling and for an abatement of the habeas proceedings based on Lay's argument about his "present incompetency." Doc. no. 462-1, order at 1. Judge Kern concluded there "is reasonable cause to believe Petitioner may presently be suffering from a mental disease or defect rendering him mentally incompetent to proceed in this habeas action." *Id.* at 14. But Judge Kern did not reach a decision on that issue. Instead, he set an evidentiary hearing to determine whether Lay was currently competent to proceed and whether Lay was competent to proceed at the time his petition for a writ

---

[6] The court stated this does not mean a "mentally disabled person" will not receive the court's protection, as § 2017(C) allows for the appointment of a guardian ad litem for the protection of a litigant's rights and interest. The court explains that this does not amount to an adjudication of incompetency but is merely a determination that the record indicates the need for court intervention for a party's protection. 988 P.2d at 1281, n. 27. The court, however, offers no guidance for determining whether such person is "mentally disabled," or what factors might indicate a person needs a guardian for his own protection.

of habeas corpus had been due.  *Id.*  While Judge Kern described evidence to support his conclusion that there was a bona fide doubt about Lay's competency, the evidence he reviewed is too old to support a finding by this court, at this time, that Lay is mentally incompetent or suffers from a mental illness or a mental disability.[7]

Moreover, the Tenth Circuit Court of Appeals affirmed Judge Kern's denial of Lay's habeas petition.  It determined that the Oklahoma Criminal Court of Appeals (OCCA) had not been unreasonable when it rejected Lay's substantive incompetence argument as unmeritorious for lack of evidence.  Lay v. Royal, 860 F.3d 1307, 1315 (10th Cir. 2017).  Lay observed that while the evidence available to the OCCA demonstrated that Lay sometimes shared with the jury his unusual and conspiratorial beliefs, Lay had conducted himself professionally throughout the trial and had complied with procedural rules.  *Id.* at 1314-15.  Lay also determined that Lay's decision to represent himself during his criminal trial was a decision he made knowingly and voluntarily.  *Id.* at 1316.

Thus, to reiterate, there has been no judicial declaration of Lay's incompetency.

That said, unpublished decisions by the court of appeals indicate a court may consider its own experience in evaluating a motion to appoint a next friend under Rule 17(c).[8]  It is the undersigned's experience that Lay's filings almost always stray

---

[7] Later, in an order dated April 12, 2013, Judge Kern concluded no evidentiary hearing was required after all.  Doc. no. 462-2 at 5.  He struck the hearing based on Ryan v. Gonzales, 568 U.S. 57 (2013), which held the incompetence of a state prisoner does not require suspension of the prisoner's federal habeas corpus proceedings.  *Id.* at 3.

[8] Graham, 632 Fed. Appx. 461, 465-66 (Graham's filings were well drafted; affirming district court's decision not to appoint a guardian ad litem, unpublished);  Lichtenhahn v. Bureau v. Land Mgmt., 72 F. 3d 138, *1 (10th Cir. 1995) (no indication plaintiff had ever been adjudicated incompetent, and plaintiff's appeal filed with the Department of Interior Board of Land Appeals was the work of a competent person).

beyond the boundaries of relevant argument.  His filings often include lengthy essays or diatribes about his political ideas and conspiracy theories.  For these reasons, appointing a next friend for Lay would considerably simplify the court's job.  But that is not enough to justify appointment of a next friend.  The fact that a pro se litigant may have improvidently used a judicial proceeding as a forum in which to vent in ways that do not advance his legal position on the merits may be an indication of poor judgment, but that does not establish incompetence.

The court further finds that no additional exploration of this issue (for example, through an evidentiary hearing) would be beneficial in the circumstances of this case, which include the fact that Lay objects to the appointment of a next friend who would take away his ability to proceed in this matter pro se, a privilege which is, as a general proposition, protected by statute and deeply rooted American history and culture.  *See generally* 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Iannaccone v. Law, 142 F.3d 553, 557 (2d Cir. 1998) (reviewing historical origins of a person's right to represent himself in civil proceedings; characterizing right as one which dates back to the beginnings of our Republic with sources that are "deeply rooted in our history and culture").

## Conclusion

Accordingly, although the court has not landed on any specific standard as the one which governs here, it finds that under any standard which might arguably apply, Kemp has failed to provide an adequate explanation for why Lay should be determined to be an incapacitated person subject to the appointment of a next friend to represent him in this action, against his wishes.

After careful consideration, Kemp's petition to be appointed next friend to Lay under Rule 17(c), Fed. R. Civ. P., is **DENIED**.

IT IS SO ORDERED this 12th day of October, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p120  rev_.docx