PG. 1 OF 15

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

**FILED**

AUG 2 3 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

Richard Glossip, et. al.,

PLAINTIFFS,

VS                                          CASE NO. CIV-14-665-F

Randy Chandler, et. al.,

DEFENDANTS.

WADE LAY, PRO-SE PLAINTIFF

as MOVANT                        CAPITAL CASE

NOTICE OF APPEAL
_____

PLAINTIFF WADE LAY'S AMENDED RESPONSE TO DOC. NO.
448 - PLAINTIFFS RESPONSE TO DOC. NO. 444, WITH ITS EX-
HIBIT - A (ALTERNATIVE TO EXECUTION PROTOCOLS) - WITH
NOTICE OF APPEAL

COME NOW, PLAINTIFF WADE LAY TO FILE THIS AMENDED

COMPLAINT TO DOC. NO. 448, ALTERNATIVE TO EXECUTION

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN

WADE GREELY LAY #516263

OKLAHOMA STATE PENITENTIARY

DATE: 08/19/2021                      P.O. BOX 97

pro - se                             McALESTER OKLAHOMA 74502



12BB81249

PG. 2

DISTRICT OF OKLAHOMA (U.S.D.C. W.D. / OK.).

BACKGROUND:

ON 04/23/2021, THE H-UNIT MANAGER (MR. KIRBY) TOLD

WADE LAY HE WOULD REMOVE OFFICER HOOD FROM THE SOUTH-

WEST QUAD AT H-UNIT, DUE TO THE REPEATED ABUSES THAT

OFFICER HOOD CONTINUED TO EXERCISE TOWARDS LAY THE

APPELLANT.

  THE REMOVAL OF OFF. HOOD, AND THE PROMISE BY THE H-UNIT

MGR. ON 04/23/2021 PROVED TO BE A RUSE, A PART OF A GREATER

DECEPTION. ON 05/08/2021 O.S.P. PLACED OFF. HOOD ON

THE S.W. QUAD TO FABRICATE A MISCONDUCT CHARGE, A

MEANS TO CUT WADE LAY OFF FROM HIS FAMILY FOR NINETY

(90) DAYS. (SEE lay V. A.C.L.U., CIV-21-605-J, DOC. NO. 1).

  IN THAT SAME WEEK, ie., THE WEEK OF MAY, 02-08, 2021,

ATTORNEYS IN THE LETAL INJECTION CASE Glossip V. Chandler,

Pg. 3

HELD MEETINGS ON THE 3RD AND 4TH OF MAY 2021.

ALL THIRTY ONE (31) PRISONERS / PLAINTIFFS ON DEATH-ROW

(H-UNIT, A-UNIT, AND BRENDA ANDREW) WERE INFORMED OF

THE MEETING, WHERE THE ATTORNEYS WARNED, EACH ONE

CONCERNING THE UNITED STATES SUPREME COURT'S PRECEDENT

IN *Bucklew V. Precythe*, 139 S. CT. 1112 (2019). THE

PRISONERS WERE ADEQUATELY WARNED, THAT IF THEY

DID NOT PROVIDE AN ALTERNATIVE METHOD OF EXECUTION,

AS DETERMINED BY THE SUPREME COURT, THEY WOULD WITH

ALL PROBABILITY FACE SUMMARY JUDGMENT AND SUBSEQUENT

EXECUTION.

   IN DOC. NO. 449 (THE W.D. COURT'S ORDER), AND DOC.

NO. 454 (THE W.D. COURT'S JUDGMENT TOWARDS WADE LAY),

U.S. DIST. JUDGE FRIOT STATES:

C. SUMMARY JUDGMENT STANDARD

UNDER RULE 56, FED. R. CIV. P., SUMMARY JUDGMENT SHALL
BE GRANTED IF THE MOVANT SHOWS THAT THERE IS NO GEN-
UINE DISPUTE AS TO ANY MATERIAL FACT AND THE MOVANT
IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. CELOTEX
CORP. V. CATRETT, 477 U.S. 317, 325 (1986). A GENUINE
ISSUE OF MATERIAL FACT EXIST WHEN "THERE IS SUFFIC-
IENT EVIDENCE FAVORING THE NON-MOVING PARTY FOR
A JURY TO RETURN A VERDICT FOR THAT PARTY." ANDER-
SON V. LIBERTY LOBBY INC., 477 U.S. 242, 249 (1986). IN
DETERMINING WHETHER A GENUINE ISSUE OF A MATE-
RIAL FACT EXISTS, THE EVIDENCE IS TO BE TAKEN IN THE
LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY. ADICK-
ES V. J.H. KRESS & CO., 398 U.S. 144, 157 (1970). ALL RE-
ASONABLE INFERENCES TO BE DRAWN FROM THE UNDISP-
UTED FACTS ARE TO BE DETERMINED IN A LIGHT MOST FA-
VORABLE TO THE NON-MOVANT. UNITED STATES V. AGRI
SERVICES, INC., 81 F. 3d 1002, 1005 (10TH CIR. 1996). ONCE
THE MOVING PARTY HAS MET ITS BURDEN, THE OPPOSING
PARTY MUST COME FORWARD WITH SPECIFIC EVIDENCE,
NOT MERE ALLEGATIONS OR DENIALS, DEMONSTRATING
THAT THERE IS A GENUINE ISSUE FOR TRIAL. POSEY
V. SKYLINE CORP., 702 F. 2d 102, 105 (7TH CIR. 1983)."

IT IS CRITICAL AT THIS POINT TO SHOW WHAT U.S. DIST. JUDGE

EROT DOES ON JULY 19, 2021, WITH DOC. NO. 444, WITH ITS

DC. 5

EXHIBIT-A (DOC. NO. 444-1). JUDGE FRIOT, AS IT PERTAINS TO

WADE LAY ALONE, STATES ON PAGE 1, THE FOLLOWING:

"THE OPERATIVE STATEMENT OF THE CLAIM OF WADE
LAY IN THIS ACTION IS THE THIRD AMENDED COMPLA-
INT, DOC. NO. 325, FILED ON JULY 7, 2020, WHICH EX-
PRESSLY INCLUDES MR. LAY AS A PLAINTIFF. [(THIS
STATEMENT IS COMPLETELY FALSE, TO BE EXPLAINED BEL-
OW *infra*        ).] IN PARAGRAPH 114 OF THE THIRD A-
MENDED COMPLAINT, MR. LAY (ALONG WITH ALL THE OT-
HER PLAINTIFFS) PLEADS THE EXISTENCE OF METHODS
OF EXECUTION, AS ALTERNATIVES TO EXECUTION PER
CHART D OF THE FEBRUARY, 2020 EXECUTION PROTOCOL
(500 MILLIGRAMS OF MIDAZOLAM, FOLLOWED BY 100 MI-
LLIGRAMS OF VECURONIUM BROMIDE, FOLLOWED BY 240
MILLIEQUIVALENTS OF POTTASIUM CHLORIDE), AS FOLLOWS:
"114. SUBJECT TO THE FOREGOING, SOLELY FOR THE
PURPOSE OF THIS PLEADING, BASED ON STATUTORY AU-
THORITY AND CURRENT AND HISTORICAL PRACTICES, A-
ND UPON INFORMATION AND BELIEF, COUNSEL ALLEG-
ES ON BEHALF OF PLAINTIFFS (EACH OF WHOM RES-
ERVE THE RIGHT FOLLOWING CONSULTATION WITH CO-
UNSEL TO OBJECT TO ANY PROFFERED ALTERNATIVE),
THE FOLLOWING ALTERNATIVE METHODS OF EXECUTION
ARE FEASIBLE, AVAILABLE, READILY IMPLEMENTED AND
WOULD SIGNIFICANTLY REDUCE A SUBSTANTIAL RISK
OF SEVERE PAIN. DEFENDANTS HAVE REFUSED WITH-
OUT A PENOLOGICAL REASON, TO ADOPT ANY OF THESE
ALTERNATIVES."

PG. 6

U.S. DIST. JUDGE FRIOT GOES ON TO ITEMIZE FOUR (4)

METHODS OF EXECUTION AS ITEMS a-d. THE FIRST THREE

ARE CHEMICAL BASED METHODS, THE FOURTH (d) IS: "EXEC-

UTION BY FIRING SQUAD."

THE PLAINTIFF (WADE LAY) BEING COMPLETELY BLIND-

SIDED, TOTALLY UNAWARE OF THE CONTEXT, NOT ABLE

TO COMPREHEND THE METHODS OF (a-c), i.e. THE CHEM-

ICAL BASED METHODS OF EXECUTION, WAS, IN HIS IGNOR-

ANCE AFRAID THE DEFENDANTS AND THE COURT WAS

ENGINEERING AN ENVIRONMENT WHERE WADE LAY COULD

FACE A FIRING SQUAD. BEING CUT OFF FROM HIS FAMILY,

BEING UNABLE TO CONTACT ANY OTHER SOURCE OF KNOW-

LEDGE OTHER THAN JARAH JERNIGAN AT THE OKC FED-

ERAL PUBLIC DEFENDER (F.P.D.), WADE LAY CALLS MISS

JERNIGAN AND SHE ERRONEOUSLY NURTURES THAT FEAR.

12866012 44

PG. 7

IF THE CIRCUIT COURT WILL VIEW ATTACHMENT NO. 1

OF WADE LAY'S *IN RE:* FILING, FILED AT O.S.P. ON 08/M/21,

TO INFORM THE W.D. COURT OF HIS AMENDED RESPONSE,

FILED AT O.S.P. ON 08/16/21, AND OF SIMILAR ARGUMENTS

AS PROFFERED IN THIS NOTICE OF APPEAL, THE APPEALS

COURT WILL SEE THAT SARAH JETZKIAN ON JULY 21,

2021, JUST 24 HOURS AFTER LAY RECEIVES DOC. NO.

444, OF HER OWN VOLITION WITHOUT BEING ASKED, SENDS

THE WRITTEN DECLARATION (ATTACHMENT NO. 1, BEING PRES-

ENTED HERE AS EXHIBIT 1249-A) THAT INFLUENCES

LAY WITH ADVICE THAT IS 180° OPPOSITE THAT WHICH

EVERY OTHER PLAINTIFF RECEIVED FROM COUNSEL AT

THE MAY 3RD AND 4TH MEETINGS.

    FOR THAT REASON IT IS CRITICAL TO ASCERTAIN THE

PG. 8

ACTUAL STATUS, IN A LEGAL RESPECT, TO THE *pro-se*

PARTY — PLAINTIFF WADE LAY. WHEN THE DISTRICT

COURT GRANTS SUMMARY JUDGMENT AGAINST

WADE LAY'S "CLAIMS", AS DECLARED BY THE COURT

IN DOC. NO. 449, AND 454, TO BE "CLAIMS ASSERTED IN

THIS ACTION", ARE THOSE CLAIMS ABLE TO BE LEGALLY

ATTACHED TO WADE LAY AS A PARTY?

  IF THE W. D. COURT, OR ANY OTHER COURT OF THE

UNITED STATES, INTENDS TO ATTACH CLAIMS TO A

PARTY IN A CIVIL ACTION, ESPECIALLY ONE THAT

THE OUTCOME OF THE JUDGMENT WILL RESULT IN THE

PLAINTIFF'S EXECUTION, THE PARTY HELD RESPONSIBLE FOR

SUCH CLAIM(S) MUST BE COGNITIVELY AWARE OF THE

SUBSTANCE OF SUCH CLAIMS. ADDITIONALLY, THE LIABILITY,

PG. 9

OR IN THIS CASE, THE CONSEQUENCES OF SUMMARY

JUDGMENT ON WADE LAY ALCOTE, ACTING PRO-SE,

THE SUBJECT OF FRAUD THAT IS INTRINSIC AND

TANGIBLE, EXERCISED IN THIS CASE BY BOTH

DEFENDANTS AND PLAINTIFF'S COUNSEL, MUST BE

CONSIDERED EVEN WHEN IT MAY BE EMBRACED BY

THE PRESIDING JUDGE FASHIONING THE ORDER AND

JUDGMENT.

   THE W.D. COURT IS IN ESSENCE, IN DOC. NO. 444,

WHICH EXTENDS INTO ITS ORDER (DOC NO. 449) AND

ITS JUDGMENT (DOC. NO. 454) AGAINST LAY ADVANCES THE

LEGAL DOCTRINE OF NUNC PRO TONC, THAT IS, THE

DISTRICT COURT IS ADVANCING THE PROPOSITION THAT WADE

LAY BEARS SOME SORT OF JOINDER WITH THE OTHER PLAINTIFFS

PG. 10

AS IT PERTAINS TO THE THIRD AMENDED COMPLAINT.

(SEE DOC. NO. 444, AT PG. 1, PAR. 1) STATING: "THE OPER-

ATIVE STATEMENT OF THE CLAIM OF WADE LAY IN THIS

ACTION IS THE THIRD AMENDED COMPLAINT." YET, AS IT

PERTAINS TO THE BENIFITS OF KNOWLEDGE AND COUNSEL

FROM THE PARTIES WHOM PROFFERED THE THIRD AMENDED

COMPLAINT, LAY IS DEPRIVED OF SUCH BENIFITS, EVEN

THE DOCUMENT NO. 325, THE THIRD AMENDED COMPLAINT.

    IT IS CLEAR THE DISTRICT COURT WANTS TO PLACE

UPON THE RECORD IN DOC. NO. 444, THE PRETENCE

OF A SUPPOSED ACTION, THAT IS NOT IN REALITY SUBSTANTIAL

AS IT APPLIES TO PERFORMANCE OF THE ACTION. IN OTHER

WORDS, IF LAY IS TO BE HELD SUBJECT TO THE DISTRICT

COURT'S COMPULSION OF DOC. NO. 444, i.e., TO PROVIDE

PG. 11

AN ALTERNATIVE METHOD OF EXECUTION, THAT THE

CLAIM OF THE OTHER PLAINTIFFS IS OPERATIVE TO

WADE LAY, THE COURT IS OBLIGATED TO ENSURE

WADE LAY RECEIVES THE KNOWLEDGE AND COUNSEL

OF THOSE PUTTING FORTH SUCH A CLAIM. IT IS

DECEITFUL TO DECLARE ON THE RECORD A SUPERFICIAL

ACTION AS IT IS IN ITS PURPOSE VOID OF SUBSTANCE; THE

CLAIM CANNOT BE OPERATIVE TO WADE LAY ABSENT

THE KNOWLEDGE THAT WAS PROVIDED TO ALL THE OTHER

PLAINTIFFS ON THE 3RD AND 4TH OF MAY, 2021 AT O.S.P..

    IN REALITY, IF THE CIRCUIT COURT WILL VIEW THE PLEAD-

INGS OF THIS ACTION FILED BY WADE LAY, THE DISTRICT

REFUSING TO ALLOW WADE LAY THE ABILITY TO RESPOND

TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT,

THE JUDGEMENT (DOCS. NO. 449 AND 454) SHOULD BE VACATED

PG. 13

AND AN EVIDENTIARY HEARING ORDERED TO ASCERTAIN

THE FACTS PURSUANT TO THE STANDARD OF SUMMARY

JUDGMENT. (SEE SUPRA AT 4, WITH A VIEW OF DOC. NO. 390,

IE., WADE LAY'S MOTION FOR SUMMARY JUDGMENT RESPONSE

PURSUANT TO FED. R CIV. P. 56 (d) ). "AS A MATTER OF LAW",

UNDER Celotex Corp. V. Catrett, 447 US. 317, 325 (1986),

THE DEFENDANTS, AS IT APPLIES TO JUDGMENT AGAINST WADE

LAY (DOC. NO. 454), ARE NOT ENTITLED TO JUDGMENT.

ADDITIONALLY, THERE IS SUBSTANTIAL EVIDENCE FAV-

ORING THE NON-MOVING PARTY (WADE LAY), "A GENUINE

ISSUE OF MATERIAL FACT", THAT A CONSPIRED EFFORT

IS EXHIBITED AS CLAIMED BY WADE LAY, THAT BUREAUCRATIC

OFFICERS HAVE COMBINED THEIR EFFORTS TO CONCEAL THE

KNOWLEDGE OF THE CASE CONTRARY TO LAW, SUCH AS

THE MEETINGS TAKING PLACE ON MAY 3RD AND 4TH, 2021,

PG. 13

WHERE EVERY OTHER PLAINTIFF WAS INFORMED OF THE

FACTS SURROUNDING THE W.D. COURT'S DEMANDS.

   THIS INFORMATION, EVEN THE THIRD AMENDED COMPLAINT

THE DISTRICT COURT ATTACHES LAY TO FOR THE PURPOSE

OF DOC. NO. 444, WITH ITS COMPULSORY DEMAND TO

PROVIDE AN ALTERNATIVE METHOD OF EXECUTION, LAY

DID NOT HAVE IN HIS POSSESSION. NOT ONLY WAS

WADE LAY TOTALLY IN THE DARK CONCERNING

THE FACTS, THE F.P.D. MISS JERNIGAN KNOWINGLY

DECEIVES WADE LAY WITH ADVICE THAT IS 180° OPPOSITE

THAT ADVICE GIVEN TO EVERY OTHER PLAINTIFF.

   IT IS OBVIOUS, THAT WADE LAY WAS CUT OFF FROM

HIS FAMILY ON 05/08/2021 BY O.S.P. WITH

A BOGUS FABRICATED CHARGE (SEE Lay V. A.C.L.U.,

CIV-21-605-J, DOC. NO. 1, WHERE OFFICER HOOD GIVES

PG. 14

CONTRADICTORY TESTIMONIALS, AND LAY IS DEPRIVED

OF DUE PROCESS. IF LAY WOULD NOT HAVE BEEN

RESTRICTED IN HIS PHONE ACCESS ON JULY

20TH 2021, WHEN O.S.P. DELIVERS THE COMPULSORY

DOCUMENT NO. 444, WITH ITS EXHIBIT-A, WADE

LAY WOULD HAVE BEEN ABLE TO — FROM RHONDA

KEMP, HIS SISTER, ACQUIRE THE TRUE COUNSEL

FROM ATTORNEYS MISS KEMP HAD CONTACT WITH

ON A REGULAR BASIS.

Lay V. A.C.L.U., IS ALSO PENDING ON APPEAL IN

THIS COURT, FILED ON 08/16/2021, SEE EXHIBIT

1299-B. IF WADE LAY WOULD NOT HAVE BEEN CUT

OFF FROM HIS FAMILY BY THE DEFENDANTS, LAY

COULD HAVE HAD PROPER COUNSEL. ADDITIONALLY,

IT IS CRITICAL TO RECOGNIZE, IT IS THE DEFENDANTS

Pg. 15

WHOM DEPRIVE LAY OF DUE PROCESS AND ACCESS

TO COURTS, LIMITING HIS CALLS TO A SINGLE SOURCE,

THE VERY SOURCE PROVIDING WADE LAY WITH

OPPOSITE ADVICE FROM EVERY OTHER, (31) OTHER

PLAINTIFFS. THIS IS NOT AN INADVERTENCE OR

ANOMALY, IT IS A CONSPIRED EFFORT TO DECEIVE

WADE LAY TO CAUSE HIS EXECUTION.

WADE LAY BEGS THIS CIRCUIT COURT TO STAY

THE EXECUTION, VACATE THE JUDGMENT

DOC. NO. 454, AND ORDER AN EVIDENTIARY HEARING.

RESPECTFULLY SUBMITTED

WADE LAY AT O.S.P.

P.O. BOX 97

MCALESTER, OK. 74502