UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, *et al.*, )
)
   Plaintiffs, )
)
vs. ) Case No. CIV-14-665-F
)
RANDY CHANDLER, *et al.*, )
)
   Defendants. )

## MOTION TO AMEND, ALTER, AND/OR VACATE JUDGMENT DENYING PETITION FOR APPOINTMENT OF NEXT FRIEND FOR PLAINTIFF WADE LAY

Pursuant Rule Fed. R. Civ. Pro. 59(e), Rhonda Kemp, Wade Lay's sister, hereby moves this Court to amend, alter, and/or vacate its judgment denying her Petition for Appointment of Next Friend for Plaintiff Wade Lay. In so moving, Ms. Kemp states as follows:

1. On August 25, 2021, I filed a Petition for Appointment of Next Friend for Plaintiff Wade Lay. Doc. 462.

2. In my Petition, I alleged that my brother, Wade Lay, is a pro se plaintiff in this action and that he is incompetent to pursue this action on his own behalf due to his severe mental illness. Doc. 462.

3. In support, I attached previous court orders noting he was determined to be incompetent in habeas proceedings by an independent BOP psychiatrist, as well as a Durable Power of Attorney where he appointed me as his attorney in fact. Doc. 462, Exs. 1-3.

1

4. The other plaintiffs to this lawsuit did not oppose my Petition, but the State did. Docs. 481, 482. My brother responded to my Petition, and this Court correctly noted that my brother did not "flatly" say he objected to my Petition. Doc. 492 at 1. Nonetheless, the Court construed his response as an objection. Doc. 492 at 1.

5. On October 12, 2021, this Court denied my Petition. Doc. 492. In its Order, the Court acknowledged I met the second and third conditions for appointment as next friend (i.e. being truly dedicated to my brother's best interests and having a significant relationship with my brother); however, the Court determined there were "serious concerns with respect to the first condition, which requires the prospective next friend to provide an adequate explanation for why Lay should be determined to be an incapacitated person." Doc. 492 at 2-3.

6. Although acknowledging Rule 17(c) does not specify how a court must determine whether someone is incompetent, the Court relied on *Vance v. Federal National Mortgage Assoc.*, 988 P.2d 1275, 1281, n.27 (Okla. 1999) and said "[n]o evidence has been presented that Lay has been judicially declared to be incompetent." Doc. 492 at 4. The Court dismissed evidence of Wade's incompetence in habeas proceedings[1] as being "too old to support a finding by this court." Doc. 492 at 5.

7. This Court went on to note that the Tenth Circuit affirmed the Oklahoma Court of Criminal Appeals's denial of Wade's substantive incompetence argument. Doc.

---

[1] Exhibit 3 to my original Petition is an order Judge Kern entered in Wade's habeas case. In the order, Judge Kern cites: "After his mental evaluation at the BOP, a report was filed concluding that Petitioner has a severe mental illness and is not competent to proceed with his habeas corpus proceedings. Dkt. #58." Doc. 462, Ex. 3 at 2.

2

492 at 5 (citing *Lay v. Royal*, 860 F.3d 1307, 1315 (10th Cir. 2017)). Specifically, *Lay v. Royal* "observed that while the evidence available to the OCCA demonstrated that Lay sometimes shared with the jury his unusual and conspiratorial beliefs, Lay had conducted himself professionally throughout the trial and had complied with procedural rules." Doc. 492 at 5.

8. Finally, this Court cited its own experience with my brother, noting that he "almost always stray[s] beyond the boundaries of relevant argument. His filings often include lengthy essays or diatribes about his political ideas and conspiracy theories." Doc. 492 at 5-6. However, the Court concluded that while this "may be an indication of poor judgment, [it] does not establish incompetence." Doc. 492 at 6.

9. The Court says no exploration of this issue, i.e. an evidentiary hearing, would be beneficial in the circumstances of this case, with the Court's only cited reason being that my brother "objects to the appointment of a next friend who would take away his ability to proceed in this matter pro se, a privilege which is . . . protected by statute and deeply rooted American history and culture." Doc. 492 at 6.

10. I respectfully assert this Court's conclusion is in error and should be amended. "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Because Rule 59(e) does not include specific grounds for a motion to alter or amend, this Court "enjoys considerable discretion" in ruling on it. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 11 Federal Practice and Procedure, § 2810.1 (3d ed. 2021

3

update). Amendments or alterations are a viable course of action for when a district court sees a need to correct manifest errors of law or fact; when new evidence previously unavailable is presented; to prevent manifest injustice; or to respond to an intervening change in law. I respectfully assert the Court's judgment denying my petition for next friend status creates manifest error and injustice especially in light of the new evidence presented herein.

11. In one of the orders[2] attached to my original Petition (Ex. 2), Northern District Court Judge Terence Kern elaborated on the available evidence that led to his conclusion that there was "sufficient evidentiary support to create a bona fide doubt as to [Lay's] present competency." Doc. 462, Ex. 2 at 3. Much of the referenced evidence is the same as what this Court now summarily dismisses without further inquiry.

Specifically, Judge Kern, like this Court, cited evidence of Wade's "persistent and repetitive single-minded focus on irrelevant or loosely relevant ideas." Doc. 462, Ex. 2 at 3. Compare Doc. 492 at 5-6 ("It is the undersigned's experience that Lay's filings almost always stray beyond the boundaries of relevant argument."). Judge Kern also noted, again like this Court, that at the time of trial

---

[2] Interestingly, during habeas proceedings, Judge Kern discussed the State's suggestion that a next friend be appointed for Wade as opposed to staying the proceedings until Wade's competency could be restored. Ex. 2 at 10. While Judge Kern ultimately decided against the State's next friend proposal due to the need to have Wade competent to talk about possible mitigating evidence in his life, that situation is not presented here. In fact, the current situation is in complete alignment with the State's original proposal. The State appears to have abandoned that suggestion now though.

4

and beyond Wade "was obsessed with the Constitution, the intertwining of government and religion, government conspiracies and governmental 'tyranny.'" Doc. 462, Ex. 2 at 3 n.2. Compare Doc. 492 at 6 ("His filings often include lengthy essays or diatribes about his political ideas and conspiracy theories.").

However, unlike this Court, Judge Kern determined that "given the gravity of the question at issue, the Court finds that in an effort to ascertain the truth regarding Petitioner's mental state, a psychiatric or psychological examination of Petitioner shall be conducted to determine his competency." Ex. 2 at 14.

12. Serious mental health issues, including competency, do not normally remit absent treatment or other intervention. Given the continuation of Wade's mental health issues, as evidenced by this Court's observations mirroring that of Judge Kern's at the habeas level, I respectfully submit that further inquiry is necessary before dismissal of my petition.

13. Wade's desire to proceed in this matter pro se and denial of any mental health issues should not be taken at face value without further inquiry. As Judge Kern noted, the evidence at the time of his review showed that the "lack of insight into his own mental illness" is a part of Wade's mental health diagnosis. Doc. 462, Ex. 2 at 3. If Wade is currently incompetent, as I have alleged and as the evidence presented confirms, deferring to Wade's own judgment would be unsound. Indeed, the continuation of mental health symptoms should counsel against omitting further inquiry in lieu of the pronounced desire of one so lacking insight into his own mental health.

5

14. The State submits no expert evidence of Wade's competency here.[3] And, I respectfully submit that this Court's observations of his current state are not just the idiosyncrasies of someone on the fringes of society, but rather the symptoms of someone struggling with significant mental health issues. For example, I would assert that acting professionally and complying with procedural rules does not make someone competent. Further, the Court's reference that *Lay v. Royal* "determined that Lay's decision to represent himself during his criminal trial was a decision he made knowingly and voluntarily" does not mean that the same is true. The fact is that no inquiry was made as to Wade's competency to represent himself at trial. While I understand the Tenth Circuit is limited in the type of review it can do, such limited inquiry should not guide this Court's decision on such a serious issue.

15. Although not available at the time of my Petition to this Court, "current" evidence is now available to substantiate my request for reconsideration and amendment of this Court's denial of next friend status. Just this week, Dr. Richart DeMier was able to produce an updated report – based on a recent examination of Wade – finding that he is incompetent to proceed on his own in the lethal injection litigation, as alleged in my Petition and supported by my previous evidence. I am attaching Dr. DeMier's report here and ask that this Court review the same in its consideration of this motion to reconsider. Exhibit 1.

---

[3] During habeas proceedings, Judge Kern specifically noted the State did not dispute Wade's symptoms, nor had the State submitted any "evidence contradicting the evidence presented by Petition that he is currently incompetent." Ex. 2 at 3, 5.

16. Failing to reconsider and amend the denial of my petition for next friend status, or granting an evidentiary hearing or other proceeding to "ascertain the truth regarding Petitioner's mental state," will result in manifest injustice and a manifest error of fact before this Court.

WHEREFORE, Rhonda Kemp hereby requests this Court reconsider her petition to appoint her as Mr. Lay's "next friend" so that she may pursue this matter and any related appeal(s) on Mr. Lay's behalf, who remains incompetent.

Dated: October 15, 2021

Respectfully submitted,

*Rhonda Kemp*
Rhonda Kemp
1043 E. Clearlake Street
Derby, KS 67037
Telephone: 316-737-7256
Rkemp@kempconst.com

## Certificate of Service

On this date, October 15, 2021, I am sending a copy of this motion to the various party addresses on file, including Wade Lay, in this case.

*Rhonda Kemp*
Rhonda Kemp