FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

October 15, 2021

Christopher M. Wolpert
Clerk of Court

WADE LAY,

    Plaintiff - Appellant,

and

RONSON KYLE BUSH; BRENDA E. ANDREW; JEMAINE MONTEIL CANNON; JAMES A. CODDINGTON; BENJAMIN R. COLE; CARLOS CUESTA-RODRIGUEZ; SCOTT EIZEMBER; RICHARD S. FAIRCHILD; RICHARD E. GLOSSIP; CLARANCE GOODE; DONALD ANTHONY GRANT; JOHN M. GRANT; WENDELL A. GRISSOM; PHILLIP D. HANCOCK; JOHN F HANSON; MARLON D. HARMON; RAYMOND E. JOHNSON; JULIUS D. JONES; EMMANUEL A. LITTLEJOHN; RICKY RAY MALONE; MICA ALEXANDER MARTINEZ; ALFRED B. MITCHELL; JAMES D. PAVATT; GILBERT RAY POSTELLE; RICHARD ROJEM; JAMES RYDER; ANTHONY SANCHEZ; KENDRICK A. SIMPSON; MICHAEL DEWAYNE SMITH; KEVIN R. UNDERWOOD; TREMANE WOOD,

    Plaintiffs - Amici Curiae,

v.

ABOUTANAA EL HABTI, Warden, Mabel Bassett Correctional Center, in her official capacity; SCOTT CROW, Director, ODOC, in his official capacity; RANDY CHANDLER; BETTY GESELL,

No. 21-6101
(D.C. No. 5:14-CV-00665-F)
(W.D. Okla.)

Oklahoma Board of Correction, in her official capacity; JOSEPH GRIFFIN; F. LYNN HAUETER; KATHRYN A. LAFORTUNE, Oklahoma Board of Correction, in her official capacity; STEPHAN MOORE, Oklahoma Board of Correction, in his official capacity; CALVIN PRINCE, Oklahoma Board of Correction, in his official capacity; T. HASTINGS SIEGFRIED; DARYL WOODARD, Oklahoma Board of Correction, in his official capacity; TOMMY SHARP, Warden, OSP, in his official capacity; JUSTIN FARRIS, Acting Chief of Staff, ODOC, in his official capacity; MICHAEL CARPENTER, Chief of Field Operations, ODOC, in his official capacity; JUSTIN GIUDICE, Employee Assistance Program Coordinator, ODOC, in his official capacity,

  Defendants - Appellees.

---

JULIUS D. JONES; DONALD ANTHONY GRANT; GILBERT RAY POSTELLE,

  Plaintiffs - Appellants,

and

JOHN M. GRANT; JAMES A. CODDINGTON; BENJAMIN R. COLE; CARLOS CUESTA-RODRIGUEZ; NICHOLAS ALEXANDER DAVIS; RICHARD S. FAIRCHILD; WENDELL A. GRISSOM; MARLON D. HARMON; RAYMOND E. JOHNSON; EMMANUEL A. LITTLEJOHN; JAMES D. PAVATT; KENDRICK A. SIMPSON; KEVIN R. UNDERWOOD; BRENDA E. ANDREW;

No. 21-6129
(D.C. No. 5:14-CV-00665-F)
(W.D. Okla.)

RICHARD E. GLOSSIP; SHELTON D. JACKSON; PHILLIP D. HANCOCK; ALFRED B. MITCHELL; TREMANE WOOD; WADE LAY; RONSON KYLE BUSH; SCOTT EIZEMBER; JOHN F HANSON; MICA ALEXANDER MARTINEZ; RICKY RAY MALONE; JIMMY DEAN HARRIS; PATRICK MURPHY; CLARANCE GOODE; ANTHONY SANCHEZ; MICHAEL DEWAYNE SMITH; JAMES RYDER; RICHARD ROJEM; JEMAINE MONTEIL CANNON,

    Plaintiffs,

v.

ABOUTANAA EL HABTI, Warden, Mabel Bassett Correctional Center, in her official capacity; SCOTT CROW, Director, ODOC, in his official capacity; RANDY CHANDLER, Oklahoma Board of Corrections, in his official capacity; BETTY GESELL, Oklahoma Board of Corrections, in her official capacity; JOSEPH GRIFFIN, Oklahoma Board of Corrections in his official capacity; F. LYNN HAUETER, Oklahoma Board of Corrections in his or her official capacity; KATHRYN A. LAFORTUNE, Oklahoma Board of Corrections, in her official capacity; STEPHAN MOORE, Oklahoma Board of Corrections, in his official capacity; CALVIN PRINCE, Oklahoma Board of Corrections, in his official capacity; T. HASTINGS SIEGFRIED, Oklahoma Board of Corrections in his official capacity; DARYL WOODARD, Oklahoma Board of Corrections, in his official capacity; TOMMY SHARP, Warden, OSP, in his official capacity; JUSTIN FARRIS, Acting Chief of Staff,

ODOC, in his official capacity; MICHAEL CARPENTER, Chief of Field Operations, ODOC, in his official capacity; JUSTIN GIUDICE, Employee Assistance Program Coordinator, ODOC, in his official capacity,

       Defendants - Appellees.

## ORDER

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **MORITZ**, Circuit Judges.

       The plaintiffs are prisoners under Oklahoma death sentences who have challenged that state's execution protocol. The district court dismissed or granted summary judgment on all the claims raised in their operative Third Amended Complaint except Count II, which raised a direct Eighth Amendment challenge to the lethal injection protocol. On Count II, the district court granted summary judgment against those plaintiffs, including the appellants in these two appeals, who had failed to designate an alternative method of execution. *See Glossip v. Gross*, 576 U.S. 863, 877 (2015) (requiring plaintiffs who challenge an execution method on Eighth Amendment grounds to "identify an alternative that is feasible, readily implemented, and in fact significantly reduces a substantial risk of severe pain" (brackets and internal quotation marks omitted)). It set a trial date, which remains pending, for the remaining plaintiffs on Count II.

       The district court then entered final judgment against the appellants in these two appeals under Fed. R. Civ. P. 54(b). They have appealed from that judgment. Appellant

4

Wade Lay also seeks a stay of execution, an evidentiary hearing, and a preliminary injunction. But because the district court's underlying partial summary judgment order is not a final order and the district court abused its discretion in certifying its judgment as final under Rule 54(b), we lack jurisdiction. We therefore dismiss these appeals.[1]

This court has jurisdiction to review a district court's "final decisions." 28 U.S.C. § 1291. "A final decision must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment under [Rule 54(b)]." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). To properly certify an order as a final judgment under Rule 54(b), a district court must make two explicit determinations in its certification order: that the judgment is final and that there is no just reason for delay. *See id.*

The district court made both determinations. It later reiterated its conclusions in rejecting plaintiffs' challenge, brought in a post-judgment motion under Rule 59(e), to the Rule 54(b) certification. "We review de novo the district court's determination of finality as a question of law. We review the determination of no just reason for delay for abuse of discretion." *Id.* at 1317.

---

[1] Appeal No. 21-6101 was abated pending the district court's decision on Fed. R. Civ. P. 59(e) motions to alter or amend the summary judgment ruling and vacate the Rule 54(b) certification. The district court largely denied those motions on October 12, 2021. Accordingly, the abatement is lifted. We ordered the parties in both appeals to address the propriety of the Rule 54(b) certification. We have considered all the responsive filings received to date. Wade Lay has not filed a response to the order, and the deadline for doing so has now passed.

Rule 54(b) permits the entry of a final judgment "as to one or more, but fewer than all, claims or parties." The certification here is unusual in that the judgment resolved claims brought by some, but not all, of the plaintiffs, while leaving identical claims by the remaining plaintiffs for trial. We nevertheless conclude that the certification satisfies the "finality" requirement, because all the claims concerning the appellants in these appeals were finally adjudicated. *See, e.g.*, *González Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 317 (1st Cir. 2009); *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986); *Crutcher v. Joyce*, 134 F.2d 809, 813-14 (10th Cir. 1943).

The more difficult issue is whether the district court abused its discretion in concluding that there was no just reason for delay. An important consideration in deciding whether to certify a final judgment under Rule 54(b) is to avoid piecemeal appeals, and particularly to avoid the possibility that an appellate court will be called upon to revisit the same issues decided in a previous appeal. *See Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005). Because the district court decided Count II against these appellants on a discrete ground (failure to proffer an alternate execution method), the issue of whether its judgment against them was correct on that ground presumably would not arise again in a separate appeal by the other parties from a judgment following a trial on Count II.

But the larger problem here involves the other nine claims shared by these appellants and those plaintiffs for whom final judgment will come only after trial. The district court certified its judgment as to all claims these appellants have asserted in this

6

action, so in these appeals they may presumably raise any issues they seek to present concerning any of those nine claims. Then, after trial, the other plaintiffs may also raise their issues involving the same claims. This raises a serious risk that "the historic federal policy against piecemeal appeals" would be flouted, and we "would have to decide the same issues more than once [in] subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

The district court addressed this concern by dismissing the importance of the other nine claims, which it characterized as "boutique end-stage capital litigation claims" that "have gotten no traction in the federal courts." *Glossip v. Chandler*, No. 5:14-cv-00665-F, CM doc. 493 at 16 (order on Rule 59(e) motions). It purported to take "[a] practical look at the claims asserted in this case" that demonstrated that Count II was "by far, the most consequential claim" asserted in the action. *Id.* We agree that courts should take a practical approach to certification under Rule 54(b). But the district court did not cite authority permitting it, as part of this pragmatic approach, to simply discount claims that might come before us piecemeal and repetitively as the result of its Rule 54(b) certification decision.

Of course, the policy of preventing piecemeal appeals must be weighed against the inequities that could result from delaying an appeal. *See, e.g., Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). In its summary-judgment order, the district court cited the interest of the state and of crime victims in the timely enforcement of a sentence. *See Glossip*, No. 5:14-cv-00665-F, CM doc. 449 at 21. But its analysis on this point was conclusory. In reaching this conclusion, the district court

7

did not discuss the amount of additional time the state or crime victims would have to wait without a Rule 54(b) certification of the judgment (presumably a relatively short time frame, given the anticipated bench trial on Count II, which is currently set for February 28, 2022), or articulate why this additional delay outweighs the danger of piecemeal appeals in this death-penalty related case.

Although "a district court's decision to grant certification under Rule 54(b) merits substantial deference," *Stockman's Water Co.*, 425 F.3d at 1265, we conclude the district court abused its discretion in certifying its judgment as final under Rule 54(b) in this case. Therefore, there is no final judgment, and we lack jurisdiction to consider these appeals. The appeals are dismissed. All pending motions in 21-6101 are denied as moot.

                Entered for the Court

                CHRISTOPHER M. WOLPERT, Clerk

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | | Jane K. Castro<br>Chief Deputy Clerk |

October 15, 2021

Dale A. Baich
Office of the Federal Public Defender for the District of Arizona
850 West Adams Street, Suite 201
Phoenix, AZ 85007

Harry P. Cohen
Crowell & Moring
590 Madison Avenue
New York, NY 10022

Wade Lay
Oklahoma State Penitentiary
P.O. Box 97
McAlester, OK 74502-0097
# 516263
Mr. Michael W. Lieberman
Office of the Federal Public Defender for the District of Arizona
850 West Adams Street, Suite 201
Phoenix, AZ 85007

Jennifer M. Moreno
Office of the Public Federal Defender
District of Arizona - Capital Habeas Unit
850 West Adams Street, Suite 201
Phoenix, AZ 85007-2730

Gary Peterson
Two Leadership Square
211 North Robinson Avenue
Suite 450 South
Oklahoma City, OK 73102-0000

Michael K. Robles
Crowell & Moring
590 Madison Avenue
New York, NY 10022

Emma Victoria Rolls
Federal Public Defender's Office
Capital Habeas Unit
215 Dean A. McGee Avenue, Suite 707
Oklahoma City, OK 73102

Adam Singer
Crowell & Moring
1001 Pennsylvania Avenue, NW
Washington, DC 20004

James K. Stronski
Crowell & Moring
590 Madison Avenue
New York, NY 10022

**RE:**   **21-6101, 21-6129, Lay, et al v. El Habti, et al**
Dist/Ag docket: 5:14-CV-00665-F

Dear Counsel and Mr. Lay:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court


cc:   David B. Autry
Bryan Cleveland
Charles Andrew Dickson III
Andy N. Ferguson
Patti Palmer Ghezzi
John David Hadden
Mark Henricksen
Jeb Emmet Joseph
Richard Mann
Mithun Mansinghani
Shawn Nolan
Lexie P. Norwood

Zachary Paul West
Randall John Yates


CMW/jm