# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD GLOSSIP, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| ) | Case No. CIV-14-665-F |
| ) | |
| **RANDY CHANDLER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' PROPOSED WITNESS AND EXHIBITS**

Harry P. Cohen (admitted *pro hac vice*)
Michael K. Robles (admitted *pro hac vice*)
James K. Stronski (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022

Emma V. Rolls, OBA # 18820
Office of the Federal Defender
for the Western District of Oklahoma
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102

Jon M. Sands
Federal Public Defender District of Arizona
Dale A. Baich (OH Bar No. 0025070)
Jennifer M. Moreno (Bar No. CA 244967)
Michael W. Lieberman, OBA #32694
850 West Adams Street, Suite 201
Phoenix, Arizona 85007

Counsel for D. Grant, J. Grant, Jones, Postelle, and Lay,
By and Through His Next-Friend, Rhonda Kemp

Plaintiffs submit this response to Defendants' Motion In Limine To Exclude Plaintiffs' Proposed Witness and Exhibits (Doc 520).

## I. INTRODUCTION

Defendants' motion in limine is as much a facial attack on the propriety of Plaintiffs' preliminary injunction motion as it is an evidentiary challenge to specific proffered hearing evidence. Relying on labels – such as "postliminary" – instead of authority, Defendants advance arguments that wholly ignore the Court of Appeals' October 15, 2021 jurisdictional ruling that this case is not now appealable. Specifically, Defendants argue that this Court should apply Federal Rule of Appellate Procedure 8(a) – not Rule 65 – even though there is and cannot now be an appeal. Similarly, they argue for application of Federal Rule of Civil Procedure 59(e) – even though there is and cannot now be a final judgment to amend.

In all Defendants' bluster, however, their motion makes two important points that bear emphasis.

First, the Plaintiffs now have no remedy or recourse but from this Court. Defendants offer no authority that Rule 65 does not apply; it plainly does until final judgment is entered. The status quo here is that executions not re-start now consistent with the State's agreement not to re-start executions until this case is completed (and thus reviewable on appeal). As Rule 65 applies, a limited stay to maintain the status quo may be entered on either or both independent grounds: (i) the enforcement of the State's agreement to maintain the status quo of not re-starting executions until final judgment is entered (and thus reviewable on appeal), and/or (ii) the relaxed preliminary injunction

standard that applies here because this stay would maintain the status quo of not re-starting executions.

Second, Defendants argue that the proffered hearing evidence is not relevant, and thus not admissible, because it addresses the first *Glossip* prong and all that is at issue on this motion is the second *Glossip* prong. On this point, Plaintiffs concur. The Court should hold Plaintiffs to this representation and if they are so held, then Defendants would withdraw their witness and additional exhibits. The second prong of *Glossip* here concerns a legal issue and Defendants are prepared to argue that legal issue at the hearing without the introduction of additional testimony or evidence.

## II. A Relaxed Standard Under Rule 65 Applies and the Proffered Appellate and Post-Judgment Rules Do Not.

Defendants' argument that Plaintiffs' motion amounts to "an injunction while an appeal is pending. Fed. R. App. P. 8(a)" misstates the posture of the case. If Defendants had their way, Plaintiffs would be mired in legal limbo. Planitffs could not appeal until final judgment was entered after trial but no relief would exist before this Court. As the Supreme Court has stated, "prior to final judgment there is no established declaratory remedy comparable to a preliminary injunction; unless preliminary relief is available upon a proper showing, plaintiffs in some situations may suffer unnecessary and substantial irreparable harm." *Doran v. Salem Inn.* 95 S. Ct. 2561, 2568 (1975). The effect of the Court of Appeals' October 15, 2021 dismissal of the appeal on jurisdictional grounds is that that appeal was not proper, that this Court has and always has had jurisdiction in the case, and that the orders dismissing claims of the Religious Objector Plaintiffs are not

final and are subject to revision until entry of final judgment. This Court's has jurisdiction over the Religious Objector Plaintiffs' claims on which judgment has not and cannot be entered. Thus, Rule 65 applies. Defendants cite no authority for their argument that a preliminary injunction may not be sought, or entered, before entry of final judgment.

As Rule 65 applies, a limited stay to maintain the status quo may be entered on either or both of these grounds: (i) the enforcement of the State's agreement to maintain the status quo of not re-starting executions until final judgment is entered (and thus reviewable on appeal), and/or (ii) the relaxed preliminary injunction standard that applies here because this stay would maintain the status quo of not re-starting executions.

This relaxed standard applies to this motion to preserve the status quo. Throughout this matter, and in accordance with the Attorney General's agreement, the status quo has been that Plaintiffs would not be scheduled for execution until their case is completed. At a minimum, that means an execution should not be set for any Plaintiff until that Plaintiff's case has been resolved by a final judgment that can be appealed, if necessary. By definition, an appeal follows when a case reaches completion. That is the status quo Religious Objector Plaintiffs seek to maintain, and, indisputably, no such final, appealable, judgment exists as to Religious Objector Plaintiffs. Because Plaintiffs' motion here is strictly limited to maintaining the status quo – unlike that in *Warner*[1] which sought to suspend the status quo on ongoing executions – the relaxed standard applies

---

[1] While Judge Briscoe did not find the *Warner* plaintiffs could satisfy a relaxed standard, she reiterated the relaxed standard in the Tenth Circuit in subsequent decisions. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019) (citing *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019)).

under Tenth Circuit law. This remains good law, as the Tenth Circuit confirmed subsequent to *Warner* in *Verlo v. Martinez*, 820 F.3d 1113, 1128 n.5 (10th Cir. 2016) (Where the injunction sought is strictly limited to maintaining the status quo, "[t]he Tenth Circuit has modified the preliminary injunction test when the moving party demonstrates that the second, third, and fourth factors 'tip strongly' in its favor. In such situations, the moving party may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation") (internal citation omitted). The Religious Objector Plaintiffs have pursued their claims expeditiously. The harm of being executed with constitutional challenges that cannot be appealed is extreme and irreversible. Plaintiffs' showing on the hardships, the balance of harms, and the public interest support an injunction under this relaxed standard. *See* Doc. 506. The constitutionality of the protocol on this record has been questioned by this Court and has not been established thus necessitating a trial. Entry of the limited preliminary injunction will avoid the possibility of a Religious Objector Plaintiff's being executed in a manner subsequently determined to have violated their constitutional and/or statutory rights, a bell that can literally not be un-rung.

### III. Defendants Should Be Held to Their Admissions Regarding *Glossip* and Statements by the Attorney General to the Court.

Defendants concede that the first prong of *Glossip* is not relevant. *See* Doc. 520 at Sec. III. The Court should hold Defendants to this representation to the Court. If so, then Plaintiffs would withdraw their witness and additional exhibits and argue the remaining

legal issue raised by the second prong of *Glossip*.[2]

Representations and agreements to a Court are enforceable and should be enforced especially where the other party has relied on them. *See Gibson v. Arnold*, 288 F.3d 1242, 1247 (10th Cir. 2002) (oral agreement made to Court was enforceable notwithstanding any application of Oklahoma statute of frauds); *United States v. Romero*, 360 F.3d 1248, 1253 (10th Cir. 2004) ("[R]equiring the government to uphold the agreements into which it enters is a matter of great public interest."); *Johnson v. Lumpkin*, 769 F.2d 630, 633-34 (9th Cir. 1985) ("As a general rule, fundamental fairness requires that promises made during plea-bargaining and analogous contexts be respected. . ." so long as "(1) the agent [was] authorized to make the promise; and (2) the defendant [relied] to his detriment on that promise.") (citing *Santobello v. New York*, 404 U.S. 257, 262-63 (1971)); *United States v. Streebing*, 987 F.2d 368, 372 (6th Cir. 1993) ("[S]everal courts have acknowledged that the principles of *Santobello* apply whenever a defendant acts to his detriment in reliance upon governmental promises."). Similarly, the prior Attorney General's representations and agreement before this Court not to re-start executions until the case is complete is enforceable under the same law.

---

[2] To the extent the Court does not hold Defendants to their admission and an evidentiary hearing proceeds Monday, any evidentiary objections should be made in the context of specific evidence being offered.

Respectfully submitted,

*/s Emma V. Rolls*
Emma V. Rolls, OBA # 18820
Office of the Federal Defender
for the Western District of Oklahoma
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102

Harry P. Cohen (admitted *pro hac vice*)
Michael K. Robles (admitted *pro hac vice*)
James K. Stronski (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022

Jon M. Sands
Federal Public Defender District of Arizona
Dale A. Baich (OH Bar No. 0025070)
Jennifer M. Moreno (Bar No. CA 244967)
Michael W. Lieberman, OBA #32694
850 West Adams Street, Suite 201
Phoenix, Arizona 85007

Counsel for D. Grant, J. Grant, Jones, Postelle, and Lay, By and Through His Next Friend, Rhonda Kemp

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System and transmittal of Notice of Electronic Filing to all counsel of record who are registered participants of the Electronic Case Filing System.

                               *s/ Emma V. Rolls*