## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　　　)
Plaintiffs,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　)　　　　Case No. CIV-14-665-F
　　　　　　　　　　　　　　　　　　)
RANDY CHANDLER, *et al.*,　　　　　)
　　　　　　　　　　　　　　　　　　)
Defendants.　　　　　　　　　　　　)

## <u>PLAINTIFF WADE LAY'S, THROUGH NEXT FRIEND RHONDA KEMP,<br>MOTION FOR RELIEF FROM JUDGMENT</u>

Emma V. Rolls, OBA # 18820
Office of the Federal Public Defender
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102
Telephone: (405) 609-5975
Emma_Rolls@fd.org

Jon M. Sands
Federal Public Defender District of Arizona
Dale A. Baich, OH Bar No. 0025070
Jennifer M. Moreno, Bar No. CA 244967
Michael W. Lieberman, OBA # 32694
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2816
Facsimile: (602) 889-3960
dale_baich@fd.org
jennifer_moreno@fd.org
michael_lieberman@fd.org

Harry P. Cohen (admitted pro hac vice)
Michael K. Robles (admitted pro hac vice)
James K. Stronski (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com

Rhonda Kemp, as appointed next friend for Plaintiff Wade Lay and through undersigned counsel, moves pursuant to Fed. R. Civ. P. 60(b)(6) for relief from the Court's August 11, 2021 Orders (Doc. Nos. 449-455) granting summary judgment on Count II and entering final judgment under Rule 54(b) against a subset of Plaintiffs including Mr. Lay.[1]

## INTRODUCTION AND BACKGROUND

Mr. Lay incorporates by reference the litigation background laid out in Doc. 467 (Plaintiffs' Motion to Amend, Alter, and/or Vacate Judgment). The additional rulings giving rise to this Motion are as follows. On August 25, 2021, months before Plaintiffs filed Doc. 467, Ms. Kemp petitioned the Court to be appointed Mr. Lay's Next Friend, Doc. 462, alleging that the then-*pro se* Mr. Lay was incompetent to pursue the action on his own behalf due to his severe mental illness. On October 12, 2021, the Court denied the Next Friend petition, finding the supporting evidence, including a 2011 Bureau of Prisons psychological report finding Mr. Lay incompetent for federal habeas proceedings, was not current enough to support the necessary incompetency finding. Doc 492. The same day, the Court denied Plaintiffs' Motion to Amend Judgment as to all six dismissed plaintiffs except for James Coddington, who was granted partial relief. Doc. 493.

On October 15, 2021, Ms. Kemp filed a Motion to Amend, Alter, and/or Vacate Judgment regarding the denial of her Next Friend petition. Doc. 499. The motion submitted new evidence in the form of a October 2021 report from the same Bureau of Prisons

---

[1] Mr. Lay was a *pro se* plaintiff at the time of the Orders and is now represented by undersigned counsel through Next Friend Rhonda Kemp.

psychologist, now in private practice, that had previously examined Mr. Lay. The report concluded Mr. Lay was not competent to choose an execution method. Mr. Lay also filed a notice making plain that he did not oppose the Next Friend appointment. Doc. 501. On October 22, 2021, the Court granted the motion and appointed Ms. Kemp as Mr. Lay's Next Friend under Fed. R. Civ. P. 17(c)(2), and further granted a motion to join Mr. Lay as a movant in the preliminary injunction motion then pending, represented by Crowell & Moring through Ms. Kemp. Doc. 519.

## ARGUMENT

This Court's ruling on the Plaintiffs' Motion to Alter Judgment issued prior to its finding that Mr. Lay is incompetent for the current action, which necessitated the Next Friend appointment. The evidence putting forth Mr. Lay's incompetency for execution method choice was also excluded from the Court's consideration of the Motion to Alter Judgment based on timing. Equity counsels that the Court is able to consider allowing Mr. Lay to rejoin the action as a plaintiff in light of these subsequent determinations.

### I.    MR. LAY IS ENTITLED TO RELIEF UNDER RULE 60(B)(6).

Federal Rule of Civil Procedure 60(b) provides relief from a "final judgment, order, or proceeding" in certain circumstances. Subsections (1) through (5) provide for Rule 60(b) relief in certain specific scenarios, and Subsection (6) provides that a Rule 60(b) motion be granted for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (holding that Rule 60(b)(6) "permits reopening when movant shows 'any . . . reason justifying relief from the operation of judgment' other than

2

the more specific circumstances set out in Rules 60(b)(1)-(5)."); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988) (finding that petitioner's basis for relief sought is extraordinary and thus proper under 60(b)(6)); *Klapprott v. United States*, 335 U.S. 601, 613 (1949) (opinion of Black, J.) (finding that petitioner could avail himself of the "any other reason" clause of 60(b)(6) because the allegations set up an extraordinary situation which "cannot fairly or logically be classified as mere 'neglect'" under 60(b)(1)). To demonstrate "any other reason justif[ying] relief" under Rule 60(b)(6), a petitioner must show "extraordinary circumstances." *Gonzalez*, 545 U.S. at 536. A party must also make a Rule 60(b)(6) motion "within a reasonable time." FED. R. CIV. P. 60(c)(1). Rule 60(b) authority to reopen proceedings has long been held equitable and discretionary. *See Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) ("A Rule 60(b) motion is addressed to the sound discretion of the court [and] gives the court a grand reservoir of equitable power to do justice in a particular case.") (internal citations and quotation marks omitted).

## A. Extraordinary Circumstances Warrant Reopening this Court's Judgment.

### 1. There is a High Risk of an Eighth Amendment Violation.

On August 11, 2021, this Court granted in part and denied in part defendants' motion for summary judgment. Doc. 449. The Court, recognizing "[t]he heart of plaintiffs' case is Count II, their direct Eighth Amendment challenge to the lethal injection protocol adopted by the State of Oklahoma on February 20, 2020," Doc. 449 at 4, went on to grant summary judgment to the six plaintiffs who had declined to select alternative methods. *Id*. at 5, 19. The

twenty-six plaintiffs who had selected alternative methods were allowed to proceed to trial on their Eighth Amendment claim, as the Court denied summary judgment "on the issue of whether the protocol satisfies the first prong of the *Glossip* test." *Id*. at 16. In so ruling, the Court found genuine disputes as to material facts "rais[ing] a serious question as to whether the protocol can pass constitutional muster[.]" *Id*. at 11.

The disputed issues regarding whether the protocol will effectuate cruel and unusual punishment under the Eighth Amendment are as applicable to Mr. Lay as to the twenty-six plaintiffs proceeding to trial in February 2022. The only difference for Mr. Lay is that he did not choose an alternative method, as this Court has found "fatal" to the Eighth Amendment claim. Doc. 449 at 19. However, having now found that Mr. Lay is "an incompetent person" for the purpose of the current litigation–based on evidence including, in part, an expert finding that Mr. Lay was not mentally competent to have made the alternative choice decision–this Court should consider whether Mr. Lay is entitled to relief from the grant of summary judgment that dismissed him from the Eighth Amendment proceedings. It stands to reason that Mr. Lay should not be excluded from the upcoming trial, and potential Eighth Amendment protection, due to a decision that he was incompetent to make.

2.  **This Court's Decision Denying Plaintiff Lay Relief Is in Conflict with Its Subsequent Decision Granting Ms. Kemp Next Friend Status.**

This Court granted summary judgment as to Mr. Lay, as well as denied reconsideration as to Mr. Lay, prior to granting Mr. Lay the appointment of Next Friend under Fed. R. Civ. P. 17(c)(2). Mr. Lay should not be excluded from being brought back into

4

the lawsuit purely due to the timing of this Court's rulings. Had Mr. Lay's Next Friend motion been granted prior to this Court's Rule 59(e) ruling, rather than after it, he would have been in an entirely different position when the latter motion was considered, given the incompetency finding that the Next Friend ruling necessarily encompassed.

### B.    This Motion Has Been Made In a Reasonable Time.

Whether a motion has been filed within a reasonable time, like the extraordinary circumstances inquiry, is evaluated with respect to a petitioner's diligence. *See Gonzalez*, 545 U.S. at 537 (circumstances were "all the less extraordinary" because of petitioner's "lack of diligence in pursuing review of the statute-of-limitations issue."). A finding of diligence indicates that a petitioner has acted in a timely fashion in pursuing his remedies.

Mr. Lay, through Next Friend Ms. Kemp, has filed this Rule 60(b) motion in a timely fashion. This Court granted Ms. Kemp Next Friend status only a little over a month ago, and in the intervening time, counsel have been consumed with emergency matters related to other plaintiffs, including John Grant, who was executed on October 28, and Julius Jones, for whom counsel sought relief until his sentence was commuted by Governor Stitt on November 18, the day of his execution. Counsel have timely filed this motion with all diligence due and possible.

### C.    Conclusion

Given the gravity of the Eighth Amendment issues at play in the instant lawsuit; Mr. Lay's impending execution; the finding of incompetency necessitating a Next Friend appointment that post-dated this Court's decisions granting summary judgment as to Mr. Lay

and refusing to amend that judgment as to Mr. Lay; and the direct causal impact that Mr. Lay's lack of competency had upon the very reason this Court dismissed Mr. Lay from the lawsuit, "extraordinary circumstances" exist to allow relief from this Court's summary judgment under Fed. R. Civ. P. 60(b).

Given this motion's timely application, relief is still available and due, as justice requires.

Respectfully submitted this 1st day of December, 2021.

*s/ Emma V. Rolls*
Emma V. Rolls, OBA # 18820
Office of the Federal Public Defender
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102
Telephone: (405) 609-5975
Emma_Rolls@fd.org

Harry P. Cohen (admitted pro hac vice)
Michael K. Robles (admitted pro hac vice)
James K. Stronski (admitted pro hac vice)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
hcohen@crowell.com

Jon M. Sands
Federal Public Defender
District of Arizona
Dale A. Baich, OH Bar No. 0025070
Jennifer M. Moreno, Bar No. CA 244967
Michael W. Lieberman, OBA # 32694
850 West Adams Street, Suite 201
Phoenix, Arizona 85007

Telephone: (602) 382-2816
Facsimile: (602) 889-3960
dale_baich@fd.org
jennifer_moreno@fd.org
michael_lieberman@fd.org

COUNSEL FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2021, I electronically transmitted

the attached document to the Clerk of Court using the ECF System for filing and transmittal

of Notice of Electronic Filing to all counsel of record who are registered participants of the

Electronic Case Filing System.

*s/ Emma V. Rolls*