# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, *et al.*,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　　　)　　　Case No. CIV-14-665-F
　　　　　　　　　　　　　　　　)
RANDY CHANDLER, *et al.*,　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DR. JAMES WILLIAMS

Defendants make no argument that the testimony of Dr. Williams is not reliable. Rather, Defendants argue only that the testimony lacks relevance to Donald Grant and Gilbert Postelle (the "Movants") because the Movants affirmatively refused to select an alternative method of execution. However, the testimony of Dr. Williams does remain relevant before this Court and on appeal. Indeed, the Tenth Circuit held that the second prong of *Glossip* was met in a prior stay. *See Grant, et al v. Crow, et al*, No. 21-6139, Order (10th Cir. Oct. 27, 2021) at 4. Subsequent authority, which vacated the stay and denied the preliminary injunction sought, did not address the second prong of *Glossip* any further in this case. *See Grant, et al v. Crow, et al*, No. 21-6139, Order (10th Cir. Nov. 12, 2021) at 14. Specifically, the affirmance by the Tenth Circuit of the denial of that motion for preliminary injunction by this Court was limited to an analysis of the first prong in *Glossip. Id.*

Contrary to Defendants' assertion, Movants have pled firing squad as an alternative method of execution. Doc. 325-47 at 114. In their Third Amended Complaint, Movants

properly pled execution by firing squad as a feasible, available and readily implemented method that would substantially reduce the risk of pain and suffering. Doc. 325-49 at 114.

To the extent this Court reconsiders its prior rulings additionally requiring each prisoner to choose an execution method or courts on appeal determine this additional obligation to choose is not a requirement of the second prong, the Court should not prematurely now limit the record on the second prong. Therefore, the Court should deny Defendants' motion and Movants should be permitted to make a record on both prongs with reliable expert testimony.

Respectfully submitted this 5th day of January, 2022.

*s/ Emma V. Rolls*
Emma V. Rolls, OBA # 18820
Office of the Federal Public Defender
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102
Telephone: (405) 609-5975
Emma_Rolls@fd.org

Harry P. Cohen (admitted *pro hac vice*)
Michael K. Robles (admitted *pro hac vice*)
James K. Stronski (admitted *pro hac vice*)
Kenton Walker (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com
kentwalker@crowell.com

Jon M. Sands
Federal Public Defender District of Arizona
Dale A. Baich (OH Bar No. 0025070)
Jennifer M. Moreno (Bar No. CA 244967)
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2816
Facsimile: (602) 889-3960
dale_baich@fd.org
jennifer_moreno@fd.org

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record who are registered participants of the Electronic Case Filing System.

*s/ Emma V. Rolls*