# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, *et al.*,

                               *Plaintiffs,*

v.

               No:     14-cv-665-F

RANDY CHANDLER, *et al.*,

                               *Defendants.*

## DEFENDANTS' RESPONSE TO NOTICE

Defendants offer the following response to Plaintiffs' notice.

1.      After cross-examination of Defendant Justin Farris at the hearing before this Court on January 10, 2022, counsel for Plaintiffs asked counsel for Defendants whether the Oklahoma Department of Corrections' current IV Team Leader was the same person that signed the Pat Doe declaration permitted by this Court in Doc. 382. Upon inquiry, counsel for Defendants learned the next day that the current IV Team Leader is not the same individual as the person who signed the Pat Doe declaration and promptly informed counsel for Plaintiffs of that fact. *See* Exhibit 1.

2.      This change in IV Team Leader does not prejudice Plaintiffs for two reasons. *First*, beyond what consciousness checks the previous IV Team Leader declared *would* be performed, Plaintiffs now have multiple sources of evidence on what consciousness checks the current IV Team Leader *actually* performs, making any deposition of what his plans would

be redundant at best. To the extent Plaintiffs needed knowledge of his consciousness checks for their experts, they now have better evidence because they know what the current IV Team Leader actually does. In fact, their experts have already opined on that evidence. *Second*, as Defendants explained in opposing that deposition over a year ago, the testimony of any particular IV Team Leader is no guarantee that same person will forever continue to serve in that role:

> Plaintiffs bring a facial challenge—not a challenge as-applied to Defendants' IV Team Leader—and there is no guarantee that Defendants will use the same physician for the fifth or tenth or twentieth execution following this litigation. With all this in mind, why is this particular physician's background or plan relevant to Plaintiffs' claims? Further inquiry would only help narrow down the identity of the doctor DOC plans to use without providing any further information relevant to the claims.

Doc. 381 at 13. Thus, Defendants gave notice to Plaintiffs that—as commonsense would dictate—the identity of the IV Team Leader is subject to change.

3.      Plaintiffs claim that their Exhibit 66 at the January 10, 2022 hearing "is not what it purports to be," but it is exactly what it purports to be: the declaration of the IV Team Leader as of the date that declaration was signed, who responded to discovery as Pat Doe. The declarant was the IV Team Leader, but no executions were scheduled while he was serving in that capacity.

4.      Despite this Court having rejected Plaintiffs' demand for a telephonic deposition of the previous IV Team Leader, *compare* Doc. 377 *with* Doc. 382, Plaintiffs now have demanded an in-person deposition of the current IV Team Leader, *see* Exhibit 1. Defendants offered to forego re-litigating the issue by resolving Plaintiffs' demand under an agreement to a written deposition response, in lieu of an in-person deposition, on the same

terms as the Court's previous order, notwithstanding Defendants' earlier objections to any deposition. *See* Exhibit 1. Despite Defendants' offer to produce a new declaration, Plaintiffs have refused to refrain from pursuing an oral deposition of the IV Team Leader. *See* Exhibit 2.

Respectfully submitted,

s/ *Mithun Mansinghani*

MITHUN MANSINGHANI, OBA 32453
    *Solicitor General*
BRYAN CLEVELAND, OBA 33860
ZACH WEST, OBA 30768
ANDY N. FERGUSON, OBA 33388
    *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
mithun.mansinghani@oag.ok.gov
*Counsel for Defendants*