UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, *et al.*,

           *Plaintiffs,*

v.

RANDY CHANDLER, *et al.*,

           *Defendants.*

No:     14-cv-665-F

**DEFENDANTS' RESPONSE TO
PLAINTIFF WADE LAY'S RULE 60(B) MOTION**

    The Rule 60 motion filed by Plaintiffs' counsel fails to address defects raised both by Defendants and by Mr. Lay himself in this Court's appointment of a next friend. The Court's order appointing a next friend solely cited Mr. Lay's agreement to the appointment as a basis for the propriety of the appointment, avoiding issues with the competency evidence largely on that basis. *See* Doc. 519. Mr. Lay has subsequently said, as Defendants noted at the time, that his agreement was conditioned on him having an evidentiary hearing. Doc. 565 at 1-2. Taking further action based on that appointment would only compound the mistake.

    The Court can avoid further efforts at interpreting Mr. Lay's intent by awaiting the results of the trial in state court, which will be dispositive of any relief Plaintiffs' counsel seeks here. While Plaintiffs' counsel argue the standards are nominally different between here and state court, Doc. 566 at 3, the only evidence they have of incompetency in state court is the evidence they attached here. A state court finding that Mr. Lay is competent after reviewing

that same evidence would be strong support that the Court should deny the Rule 60 motion here. In contrast, a state court finding that Mr. Lay is incompetent would render him ineligible for execution pending treatment and make the claims regarding his method of execution unripe. The issue of any errors in the appointment in Doc. 519 would be mooted.

The timing is candidly the only issue. The State's writ regarding the competency trial is pending a response brief due on February 5, and the trial court also is unable to hold a trial until May at the earliest even if the writ were denied. Defendants recognize that this timing places Mr. Lay's competency trial after the trial in this matter, which this Court may not want.

Defendants believe denial without prejudice of the Rule 60 motion is the best approach to await the results of the state court trial or the writ, which will determine the best course forward here. Defendants raise this issue in a response brief rather than a motion for further extension in recognition of the Court's concern about leaving a motion pending for such an indefinite period.

Respectfully submitted,

s/ *Mithun Mansinghani*

MITHUN MANSINGHANI, OBA 32453
  *Solicitor General*
BRYAN CLEVELAND, OBA 33860
ZACH WEST, OBA 30768
ANDY N. FERGUSON, OBA 33388
  *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
mithun.mansinghani@oag.ok.gov
*Counsel for Defendants*