UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>RANDY CHANDLER, *et al.*, )<br>)<br>Defendants. ) | Case No. CIV-14-665-F |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
MATERIALS CONCERNING THE EXECUTIONS OF BIGLER
STOUFFER, DONALD GRANT, AND GILBERT POSTELLE**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs move for an order compelling Defendants to produce all relevant documents and things concerning the executions of Bigler Stouffer, Donald Grant, and Gilbert Postelle (should Mr. Postelle's scheduled execution go forward).[1]

**BACKGROUND**

On October 23, 2021, Plaintiffs filed an Emergency Motion to Preserve Evidence of the Execution of John Marion Grant, who was scheduled to be (and

---

[1] Pursuant to Rule 37.1 of the Local Rules for the Western District of Oklahoma, the undersigned counsel certifies that counsel for moving Plaintiffs have diligently attempted to resolve these issues through a meet and confer with counsel for Defendants and have been unable to do so. When we notified Defendants of our intent to file this motion, they stated that they will endeavor to make a production concerning Donald Grant today, but declined to produce other documents and things sought herein. The extent of any Donald Grant production is thus unknown. Defendants file this motion now given the immediacy of the trial.

was) executed on October 28, 2021. (*See* Doc. 525). On October 27, 2021, this Court granted Plaintiffs' motion, and ordered Defendants to "preserve evidence from the execution of any Plaintiff, should it proceed[.]" (Doc. 541). That Order required Defendants to preserve, among other things, "all documents and other material related to the executions and execution proceedings, including but not limited to [specified documents and things]" as well as "all other documents or other material not identified here, in whatever form those documents or materials exist, related to the executions and execution proceedings." (*Id*. at 2-4) (footnotes omitted).

Following the October 28, 2021 execution of John Grant, Plaintiffs requested that Defendants produce documents and things relating to the John Grant execution that were subject to the Court's preservation Order, and Defendants later produced certain documents.[2] On December 9, 2021, the State of Oklahoma executed Bigler Stouffer, and on January 27, 2022, executed Donald Grant. Each execution was conducted using the three-drug execution protocol that is the subject of this litigation.

On December 10, 2021, Plaintiffs requested "the same production of documents and things preserved by court order as requested in connection with the [John] Grant execution" concerning the execution of Bigler Stouffer. Ex. 1

---

[2] This Motion does not concern documents and things relating to the execution of John Grant.

(12/10/2021 E-mail from J. Stronski to M. Mansinghani). On December 14, 2021, Plaintiffs followed up on their request, and informed Defendants that there remained important documents subject to the Court's Preservation Order that were relevant to the then-upcoming preliminary injunction hearing and trial that should be produced immediately. Ex. 2 (12/14/2021 E-mail from J. Stronski to M. Mansinghani). Plaintiffs further "reserve[d] all remedies to the extent they are not produced or not produced on a schedule that allows their use in connection with the schedules in place for the preliminary injunction [hearing] and the trial." (*Id.*).

On January 31, 2022, Plaintiffs' counsel again informed Defendants' counsel that documents remained outstanding that Plaintiffs needed to consider in advance of trial, including as trial exhibits. Ex. 3 (1/31/2022 E-mail from J. Stronski to M. Mansinghani). Plaintiffs further specified that Defendants should produce:

1. The Medical Examiner Report, Toxicology Report, and Medical Examiner photographs from the execution of Bigler Stouffer;

2. The Medical Examiner Report, Toxicology Report, Medical Examiner photographs, Execution Logs, and all other documents from the execution of Donald Grant (i.e. 35-Day Packet, medical records, after-execution review, documents, etc.); and

3. The Medical Examiner Report, Toxicology Report, Medical Examiner photographs, Execution Logs, and all other documents from the execution of Gilbert

3

Postelle, if it goes forward (i.e. 35-Day Packet, medical records, after-execution review, documents, etc.).

(*Id.*) EKG/pulse oximeter strips are included among Plaintiffs' requests for all documents above.

Having received no response to their January 31, 2022 e-mail, Plaintiffs followed up on February 7, 2022, and requested production of the requested materials by close of business on February 11, 2022. Ex. 4 at 2 (02/07/2022 E-mail from K. Walker to M. Mansinghani). On February 8, 2022, Defendants responded that they would "endeavor to produce records from the Donald Grant execution by February 11." Ex. 4 at 1 (02/08/2022 E-mail from M. Mansinghani to K. Walker). As of the time of this filing, Defendants have not produced the requested items from the Donald Grant[3] or Bigler Stouffer executions. However, Defendants stated that they could not "expect to have possession of [materials from the Office of the Medical Examiner and the laboratory generating the toxicology report] by February 11" concerning the Bigler Stouffer and Donald Grant executions and therefore would not agree to produce such documents by then. (*Id.*).[4] Defendants further

---

[3] At 4:00 p.m., 2,984 pages of documents related to the Donald Grant execution were provided to Plaintiffs. An initial review indicates that no documents from the medical examiner including an autopsy report, toxicology report, and medical examiner photographs were part of the production.

[4] Although Bigler Stouffer was not a plaintiff in this case, documents and things concerning his execution are indisputably germane to the issues in this action. Mr. Stouffer was executed using the exact same protocol as John Grant and Donald Grant, and evidence

4

declined to produce records from the execution of Gilbert Postelle, if it goes forward. Ex. 4 at 1 (*Id.*). Defendants provided the caveat that they could not produce such records by February 11, 2022, as Mr. Postelle is scheduled to be executed on February 17, 2022, but Defendants did not otherwise agree to produce any materials from Mr. Postelle's execution, if it goes forward.[5]

## ARGUMENT

### A. Documents and Things Subject to the Court's Preservation Order Are Critical to Plaintiffs' Claims and Should Be Produced Without Delay.

All documents and things concerning the recent executions of Bigler Stouffer and Donald Grant (and Gilbert Postelle if he is executed) are critical to the upcoming trial in this case. As this Court itself noted in its August 11, 2021 Order granting in part and denying in part Defendants' Motion for Summary Judgment:

> the parties would be well advised to be prepared, at trial, to present evidence as to the actual track record of midazolam as used in executions over the last few years. That evidence may go far to eliminate speculation as to whether midazolam does or does not perform as intended when used as specified in the protocol. . . [and]

---

concerning his execution is thus equally relevant and important to resolve the important issues to be addressed during the trial in this case. Defendants agree; the only issue is timing.

[5] Plaintiffs' request for production of documents and things from the execution of Gilbert Postelle, if it goes forward, was obviously not a request for production of those documents and things before the execution takes place.

5

> there may well be a track record under Chart D of the new Oklahoma protocol by the time this case is called for trial[.]

(Doc. 449 at 15-16 n.13). Justice requires that Plaintiffs have access to these materials in advance of trial and with sufficient time to review them and prepare for their use as evidence at trial.

The Court further recognized that "it is possible that, by the time the trial date arrives, Oklahoma will have had experience with one or more executions under Chart D. In that event, the court will entertain motions to amend the final witness and exhibit lists." (Doc. 456 at 2 n.2). And, in granting Plaintiffs' emergency motion to preserve evidence, the Court found good cause to order the preservation of documents and things "in whatever form those documents or materials exist, related to the executions and execution proceedings" from the execution of any Plaintiff. (Doc. 541 at 4).

In all, the Court's prior decisions emphasize the critical nature of evidence concerning Oklahoma's recent executions and specifically contemplate the presentation of such evidence at trial. To allow Plaintiffs the opportunity to do so, the Court should order Defendants to produce without delay all outstanding documents and things concerning Oklahoma's recent executions (and to

immediately produce such documents and things relating to the execution of Mr. Postelle after the execution has occurred).

The documents and things Plaintiffs have requested concerning these executions (and for which Defendants have already been ordered to preserve) will be critical evidence at trial that will aid this Court's evaluation of the constitutionality of the Oklahoma Execution Protocol. Their relevance and importance can hardly be disputed. As discussed above, the Court has already recognized their critical nature, and advised the parties that they should present evidence at trial concerning the "actual track record of midazolam as used in executions over the last few years." (Doc. 449 at 15 n.13). Materials concerning the Bigler Stouffer and Donald Grant executions (and Gilbert Postelle, if executed) are directly related to that track record and may, in fact, be the evidence most pertinent to it.

Defendants have not even disputed the relevance and importance of these materials. To the contrary, they recognized it and produced, for example, the Medical Examiner Report from the execution of John Grant. (Ex. 4 at 1) ("As you know, we provided you with the Medical Examiner Report for John Grant the same day it was signed and the same day we received it[.]"). The Medical Examiner Report for Bigler Stouffer and Donald Grant are equally as important trial evidence as that of the report concerning John Grant. So too are the toxicology reports,

medical examiner photographs, and other documents and things subject to the preservation Order and requested by Plaintiffs.

Among other things, these materials will provide evidence as to whether, and to what extent, Mr. Stouffer and Mr. Grant suffered pulmonary edema during their executions, as well as whether pulmonary edema occurred after the administration of midazolam but prior to administration of the paralytic. These are important facts that go to the heart of Plaintiffs' claims that the Oklahoma Execution Protocol will subject them to a substantial risk of serious harm in violation of the Eighth Amendment by, *inter alia*, subjecting them to the pain associated with pulmonary edema. And they are squarely subject to this Court's preservation Order. (Doc. 541 at 2) (requiring preservation of "[p]hotograph and document evidence related to pulmonary edema and the intravenous lines: including lung weight; perform a thorough examination of and document any fluid present in the lungs, large or small airways, or mouth or nose[.]").

It is critical that Plaintiffs have access to these materials sufficiently in advance of trial, in order to make their evidentiary presentation and examine all relevant witnesses. Otherwise, Plaintiffs' ability to present their case will be severely prejudiced. While Defendants have not outright refused to produce the materials at all, the delay and proximity to the upcoming February 28, 2022 trial necessitates court intervention now. Defendants have taken the position that they "have no

control" over materials generated by the Office of the Medical Examiner and laboratory generating the toxicology report. (*See* Ex. 4 at 1) (02/08/2022 E-mail from M. Mansinghani to K. Walker). While that contention is dubious, it is in any event unavailing when this Court has specifically ordered Defendants to preserve all documents and materials related to the executions, including "photograph and document evidence related to pulmonary edema . . . lung weight . . . examination of and document any fluid present in the lungs, large or small airways, or mouth or nose[.]" (Doc. 541 at 2). Clearly, evidence of lung weight and fluid present in the lungs, mouth, or nose of executed individuals would come from a medical examiner's examination. And Plaintiffs' motion to preserve evidence specifically related to anyone acting on behalf of the Oklahoma Department of Corrections, including "the Pittsburg County Medical Examiner and Coroner or any other Medical Examiner or Coroner, involved in the post-execution autopsy of John Marion Grant." (Doc. 525 at 1).[6] Defendants' position that they have asked the Office of Medical Examiner for the materials "when available," without taking any

---

[6] As discussed above, the Court's Order granting Plaintiffs' emergency motion to preserve evidence was not limited to the execution of John Grant, but applied to the execution of any Plaintiff.

9

further action, is simply not good enough under these circumstances, with trial now just over two weeks away.

The preservation Order requires Defendants to preserve these materials and, if the Order is to have any effect, it must be interpreted to require such preservation in time for the evidence to be meaningfully available for use at trial. Defendants' claim that it "has only been two months since Stouffer's execution and two weeks since Donald Grant's execution" is unavailing. (*See* Ex. 4 at 1) (02/08/2022 E-mail from M. Mansinghani to K. Walker). Surely two months is sufficient time for Defendants to have taken the steps necessary to produce critically important materials for a trial that is imminent, and, in any event, this Court's prior rulings necessitate the prompt production of all materials Plaintiffs have requested.

Accordingly, this Court should order Defendants to take all steps necessary to produce all relevant materials concerning the executions of Bigler Stouffer and Donald Grant without delay, and further order Defendants to take all steps necessary to produce all relevant materials from the execution of Gilbert Postelle as soon as possible before trial, should his execution proceed on February 17, 2022.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order compelling Defendants to expeditiously produce all outstanding documents concerning the executions of Bigler Stouffer, Donald Grant, and Gilbert

Postelle (should his execution go forward), including, but not limited to, medical examiner reports, toxicology reports, medical examiner photographs, execution logs, EKG/pulse oximeter strips and all other documents that relate to these executions.

Dated:  February 11, 2022          Respectfully submitted,

                                             *s/ Emma V. Rolls*
                                             Emma V. Rolls, OBA # 18820
                                             Office of the Federal Public Defender
                                             215 Dean A. McGee Ave., Suite 707
                                             Oklahoma City, OK 73102
                                             Telephone: (405) 609-5975
                                             Emma_Rolls@fd.org

                                             Harry P. Cohen (admitted *pro hac vice*)
                                             Michael K. Robles (admitted *pro hac vice*)
                                             James K. Stronski (admitted *pro hac vice*)
                                             Kenton Walker (admitted *pro hac vice*)
                                             CROWELL & MORING LLP
                                             590 Madison Avenue
                                             New York, NY 10022
                                             Telephone: (212) 223-4000
                                             hcohen@crowell.com
                                             mrobles@crowell.com
                                             jstronski@crowell.com
                                             kentwalker@crowell.com

Jon M. Sands
Federal Public Defender District of Arizona
Dale A. Baich (OH Bar No. 0025070)
Jennifer M. Moreno (CA Bar No. 244967)
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2816
Facsimile: (602) 889-3960
dale_baich@fd.org
jennifer_moreno@fd.org

COUNSEL FOR PLAINTIFFS

Alex Kursman
Shawn Nolan
Assistant Federal Defenders Capital Habeas Unit
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 928-0520

COUNSEL FOR PHILLIP HANCOCK

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record who are registered participants of the Electronic Case Filing System.

*s/ Emma V. Rolls*