| | |
|---|---|
| **From:** | Stronski, James <JStronski@crowell.com> |
| **Sent:** | Tuesday, December 14, 2021 2:39 PM |
| **To:** | Andy Ferguson; M Robles; Alex Kursman; Jennifer Moreno; Michael Lieberman; Emma Rolls; Lynne Leonard; Mithun Mansinghani; Bryan Cleveland; Harry Cohen; Dale Baich; Angie Beery; Sarah Jernigan; Kim Stout; McElligott, Andrew; Walker, Kenton |
| **Subject:** | RE: Glossip -- Follow up on Production Requests re Grant and Stouffer Executions. |

Mithun,

There remain important documents subject to the preservation order and which defendants should have access to that have not been produced. For the Grant and the Stouffer executions, these include:

1. Autopsy report
2. Diagrams of the body, and all other notes from ME
3. ME's intake and release documents
4. Postmortem toxicology and histology reports
5. Detailed documentation of the timeline leading up to execution (including any death watch notes or records)
6. State's witness accounts (and any other accounts to which the State has access)
7. Medical records for the last 24 months, specifically including any medical records made in the 35 days before the execution and day of execution
8. Records of nature, amount, and timing of the food, beverage and medicinal intake, if any, the 24 hours prior to the execution
9. The following records specifically required by the preservation order: "Photograph and document evidence related to pulmonary edema and the intravenous lines: including: lung weight; perform a thorough examination of and document any fluid present in the lungs, large or small airways, or mouth or nose; identify the IV site(s), note if the catheter was placed intravascularly, and note any extravasation of fluid around the IV; and note any signs of multiple IV attempts."
10. Texts, emails or other messages or recorded communications concerning the executions.

These are relevant to both the preliminary injunction hearing and the trial and should not be subject to privilege. Please produce them immediately. We reserve all remedies to the extent they are not produced or not produced on a schedule that allows their use in connection with the schedules in place for the preliminary injunction and the trial.

Regards,

Jim

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~
**James K. Stronski  |  Crowell & Moring LLP**
Partner
590 Madison Avenue
New York, NY 10022-2524
Office: 212-895-4217  |  Fax: 212-223-4134

Privileged and Confidential
Attorney-Client Communication
Attorney Work Product

**Ex. 2**
**12/14/2021 E-mail from J. Stronski to M. Mansinghani**