UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> RANDY CHANDLER, *et al.*, <br><br> *Defendants.* | No: 14-cv-665-F |

**DEFENDANTS' RESPONSE TO MOTION TO COMPEL**

Plaintiffs were apparently too eager for a discovery fight to notice that Defendants already provided everything Defendants possess. Subject to certain objections, Defendants produced all responsive material within their custody on or before February 11, 2022. Any order to compel would provide Plaintiffs no relief because they received all responsive material Defendants have. Accordingly, the motion (Doc. 611) was moot before it was filed, and it should be dismissed as moot.

**I. Background**

Before addressing the motion, the Court should be aware of a few key details omitted from Plaintiff's motion.

*First*, all parties reached an agreement on the preservation order a couple of days before the John Grant execution on the express stipulation that any preservation order "is not an agreement that such things will be produced or disclosed." Ex. 1, 10/26/2021 E-mail Chain,

at 2. Plaintiffs accepted those terms on October 26, subject to certain remaining issues to discuss. *See id.* at 1. The agreement also specified that the Preservation Order was only addressing what "Defendants will agree to," and that any implications for other state entities were merely "in cooperation with" them because Defendants do not control them. Thus, contrary to implications in Plaintiffs' motion, inclusion in the preservation order is not a determination of relevance or discoverability, let alone relevance or discoverability of material possessed by non-parties, as the parties stipulated.

*Second*, contrary to Plaintiffs' representations in their motion, Defendants did file a series of objections to their requests for production of execution documents, including the one noted above. As further relevant here, Defendants' general objection number 5 was as follows:

> Defendants will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Defendants, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from other agencies.

Ex. 2, Defendants' Responses to Plaintiffs' Post-Discovery Requests for Production of Documents, Dec. 06, 2021, at 2. In addition, Defendants' general objection number 12 was as follows:

> Defendants object to the Plaintiffs' request for information in the control of other Oklahoma agencies beyond the agencies where the Defendants are employed.

*Id.* at 3. In response to Plaintiffs' particular request for everything listed in the preservation order, Defendants offered the following specific objections:

> [T]he Preservation Order far exceeds the scope of relevant material. A response premised on that Order would be unduly burdensome and disproportionate to the needs of the case.

*Id.* at 6. Then, Defendants stated that they would provide a rolling production of responsive documents subject to their objections. *Id.*

*Third*, Plaintiffs omitted the response to their Exhibits 1 and 2. *See* Ex. 3. That response is relevant because it notes that Defendants are continuing a rolling production subject to their asserted objections. *See id.* Plaintiffs cannot in good faith claim they are surprised now by objections that were asserted over two months ago and reasserted in response to their requests for further production.

*Fourth*, the order on preserving evidence does not compel anything regarding the Medical Examiner. *Contra* Doc. 611 at 9. To start, the parties agreed that only Defendants were party to the order. *See* Ex. 1. Furthermore, while Plaintiffs may have sought a motion affecting non-parties, the order that all parties agreed on only directed Defendants to preserve evidence. *See* Doc. 541 at 1. It even excepts evidence sent to the Medical Examiner from the scope of the order. *See id.* (Part I.1.) The only issue that the order memorializes is permission to attend the Medical Examiner's autopsy, *see* Doc. 541 at 4, which the Medical Examiner did not retain counsel to contest (even though he is not a party). His interest in being cooperative with the parties to avoid participation in this litigation—an interest memorialized in the spirit of cooperation discussed between counsel in October—does not convert Defendants' counsel into his counsel or otherwise restructure state agencies to subject the Medical Examiner to Defendants' control.

*Fifth*, Defendants have called and asked the Medical Examiner's office if they would share the documents that Plaintiffs want, and the Medical Examiner has continued in his spirit of being cooperative with the parties. The Medical Examiner's office has voluntarily complied so far, and Defendants have not issued a subpoena for the information. Defendants believe most of it is irrelevant anyway, as their objections indicate, but have kept the informal arrangement going in the spirit of good faith with the Plaintiffs and the non-party Medical Examiner's office.

## II.     Response to Motion

With the background above, it is unclear to Defendants what Plaintiffs seek by this motion. They received everything in Defendants' custody on February 11, as they requested, and as they admit in their motion in a footnote. *See* Doc 611 at 4 n.2. Indeed, since John Grant's execution, Defendants have voluntarily produced to Defendants around 4,672 pages of documents. The accusations of lacking objections or failing to produce documents are untrue, and the remaining material sought is not within Defendants' control. Some of it does not even exist: Defendants do not have material for an execution that has not happened (Postelle). The fact that Plaintiffs had demanded Defendants produce documents and autopsy results from an execution that has not occurred yet demonstrates their unreasonableness. *See* Doc. 611-4.

As explained to Plaintiffs, the John Grant autopsy, which includes results received from a separate toxicology laboratory, took approximately three months to complete. *See* Doc. 611-4. That much time has not yet elapsed since the Stouffer execution, much less the Donald Grant execution a few weeks ago, nor do Defendants have the statutory authority to rush the

4

Medical Examiner or force him to take steps that might compromise a careful autopsy investigation. But Defendants have always been willing—as they have done with the John Grant autopsy—to produce to Plaintiffs the Medical Examiners report when it is received.

At best, it appears Plaintiffs want Defendants to subpoena the Medical Examiner for documents sought. It is unclear why they have not issued that subpoena themselves. And it is wholly unclear that a subpoena could compel the Medical Examiner to prepare documents he and his staff have not yet written and then produce them, regardless of whether Plaintiffs or Defendants issue the subpoena.

### III. Conclusion

Subject to certain objections, Defendants have already produced all responsive material they possess on or before February 11, as Plaintiffs requested. The only documents Plaintiffs still seek either do not exist or are solely with a third party, and there is nothing left to compel. This Court should dismiss the motion as moot.

Respectfully submitted,

s/ *Bryan Cleveland*

MITHUN MANSINGHANI, OBA 32453
  *Solicitor General*
BRYAN CLEVELAND, OBA 33860
ZACH WEST, OBA 30768
ANDY N. FERGUSON, OBA 33388
  *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
bryan.cleveland@oag.ok.gov
*Counsel for Defendants*