# Exhibit 2

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

RICHARD GLOSSIP, *et al.*,  )
                            )
    Plaintiffs,          )  Case No. CIV-14-665-F
                            )
    vs.                  )
                            )
RANDY CHANDLER, *et al.*,   )
                            )
    Defendants.          )

## DEFENDANTS' RESPONSES TO PLAINTIFFS' POST-DISCOVERY REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, by and through their attorneys, and pursuant to Rules 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, respond and object to Plaintiffs' Requests for Production.

### GENERAL RESPONSES AND OBJECTIONS

1. Discovery closed on November 18, 2020. If Plaintiffs desire further discovery, they are obligated to file a motion to re-open discovery.

2. Defendants object to the purported three-day request for responses as unduly burdensome and without authority. Plaintiffs lack the ability to seek any discovery, let alone within some timeline less than is contemplated in the rules. Such timeline is not a "reasonable" timeline as described by Fed. R. Civ. P. 34.

3. Defendants' review of the Grant execution is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendants' right to rely on other facts or documents at trial.

1

4.     By making the accompanying responses and objections to Plaintiffs' requests for documents, Defendants do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants make the responses and objections herein without in any way implying that it considers the requests, and responses to the requests, to be relevant or material to the subject matter of this action.

5.     Defendants will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Defendants, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from other agencies.

6.     A response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendants performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

7.     Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

8.     Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

9.     Defendants object to any Request for Production that seeks documents covered by the attorney-client privilege, the "work product" privilege or doctrine, and/or matters prepared in anticipation of litigation or for trial, or for Defendants or their agents. Defendants do not intend to divulge any information protected by any applicable privilege or to waive any such privilege. Any such disclosure is inadvertent and shall not be deemed a waiver of any said privilege or protection.

10.    Defendants object to any Request for Production to the extent it seeks information or documents obtained or created during the course of an investigation performed by Defendants or may be subject to the deliberative process privilege.

11.    Defendants object to any Request for Production that seeks a response that would disclose mental impressions, conclusions, opinions or legal theories of any legal representative of Defendants concerning this lawsuit.

12.    Defendants object to the Plaintiffs' request for information in the control of other Oklahoma agencies beyond the agencies where the Defendants are employed.

13. Defendants object to any Request for Production to the extent it seeks information or documents that are not relevant to the claims or defenses raised in the above-captioned case or do not appear reasonable calculated to lead to the discovery of admissible evidence.

14. Defendants object to any Request for Production that seeks documents prohibited from disclosure under state law, including but not limited to OKLA. STAT. tit. 22, § 1015.

15. Defendants object to any Request for Production to the extent that it seeks information that is already in the possession of Plaintiffs; is obtainable from another source that is more convenient, less burdensome, or less expensive; or is equally accessible to Plaintiffs as it is to Defendants.

16. Defendants object to any Request for Production to the extent it is overly broad, oppressive, unduly burdensome, and expensive to answer.

17. Defendants object to any request for "all documents," "all information," "all individuals," or other expansive requests as unduly burdensome to the extent it purports to foreclose later supplementation under the Federal Rules of Civil Procedure and/or relevant statute(s).

18. Defendants object to the extent the Requests for Production are unreasonably cumulative or duplicative.

19. Defendants object to the extent the Requests for Productions are unreasonably broad in scope of time for the needs of the present case and for any documents created before October 1, 2021.

20. Defendants object to any Request for Production to the extent it does not state with the required degree of specificity and particularity what information is sought. Defendant further object to said requests to the extent that they are vague, indefinite, ambiguous, and not easily discernable.

21. Defendants object to any Request for Production to the extent that the issue(s) upon which discovery has been sought has already been litigated and decided in this case or is otherwise disproportionate to the present needs of this case.

22. Defendants object to the definition of "Document" to the extent it purports to supplement the Federal Rules.

23. Defendants object to the use of the Preservation Order in any Requests as overly broad, unduly burdensome, and incorporating irrelevant material. The Preservation Order was agreed based on the express premise that "Defendants' agreement to preserve the following is not an agreement that such things will be produced or disclosed." Mr. Stronski's acceptance of that agreement cannot be avoided by having different co-counsel sign the Requests for Production.

24. Defendants object to any Request for Production to the extent the burden or expense in complying outweighs any likely benefit, taking into account the needs of the case, the relief sought, the parties' resources, and the importance of the request in resolving the issues.

25. Defendants object to any "continuing requests" to extent that they purport to require more rapid supplementation than is required by the Federal Rules of Civil Procedure and/or relevant statute(s).

## DOCUMENT REQUESTS

1. All Documents concerning the "execution" and "execution proceedings" relating to John Grant (as those terms are used in paragraph 5 of the Preservation Order).

**OBJECTION:** Defendants object to the request for documents not in Defendants' possession or in a form that can be produced. Defendants object to the extent that requested documents or communications are publicly available or in Plaintiffs' possession or more conveniently obtained elsewhere. Defendants further object to this request as duplicative and burdensome to the extent that it calls for documents already produced. Documents already produced will not be produced again. In addition, the Preservation Order far exceeds the scope of relevant material. A response premised on that Order would be unduly burdensome and disproportionate to the needs of the case.

**RESPONSE:** Subject to the objections above, and without waiving any objection which may be raised under Fed. R. Civ. P. 34(b)(2)(C), Defendants will produce the requested documents and communications in accordance with Fed. R. Civ. P. 34(b)(2)(B), (D), (E) within a reasonable period of time, beginning today if any responsive non-privileged documents have been located, and with a rolling production as additional responsive documents are located.

2. To the extent not encompassed within Request No. 1, all Documents and other material referenced in or responsive to paragraphs 1-4 of the Preservation Order.

**OBJECTION:** Defendants object to the request for documents or tangible things not in Defendants' possession or in a form that can be produced. Defendants object to the extent that requested documents or communications are publicly available or in Plaintiffs' possession or more conveniently obtained elsewhere. Defendants further object to this request as duplicative and burdensome to the extent that it calls for documents already produced. Documents already produced will not be produced again. In addition, the Preservation Order far exceeds the scope of relevant material. A response premised on that Order would be unduly burdensome and disproportionate to the needs of the case.

**RESPONSE:** Subject to the objections above, and without waiving any objection which may be raised under Fed. R. Civ. P. 34(b)(2)(C), Defendants will produce the requested documents and communications in accordance with Fed. R. Civ. P. 34(b)(2)(B), (D), (E) within a reasonable period of time, beginning today if any responsive non-privileged documents have been located, and with a rolling production as additional responsive documents are located.

3. To the extent not encompassed within Request Nos. 1 or 2: (a) the syringes and related material that may have traveled with Mr. Grant's body following the execution; (b) any toxicology reports; (c) all photos of Mr. Grant's body taken in accordance with Section VII(I)(9) of the Execution Protocol; (d) any unused portions of the execution drugs; (e) all Documents concerning the "After-Action Review" (Section VII(M) of the Execution Protocol), including, without limitation, all Documents concerning the

7

"meeting" "immediately following the execution" to among other things "review the process of the execution," discuss "any unique or unusual events" and "opportunities for improvement"; and (f) the "Quality Assurance Review" that Director Crow indicated during his October 29, 2021 press conference was "underway."

> **OBJECTION:** Defendants object to the request for documents or tangible things not in Defendants' possession or in a form that can be produced. Defendants object to the extent that requested documents or communications are publicly available or in Plaintiffs' possession or more conveniently obtained elsewhere. Defendants further object to this request as duplicative and burdensome to the extent that it calls for documents already produced. Documents already produced will not be produced again.
>
> **RESPONSE:** Subject to the objections above, and without waiving any objection which may be raised under Fed. R. Civ. P. 34(b)(2)(C), Defendants will produce the requested documents and communications in accordance with Fed. R. Civ. P. 34(b)(2)(B), (D), (E) within a reasonable period of time, beginning today if any responsive non-privileged documents have been located, and with a rolling production as additional responsive documents are located.

4. All Documents concerning the statement made by Justin Wolf on October 28, 2021, repeated by Director Crow at his October 29, 2021 press conference, that the execution of Mr. Grant was carried out "without complication" (the "Wolf/Crow Statements"), including all documents reflecting information or communications in

8

connection with the Wolf/Crow Statements, and their preparation, drafting, editing or revising, and all drafts, edits or revisions to Mr. Wolf's statement.

> **OBJECTION:** Defendants object to the request for documents not in Defendants' possession or in a form that can be produced. Defendants object to the extent that requested documents or communications are publicly available or in Plaintiffs' possession or more conveniently obtained elsewhere. Defendants further object to this request as duplicative and burdensome to the extent that it calls for documents already produced. Documents already produced will not be produced again.
>
> **RESPONSE:** Subject to the objections above, and without waiving any objection which may be raised under Fed. R. Civ. P. 34(b)(2)(C), Defendants will produce the requested documents and communications in accordance with Fed. R. Civ. P. 34(b)(2)(B), (D), (E) within a reasonable period of time, beginning today if any responsive non-privileged documents have been located, and with a rolling production as additional responsive documents are located.

5. All Documents concerning whether the Wolf/Crow Statements are accurate, complete or misleading in any way, including stating that the execution of Mr. Grant was carried out "without complication."

> **OBJECTION:** Defendants object to the request for documents not in Defendants' possession or in a form that can be produced. Defendants object to the extent that requested documents or communications are publicly available or in

9

Plaintiffs' possession or more conveniently obtained elsewhere. Defendants further object to this request as duplicative and burdensome to the extent that it calls for documents already produced. Documents already produced will not be produced again.

**RESPONSE:** Subject to the objections above, and without waiving any objection which may be raised under Fed. R. Civ. P. 34(b)(2)(C), Defendants will produce the requested documents and communications in accordance with Fed. R. Civ. P. 34(b)(2)(B), (D), (E) within a reasonable period of time, beginning today if any responsive non-privileged documents have been located, and with a rolling production as additional responsive documents are located.

6.      All Documents concerning the preparation, drafting, editing or revising of the opening remarks delivered by Director Crow at his October 29, 2021 press conference.

**OBJECTION:** Defendants object to the request for documents not in Defendants' possession or in a form that can be produced. Defendants object to the extent that requested documents or communications are publicly available or in Plaintiffs' possession or more conveniently obtained elsewhere. Defendants further object to this request as duplicative and burdensome to the extent that it calls for documents already produced. Documents already produced will not be produced again.

**RESPONSE:** Subject to the objections above, and without waiving any objection which may be raised under Fed. R. Civ. P. 34(b)(2)(C), Defendants will produce the

requested documents and communications in accordance with Fed. R. Civ. P. 34(b)(2)(B), (D), (E) within a reasonable period of time, beginning today if any responsive non-privileged documents have been located, and with a rolling production as additional responsive documents are located.

7. All Documents concerning the storage, storage conditions and transportation of Mr. Grant's body beginning at the declared time of death and continuing until Mr. Grant's body is released by the Defendants.

**OBJECTION:** Defendants object to the request for documents not in Defendants' possession or in a form that can be produced. Defendants object to the extent that requested documents or communications are publicly available or in Plaintiffs' possession or more conveniently obtained elsewhere. Defendants further object to this request as duplicative and burdensome to the extent that it calls for documents already produced. Documents already produced will not be produced again.

**RESPONSE:** Subject to the objections above, and without waiving any objection which may be raised under Fed. R. Civ. P. 34(b)(2)(C), Defendants will produce the requested documents and communications in accordance with Fed. R. Civ. P. 34(b)(2)(B), (D), (E) within a reasonable period of time, beginning today if any responsive non-privileged documents have been located, and with a rolling production as additional responsive documents are located.

Dated: December 6, 2021

Respectfully submitted,

s/ *Bryan Cleveland*

MITHUN MANSINGHANI
  *Solicitor General*
BRYAN CLEVELAND
ZACH WEST
ANDY N. FERGUSON
  *Assistant Solicitors General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
bryan.cleveland@oag.ok.gov

*Counsel for Defendants*

12