UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSIP, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-665-F |
| | ) | |
| RANDY CHANDLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF MATERIALS CONCERNING THE EXECUTIONS OF BIGLER STOUFFER, DONALD GRANT, AND GILBERT POSTELLE**

Plaintiffs hereby submit their Reply in further support of their Motion to Compel Production of Materials Concerning the Executions of Bigler Stouffer, Donald Grant, and Gilbert Postelle (Doc. 611), and state as follows:

**I.     Documents and Things that Remain at Issue.**

In their Motion, Plaintiffs advised the Court that Defendants have not produced various documents from the Medical Examiner, including autopsy reports, toxicology reports, or photographs. (*See* Doc. 611 at 4 n.3). In their Response, Defendants contended that they produced "all responsive material within their custody on or before February 11, 2022." (Doc. 613 at 1). Nevertheless, even after having made that representation, Defendants produced additional documents on February 14, 2022, including the Medical Examiner report and toxicology report from the autopsy of Bigler Stouffer.

1

In its February 14, 2022 Minute Sheet, this Court directed Plaintiffs "to advise the court as to what remains at issue" in their Reply. (Doc. 615). Accordingly, Plaintiffs advise the Court that the following documents and things in Plaintiffs' Motion remain at issue:

(1)  Medical Examiner report and toxicology report from the autopsy of Donald Grant; and

(2)  Medical Examiner photographs, including photographs of EKG/pulse oximeter strips, from the executions of Mr. Stouffer and Mr. Grant.

## II.  Documents Generated by the Office of Medical Examiner Are in Defendants' Possession, Custody, or Control.

As an initial matter, Federal Rule of Civil Procedure 34 "is broadly construed and documents within a party's control are subject to discovery, *even if owned by a nonparty*." *Southern Filter Media, LLC v. Halter*, No. 13-116-JJB-RLB, 2014 U.S. Dist. LEXIS 120837, at *15 (M.D. La. Aug. 29, 2014) (emphasis added).  Defendants are required to produce materials in their "possession, custody, or control," not simply documents that happen to be in their "possession." Fed. R. Civ. P. 34(a). Defendants contend that "the remaining material sought is not within Defendants' control." (Doc. 613 at 4). To the contrary, as discussed below and as evidenced by Defendants' own prior conduct, the documents in the possession of the Medical Examiner are indisputably within Defendants' control.

Accordingly, contrary to Defendants' suggestion, "'[c]ontrol' comprehends not only possession of the documents, but also the *right, authority, or ability to obtain them*." *Hibu Inc., v. Peck*, No. 16-cv-1055-JTM-TJJ, 2016 U.S. Dist. LEXIS 159698, at *10 (D.

Kan. Nov. 17, 2016) (quoting *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004)) (emphasis added). In other words, a party is deemed to have within its control, and is thus required to produce, documents that it has the "practical ability" to obtain, or that can be "easily obtained" from a third-party, even in the absence of actual possession or a legal entitlement to the documents. As the court explained in *Ice Corp. v. Hamilton Sundstand Corp.*, "[p]roduction of documents not in a party's possession is required if a party has the *practical ability* to obtain the documents from another, irrespective of legal entitlements to the documents," 245 F.R.D. 513, 517 (D. Kan. 2007) (emphasis in original), because Rule 34 "performs the salutary function of creating access to documentation in an economical and expeditious fashion by requiring a party to produce relevant records not in its physical possession when the records can be *obtained easily* from a third-party source." *Id.* (quoting *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 111 (D. Colo. 1992)) (emphasis in original); *Southern Filter Media,* 2014 U.S. Dist. LEXIS 120837 at *14-*15; *Walker v. THI of N.M. at Hobbs Ctr.*, No. CIV 09-0060 JB/RLP2010, U.S. Dist. LEXIS 131666, at *27 (D.N.M. Oct. 20, 2010). Thus, "Rule 34(a) . . . enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person who possesses the documents." *Hibu Inc.*, 2016 U.S. Dist. LEXIS 159698, at *10. Tellingly, Defendants offer no law to the contrary.[1]

---

[1] Defendants purport to rely on their objection to Plaintiffs' requests, which seeks to shield them from production of documents in their constructive possession, *i.e.* documents or information available to them from third parties, including other agencies.

Here, Defendants have already demonstrated that they presently have the practical ability to obtain from the Medical Examiner the documents and things Plaintiffs have requested. Indeed, Defendants have already done so multiple times by obtaining from the Medical Examiner and producing to Plaintiffs various documents and things relating to the recent executions of John Grant and Bigler Stouffer. These are the exact same types of documents Defendants have failed to produce and now pretend are beyond their control. Just yesterday, Defendants informed Plaintiffs that they have "asked the medical examiner for an estimate on the timing of the toxicology and final reports" from the autopsy of Donald Grant. Ex. 1 (02/14/2022 E-mail from M. Mansinghani to K. Walker). Given these facts, it is clear that Defendants do in fact have the ability to obtain the materials Plaintiffs have requested.

Tellingly, Defendants have failed to explain why they now lack the practical ability they previously demonstrated and exercised earlier for substantially identical documents from the Medical Examiner. To the contrary, Defendants have shown they have the ability to obtain materials from the Medical Examiner. (*See* Doc. 613 at 4) (stating that Defendants "called and asked the Medical Examiner's office" to provide them with material and obtained material from the Medical Examiner without the need for a subpoena). Just yesterday, they produced the Medical Examiner report and toxicology report from the autopsy of Mr. Stouffer. Accordingly, the missing documents detailed above are

---

As noted above, that objection is contrary to law, which requires the production of practically available documents.

indisputably within Defendants' possession, custody, or control within the meaning of Rule 34.

Finally, even beyond Defendants' demonstrated history of obtaining materials from the Medical Examiner, the record demonstrates that Defendants have the practical ability to obtain material from the Medical Examiner. Defendants' counsel from the Office of Attorney General represented the Medical Examiner in connection with this Court's preservation order, which demonstrates a clear alignment between Defendants and the Medical Examiner. And the Medical Examiner is an entity of the state, who conducts autopsies, prepares reports, and generates other material concerning executions conducted by Defendants. For example, the Medical Examiner generates a toxicology report that will quantify how much midazolam is in the blood of an executed prisoner.

The relevance and importance of the materials generated by the Medical Examiner cannot be overstated. It is the State who has sought to proceed with executions in the short period of time between this Court's prior rulings and the upcoming trial, including an execution less than two weeks before trial. The State should not be able to hide behind that timing to shield critical evidence from production and use at trial. Accordingly, the materials that remain at issue should be produced forthwith. If the State cannot produce the materials in time for them to be considered and used at trial, then Plaintiffs will be forced to request that the record on this bench trial remain open after the week of February 28, 2022 until such time as the materials are produced and the trial completed.

### III.     Documents Pertaining to the Execution of Gilbert Postelle.

As a preemptive measure, Plaintiffs have requested all documents and things pertaining to the upcoming execution of Gilbert Postelle, scheduled for February 17, 2022. (Doc. 611 at 5). Plaintiffs recognize such documents and things do not yet exist.

A cursory review of the autopsy reports that have been disclosed thus far reveals areas relevant to the disposition of Plaintiffs' Eighth Amendment claim. Evidence that will be generated from the autopsy of Gilbert Postelle, including photographs, toxicology reports, and EKG/pulse oximeter strips, will also be relevant. The evidence generated from the autopsies of Messrs. J Grant, Stouffer, D. Grant, and Postelle is necessary for Plaintiffs to address the State's contentions about the effect of midazolam. Due to the likely significance of this evidence, Plaintiffs request an opportunity to supplement the record before this Court when the Postelle autopsy evidence becomes available.

### CONCLUSION

For the reasons set forth above and in their Motion, Plaintiffs respectfully request that the Court issue an order compelling Defendants to expeditiously produce all outstanding materials identified above.

Dated: February 15, 2022            Respectfully submitted,

*s/ Emma V. Rolls*
Emma V. Rolls, OBA # 18820
Office of the Federal Public Defender
215 Dean A. McGee Ave., Suite 707
Oklahoma City, OK 73102
Telephone: (405) 609-5975
Emma_Rolls@fd.org

Harry P. Cohen (admitted *pro hac vice*)
Michael K. Robles (admitted pro hac vice)
James K. Stronski (admitted *pro hac vice*)
Kenton Walker (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com
kentwalker@crowell.com


Jon M. Sands
Federal Public Defender District of Arizona
Dale A. Baich (OH Bar No. 0025070)
Jennifer M. Moreno (CA Bar No. 244967)
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2816
Facsimile: (602) 889-3960
dale_baich@fd.org
jennifer_moreno@fd.org

COUNSEL FOR PLAINTIFFS

Alex Kursman
Lynne Leonard
Assistant Federal Defenders Capital Habeas Unit
Federal Community Defender Office for the Eastern
District of Pennsylvania
601 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 928-0520

COUNSEL FOR PHILLIP HANCOCK

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record who are registered participants of the Electronic Case Filing System.

*s/ Emma V. Rolls*