# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. CIV-14-0665-F |
| ) | |
| RANDY CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the Defendants' Motion in Limine to Exclude or Limit the Testimony of Dr. Van Norman and Motion for Sanctions, doc. no 612. The court has carefully reviewed the motion and the response, doc. no. 621. The motion will be granted in part and denied in part.

Consistent with the court's determination at the pretrial conference, Dr. Van Norman will be permitted to testify at trial. *See,* doc. no. 599, at 2. As is set forth below, the scope of her testimony will be limited to the basis which was proffered at the pretrial conference to justify adding Dr. Van Norman as an expert witness at this very late stage of this litigation.

The possibility of listing Dr. Gail Van Norman as an additional expert witness for the plaintiffs was discussed in detail at the pretrial conference. The backdrop for that discussion was the fact that the John Grant and Bigler Stouffer executions had taken place, respectively, in late October and early December, 2021, the Donald Grant execution had taken place on January 27, 2022, and the Gilbert Postelle execution was scheduled for February 17, 2022–all of which, as the court and the parties had recognized, would generate new evidence. Accordingly, plaintiffs'

counsel told the court that Dr. Van Norman was "an actively-practicing anesthesiologist who is looking now at the most recent executions and the documents we've gotten, and it's *our intent to use her to talk about the recent evidence that exists based on the executions in late 2021 and 2022*." Pretrial conference transcript, doc. no. 609, at 10 (emphasis added).

Defendants objected to permitting plaintiffs to add Dr. Van Norman. According to defendants, adding Dr. Van Norman was "[n]ot only [] duplicative of their other anesthesiologists and expert witnesses, but also it's just simply too late to continue to add more and more, especially expert witnesses, to this matter." *Id.* at 12. In response, plaintiffs' counsel emphasized the "new evidence" justification for listing Dr. Van Norman:

> She would and is going to focus on the new evidence; that is, John Grant, Mr. Stouffer, and Donald Grant, and Mr. Postelle. And to look at – you know, these can be characterized, as I see it, in terms of what the individual is experiencing at different stages of the execution, and she is best positioned, as an anesthesiologist who teaches it and – is practicing actively for the last 35 years and currently, to opine on what is understood to be happening in the midazolam phase, you know, in each of the executions. Based not only on midazolam, but on the issue of consciousness.

*Id.* at 13.

When the court pressed counsel on the question of why Dr. Van Norman had not been listed earlier, plaintiffs' counsel emphasized that "we think it would be useful and helpful to the Court to have Dr. Van Norman *testify discretely on the new evidence*, which, of course, didn't exist until very recently and certainly didn't exist when expert discovery was being done in this case." *Id.* at 15 (emphasis added).

In contrast to the justification proffered at the pretrial conference, plaintiffs now propose to have Dr. Van Norman testify on a wide range of subjects. *See*, doc. no. 612-2 (Dr. Van Norman's Rule 26 report). The subjects plaintiffs would now

have Dr. Van Norman address include generalized testimony as to the efficacy of midazolam, the asserted "ceiling effect," the efficacy of the consciousness check called for by the Oklahoma protocol, the effect of injection of vecuronium bromide, and the effect of injection of potassium chloride. *Id.* at 13 - 38. These are matters as to which expert witnesses should have been (and were) listed long ago. It is far too late for either side to go back to the expert witness well and recruit new experts on these issues. Plaintiffs' attempt to do so is neither substantially justified nor harmless within the meaning of Rule 37, and plainly runs contrary to the justification proffered at the pretrial conference. *E.g.*, Jacobsen v. Deseret Book Co., 287 F.3d 936 (10th Cir. 2002). Listing an additional expert witness at this late stage *is* arguably justified by the fact that the four recent executions have generated new information to be evaluated by experts. To be sure, no reason is apparent for which plaintiffs' previously-listed experts could not opine as to matters to be inferred from the four recent executions, but the court, at the pretrial conference, chose to take a relatively permissive approach to plaintiffs' request.

Accordingly, the motion is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Dr. Van Norman will be permitted to testify as to inferences relevant to the issues in this case, based on matters occurring at the four recent executions. (By way of example, relating to the four recent executions: Was the prisoner conscious, or not, at various stages of the execution? What, if anything, was the prisoner feeling at various stages of the execution? At what point did the prisoner become insensate to pain or noxious stimuli? Was John Grant conscious as gastric contents flowed toward his head? Did John Grant aspirate gastric contents? Did the prisoner experience asphyxia? If so, was the prisoner conscious when he experienced asphyxia? Was the prisoner unconscious when he was pronounced unconscious?

At what point did the prisoner die?  Was the prisoner dead when death was pronounced?)

     2.    Generalized testimony from Dr. Van Norman as to the efficacy of midazolam and related matters (*e.g.*, doc. no. 612-2, at pp. 13 - 38) will not be permitted.

     3.    The court, in its discretion, declines to sanction plaintiffs' counsel.

IT IS SO ORDERED this 23rd day of February, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-0665p154.docx

4