UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GLOSSIP, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-14-665-F |
| | ) |
| RANDY CHANDLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# FINAL PRETRIAL REPORT

All counsel who will appear at trial:

Appearing for Plaintiffs:  Emma Rolls, Michael K. Robles, James K. Stronski, Kenton Walker, Anne Li, Adam Singer, Dale A. Baich, Jennifer M. Moreno, Alex Kursman, Lynne Leonard

Appearing for Defendants: Mithun Mansinghani, Bryan Cleveland, Zach West, Andy N. Ferguson, Audrey Weaver

**Jury Trial Demanded □ - Non-Jury Trial ☒**

1. **BRIEF PRELIMINARY STATEMENT**.

    Plaintiffs:    Oklahoma's lethal injection protocol violates the Eighth Amendment by subjecting death-sentenced prisoners, including Plaintiffs, to a constitutionally intolerable level of pain and suffering during their executions. Midazolam cannot render a prisoner insensate to the pain and suffering caused by injection of the second two drugs in Oklahoma's three-drug protocol or that caused by flash pulmonary edema, and Defendants have failed to implement safeguards sufficient to prevent a sensate prisoner from experiencing that pain and suffering. At least three alternative methods of execution are feasible, readily implemented, and would significantly reduce the substantial risk of severe pain caused by the current protocol. Oklahoma's three-drug protocol creates a substantial risk of severe pain and suffering that is at least very likely to cause serious illness and needless suffering. This risk also is substantial when compared to the at least three available alternatives.

1

Its action requires for each molecule of Midazolam both a GABA receptor that is not already bound to a Midazolam molecule in addition to a GABA molecule available to bind to that GABA receptor. There is no activity without both the presence of a GABA receptor and a GABA molecule for that receptor. Once the number of Midazolam molecules exceeds the number of GABA receptors, saturation is achieved and no further sedation may take place. Midazolam is not approved to maintain anesthesia and is approved as a sedative, and also to induce anesthesia when followed by another anesthetic. The Oklahoma Execution Protocol uses a dose of Midazolam that is about 10 times the high range of clinical dose.

<u>Defendants</u>: Oklahoma's lethal injection protocol does not violate the Eighth Amendment. Midazolam, when used as the first drug in a three-drug protocol, renders inmates unconscious and insensate to pain. Plaintiffs cannot demonstrate a substantial risk of severe pain is likely to occur from the administration of Oklahoma's lethal injection protocol. They also cannot prove a known and readily available alternative that would substantially reduce any risk of severe pain.

2. **JURISDICTION**.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983 because this action arises and seeks relief under the laws and Constitution of the United States, and 28 U.S.C. § 2201 (declaratory relief), and 28 U.S.C. § 2202 (injunctive relief).

3. **STIPULATED FACTS**.

On February 20, 2020, the Oklahoma Department of Corrections issued a 54-page protocol for "Execution of Inmates Sentenced to Death."

Oklahoma's Execution Protocol allows for the use of three possible lethal drug regimens: "One (1) Drug Protocol with Pentobarbital" at a 5 gram dose (Chart A), One (1) Drug Protocol with Sodium Pentothal" at a 5 gram dose (Chart B), or "Three (3) Drug Protocol with Midazolam, Vecuronium Bromide and Potassium Chloride" (Chart D).

Sodium thiopental—the barbiturate specified in Chart B—is not currently manufactured by any U.S. company.

Oklahoma's third lethal drug regimen, Chart D, calls for intravenous injection of 500 milligrams (mg) of midazolam in two syringes, followed by 100 mg of vecuronium bromide in two syringes, then 240 milliequivalents of potassium chloride in two syringes, with 60 milliliters IV flush of heparin/saline after each of the three execution drugs.

The American Society of Anesthesiologists (ASA) has approved a document titled "Continuum of Depth of Sedation." According to this document, "Deep Sedation/Analgesia is a drug-induced depression of consciousness during which patients cannot be easily aroused but respond purposefully following repeated or painful stimulation." Under Deep Sedation, "[t]he ability to independently maintain ventilatory function may be impaired" and "[p]atients may require assistance in maintaining a patent airway." According to the ASA, "General Anesthesia is a drug-induced loss of consciousness during which patients are not arousable, even by painful stimulation." Under General Anesthesia, "[t]he ability to independently maintain ventilatory function is often impaired" and "[p]atients often require assistance in maintaining a patent airway." It further states that "Reflex withdrawal from a painful stimulus is NOT considered a purposeful response."

Midazolam is a benzodiazepine central nervous system depressant. Midazolam depresses the central nervous system (including the brain) by binding to GABA (gamma-aminobutyric acid) receptors, increasing the effect of GABA, the primary inhibitor of neurotransmission.

The administration of vecuronium bromide at sufficient doses will paralyze muscle, including the diaphragm, which will stop breathing. When vecuronium bromide inhibits breathing, it will cause hypoxia, which will lead to unconsciousness (if consciousness has not already been lost) and death. The Oklahoma Execution Protocol uses a dose of vecuronium bromide that is about 10 times the clinical dose.

4. **LEGAL ISSUES**. State separately, and by party, each disputed legal issue and the authority relied upon.

Plaintiffs:

1. Whether Plaintiffs have proven, by a preponderance of evidence, that Oklahoma's three-drug execution protocol is sure or very likely to cause serious illness and needless suffering? *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019); *Glossip v. Gross*, 576 U.S. 863, 867 (2015); *Baze v. Rees*, 553 U.S. 35 (2008).

2. Whether Plaintiffs have proven, by a preponderance of evidence, that modification of Oklahoma's three-drug protocol with the addition of fentanyl as a premedication and/or removal of the vecuronium bromide paralytic (a) will significantly reduce the risk of a prisoner remaining sensate and therefore suffering during the execution, and (b) is readily available? *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019); *Glossip v. Gross*, 576 U.S. 863, 867 (2015); *Baze v. Rees*, 553 U.S. 35 (2008).

3

3.  Whether Plaintiffs have proven, by a preponderance of evidence, that a single dose of either pentobarbital or sodium thiopental with a pre-dose of an analgesic drug such as fentanyl (a) will significantly reduce the risk of a prisoner remaining sensate and therefore suffering during the execution, and (b) is readily available? *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019); *Glossip v. Gross*, 576 U.S. 863, 867 (2015); *Baze v. Rees*, 553 U.S. 35 (2008).

4.  Whether Plaintiffs have proven, by a preponderance of evidence that death by firing squad (a) will significantly reduce the substantial risk of severe pain and suffering from Oklahoma's three-drug protocol, and (b) is readily available? *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019); *Glossip v. Gross*, 576 U.S. 863, 867 (2015); *Baze v. Rees*, 553 U.S. 35 (2008).

Defendants:

5.  Whether Plaintiffs have proven that Oklahoma's lethal injection protocol using Midazolam poses a substantial risk of severe pain for Plaintiffs in the carrying out of their death sentences. *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019); *Glossip v. Gross*, 576 U.S. 863, 867 (2015); *Baze v. Rees*, 553 U.S. 35 (2008); *Warner v. Gross*, 776 F.3d 721 (10th Cir. 2015); Doc. 550 (Tenth Circuit Opinion); Doc. 597 (Tenth Circuit Opinion).

6.  Whether Plaintiffs have proven there is a known and readily available alternative Oklahoma can use to substantially reduce any risk of severe pain from Oklahoma's existing execution protocol.

5.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    A.  Plaintiffs: Plaintiffs seek findings and a declaration from this Court that they have met their burden on Prongs I and II under the *Baze/Glossip* standard, that Oklahoma's current lethal injection protocol presents a substantial risk of severe pain, and alternative methods of execution that significantly reduce the risk of severe pain are readily available.

    B.  Defendants: Defendants contend that Oklahoma's lethal injection protocol does not violate the Eighth Amendment. They seek denial of Plaintiffs' claims and relief sought, and judgment rendered in Defendants' favor.

6.  **EXHIBITS.** The following exclusionary language **MUST** be included:

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A.  <u>Plaintiff:</u>    **See Attached**

<u>Number</u>   <u>Title/Description</u>   <u>Objection</u>   <u>Federal Rule of Evidence Relied Upon</u>
(Premarked for trial and exchanged as required under LCvR39.4(a)

B.  <u>Defendant:</u>

<u>Number</u>   <u>Title/Description</u>   <u>Objection</u>   <u>Federal Rule of Evidence Relied Upon</u>
(Premarked for trial and exchanged as required under LCvR39.4(a)

7.  **WITNESSES**: The following exclusionary language MUST be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.  <u>Plaintiffs:</u>

| NAME | ADDRESS | PROPOSED TESTIMONY |
|---|---|---|
| Craig W. Stevens, Ph.D. | OSU-Center for Health Sciences, College of Osteopathic Medicine 1111 W. 17th St. Tulsa, OK 74107 | Testimony regarding the pharmacology of the three drugs used in Oklahoma's lethal injection protocol |
| Mark Allen Edgar, M.D. | 1292 Timberland Dr SE Marietta, GA 30067 | Medical testimony on autopsies of prisoners executed with midazolam protocols based on the discipline of pathology |
| James S. Williams, M.D. | 5260 County Road 120, Unit B Clyde, TX 79510 | Testimony on the significantly reduced risk of suffering and the availability of the firing squad as an alternative |
| David Howard Sherman, Ph.D. | University of Michigan Life Sciences Institute 210 Washtenaw Avenue | Testimony regarding the availability of pentobarbital and |

| | Ann Arbor, MI 48109 | thiopental as readily synthesized chemicals |
|---|---|---|
| Reginald A. Wilkinson, Ed.D. | 44 Buttles Avenue Columbus, OH 43215 | Testimony regarding the substantial risk of harm posed by the protocol, the lack of penological justification for provisions the protocol, and the lack of a penological impediment to implementation of alternatives |
| Michael L. Weinberger, M.D. | 622 West 168th Street PH 5E-500 New York, NY 10032 | Medical testimony on the three-drug protocol based on the disciplines of anesthesiology and pain medicine |
| Gail Van Norman, M.D. | University of Washington 1959 NE Pacific St. Seattle, WA 98195 | Medical testimony on the executions of John Grant, Bigler Stouffer, Donald Grant and Gilbert Postelle based on the discipline of anesthesiology |
| Daniel E. Buffington, PharmD, MBA | Clinical Pharmacology Services, Inc. 6285 E. Fowler Ave. Tampa, FL 33617 | Testimony that a person of his skill in pharmacy could easily compound sterile injectable pentobarbital, and that there are compounding pharmacies that can easily prepare sterile |

| | | |
|---|---|---|
| | | injectable pentobarbital |
| Scott Crow | Oklahoma Department of Corrections<br>3400 North Martin Luther King Avenue<br>Oklahoma City, OK 73111 | Testimony on the development and implementation of Oklahoma's protocol and the efforts to obtain alternatives, including pentobarbital, thiopental and/or analgesics such as fentanyl |
| Justin Farris | Oklahoma Department of Corrections<br>3400 North Martin Luther King Avenue<br>Oklahoma City, OK 73111 | Testimony on the development and implementation of Oklahoma's protocol and the efforts to obtain alternatives, including pentobarbital, thiopental and/or analgesics such as fentanyl |
| Jason Bentley | Oklahoma Department of Corrections<br>3400 North Martin Luther King Avenue<br>Oklahoma City, OK 73111 | Testimony on the development and implementation of Oklahoma's protocol and the efforts to obtain alternatives, including pentobarbital, thiopental and/or analgesics such as fentanyl |

B.   <u>Defendant</u>:

<u>Name</u>         <u>Address</u>         <u>Proposed Testimony</u>

7

| Joseph F. Antognini, M.D. | 6440 N. Swan Road, Suite 100<br>Tucson, AZ 85718 | Testimony based on his expertise as a physician and anesthesiologist, and his extensive review of the scientific literature, regarding the ability of a 500 mg dose of midazolam to render inmates unconscious and insensate to any pain associated with Oklahoma's execution drugs, its relation to pulmonary edema found in executed inmates, its effectiveness as shown in recent executions in Oklahoma, the ability of IV team members to implement the protocol, the adequacy of consciousness checks performed by the IV Team leader, and the pain associated with other execution methods like hanging and the firing squad |
|---|---|---|
| Ervin Yen, M.D. | SSM Health<br>608 NW 9th St.<br>Suite 6210<br>Oklahoma City, OK 73102 | Testimony based on his expertise as an anesthesiologist, his experience with drugs like midazolam, regarding the ability of a 500 mg dose of midazolam to render inmates unconscious |

| | | |
|---|---|---|
| | | and insensate to pain, midazolam's relation to pulmonary edema found in executed inmates, its effectiveness as shown in recent executions, the ability of IV team members to implement the protocol, the adequacy of consciousness checks performed by the IV Team leader, and the pain associated with the firing squad |
| Daniel E. Buffington, PharmD, MBA | Clinical Pharmacology Services, Inc. 6285 E. Fowler Ave. Tampa, FL 33617 | Testimony regarding his pharmacologic knowledge regarding drugs used in Oklahoma's lethal injection protocol. |
| Scott Crow | Oklahoma Department of Corrections 3400 North Martin Luther King Avenue Oklahoma City, OK 73111 | Testimony regarding the features and safeguards of Oklahoma's execution protocol, his interpretation and implementation thereof, and the efforts taken by the department to obtain drugs for executions. |
| Justin Farris | Oklahoma Department of Corrections 3400 North Martin Luther King Avenue Oklahoma City, OK 73111 | Testimony regarding his observations on recent executions and processes related to those executions; his knowledge of and |

|  |  | experience with the execution trainings conducted by the Department of Corrections; and the Department's efforts to obtain drugs for use in executions. |
|---|---|---|

8. **ESTIMATED TRIAL TIME**:

    A.    Plaintiffs' Case:  3 days

    B.    Defendants' Case:   2 days

    C.    If you desire to have a daily copy or any other extraordinary court reporter services during trial, you must so notify the Chief Deputy Court Clerk a minimum of two weeks before the date the case is scheduled to be called for trial.

9. **BIFURCATION REQUESTED:**     No

10. **POSSIBILITY OF SETTLEMENT:**   Poor

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

Respectfully submitted this 25th day of February, 2022.

                              *s/ Emma V. Rolls*
                              Emma V. Rolls, OBA # 18820
                              Office of the Federal Public Defender
                              215 Dean A. McGee Ave., Suite 707
                              Oklahoma City, OK 73102
                              Telephone: (405) 609-5975
                              Emma_Rolls@fd.org

                              Harry P. Cohen (admitted *pro hac vice*)
                              Michael K. Robles (admitted *pro hac vice*)
                              James K. Stronski (admitted *pro hac vice*)
                              Adam Singer (admitted *pro hac vice*)

Kenton Walker (admitted *pro hac vice*)
Anne Elise Li (admitted *pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
hcohen@crowell.com
mrobles@crowell.com
jstronski@crowell.com
asinger@crowell.com
kentwalker@crowell.com
ali@crowell.com

Jon M. Sands
Federal Public Defender District of
Arizona
Dale A. Baich (OH Bar No. 0025070)
Jennifer M. Moreno (CA Bar No. 244967)
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2816
Facsimile: (602) 889-3960
dale_baich@fd.org
jennifer_moreno@fd.org

COUNSEL FOR PLAINTIFFS

Alex Kursman
Shawn Nolan
Lynne Leonard
Assistant Federal Defenders Capital Habeas Unit
Federal Community Defender Office for the Eastern
District of Pennsylvania
601 Walnut Street
Philadelphia, PA 19106
Telephone: (215) 928-0520

COUNSEL FOR PHILLIP HANCOCK

Mithun Mansinghani,
   Solicitor General
Bryan Cleveland
Zach West

        Andy N. Ferguson
        Audrey Weaver
          Assistant Solicitors General

        Oklahoma Attorney General's Office
        13 NE 21st Street
        Oklahoma City, OK  73105
        Telephone:  (405) 521-3921
        Facsimile:  (405) 521-4518
        mithin.mansinghani@oag.ok.gov

        COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record who are registered participants of the Electronic Case Filing System.

        *s/ Emma V. Rolls*_____