IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD GLOSSIP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-14-0665-F |
| | ) | |
| RANDY CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

This action came on for trial before the court sitting without a jury on February 28, 2022 through March 7, 2022, on plaintiffs' Eighth Amendment claim against defendants alleged in Count II of the Third Amended Complaint. By order dated September 15, 2020, the court dismissed plaintiffs' claims against defendants alleged in Counts I, III, and VIII of the Third Amended Complaint. In addition, by order dated August 11, 2021, the court granted summary judgment on plaintiffs' claims against defendants alleged in Counts IV, V, VI, VII, IX, and X of the Third Amended Complaint.

The Third Amended Complaint was brought by thirty-five plaintiffs. Of the thirty-five, Nicholas A. Davis and Jimmy Dean Harris were terminated as plaintiffs upon the filing of suggestions of death, Patrick Murphy was terminated as plaintiff upon the dismissal of his claims for lack for subject matter jurisdiction after his conviction was vacated, Julius D. Jones was terminated as plaintiff upon stipulation of dismissal of his claims by the parties, and John M. Grant, Donald A. Grant, and Gilbert R. Postelle were terminated as plaintiffs upon the dismissal of their claims on the ground of mootness after their executions. The remaining twenty-eight

plaintiffs are: James A. Coddington, Benjamin R. Cole, Carlos Cuesta-Rodriguez, Richard S. Fairchild, Wendell A. Grissom, Marlon D. Harmon, Raymond E. Johnson, Emmanuel A. Littlejohn, James D. Pavatt, Kendrick A. Simpson, Kevin R. Underwood, Brenda E. Andrew, Richard E. Glossip, Phillip D. Hancock, Alfred B. Mitchell, Tremane Wood, Wade Lay, Ronson Kyle Bush, Scott Eizember, John F. Hanson, Mica Alexander Martinez, Ricky Ray Malone, Clarance Goode, Anthony Sanchez, Michael Dewayne Smith, James Ryder, Richard Rojem, and Jemaine Cannon. By order of the court, Rhonda Kemp was appointed as next friend for plaintiff Wade Lay.

The Third Amended Complaint named as defendants: Scott Crow, in his official capacity as director of the Oklahoma Department of Corrections, Randy Chandler, Betty Gesell, Joseph A. Griffin, F. Lynn Haueter, Kathryn A. LaFortune, Stephan Moore, Calvin Prince, T. Hastings Siegfried, Daryl Woodard, in their official capacities as members of the Oklahoma Board of Corrections, Tommy Sharp, in his official capacity as warden of the Oklahoma State Penitentiary, Aboutanaa El Habti, in his official capacity as warden of Mabel Bassett Correctional Center, Justin Farris, in his official capacity as acting chief of staff of the Oklahoma Department of Corrections, Michael Carpenter, in his official capacity as chief of field operations of the Oklahoma Department of Corrections, Justin Giudice, in his official capacity as employee assistance program coordinator of the Oklahoma Department of Corrections, and John Does I-X, in their official capacities as employees or contractors with the Oklahoma Department of Corrections. Jim Farris, in his official capacity as warden of the Oklahoma State Penitentiary, was later substituted as defendant for Tommy Sharp, and Mr. Sharp was terminated as defendant. John Does I-X, putative defendants in their official capacities as employees or contractors with the Oklahoma Department of Corrections, were

terminated as defendants on June 1, 2022, as a result of the dismissal of this action as against them for failure to prosecute.

On plaintiffs' Eighth Amendment claim alleged in the Third Amended Complaint, which was tried on February 28, 2022 through March 7, 2022, the court has this date entered its Findings and Fact and Conclusions of Law, ruling in favor of defendants and against plaintiffs on that claim.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

Judgment is rendered in favor of defendants and against plaintiffs on the Fifth Amendment Due Process claim, construed as a Fourteenth Amendment Due Process claim, asserting failure to disclose sufficient information regarding development of the protocol and execution procedures (Count I of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the Eighth Amendment claim asserting that constitutionally impermissible pain and suffering will result from the use of the three-drug lethal injection protocol (midazolam, vecuronium bromide and potassium chloride) (Count II of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the Eighth and Fifth Amendment claim asserting "deliberate indifference" to the serious medical needs of plaintiffs (Count III of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the First, Fifth, and Sixth Amendment claim asserting unconstitutional denial of access to counsel and the courts (Count IV of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the 18 U.S.C. § 3599 claim asserting intentional deprivation of the right to counsel (Count V of the Third Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the Ex Post Facto claim under the United States Constitution and the Oklahoma Constitution (Count VI of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the Fourteenth Amendment Due Process claim based on the use of midazolam instead of a barbiturate (Count VII of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the religious freedom claim asserting violation of plaintiffs' sincerely-held religious beliefs resulting from the necessity of proposing a feasible alternative method of execution (Count VIII of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the Eighth and Fourteenth Amendment claim asserting that plaintiffs will be subjected to constitutionally impermissible human experimentation (Count IX of the Third Amended Complaint).

Judgment is rendered in favor of defendants and against plaintiffs on the First and Fourteenth Amendment claim asserting denial of right of access to governmental information (Count X of the Third Amended Complaint).

Dated at Oklahoma City, Oklahoma, this 6th day of June, 2022.

                                                                              _____
                                                                              STEPHEN P. FRIOT
                                                                              UNITED STATES DISTRICT JUDGE

14-0665p163 judgment_.docx