**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

**August 20, 2022**

Christopher M. Wolpert
**Clerk of Court**

JAMES A. CODDINGTON; BENJAMIN
R. COLE; CARLOS CUESTA-
RODRIGUEZ; RICHARD S.
FAIRCHILD; WENDELL A. GRISSOM;
MARLON D. HARMON; RAYMOND E.
JOHNSON; EMMANUEL A.
LITTLEJOHN; JAMES D. PAVATT;
KENDRICK A. SIMPSON; KEVIN R.
UNDERWOOD; BRENDA E. ANDREW;
RICHARD E. GLOSSIP; PHILLIP D.
HANCOCK; ALFRED B. MITCHELL;
TREMANE WOOD; WADE LAY, by and
through his next friend Rhonda Kemp;
RONSON KYLE BUSH; SCOTT
EIZEMBER; JOHN F HANSON; MICA
ALEXANDER MARTINEZ; RICKY RAY
MALONE; CLARANCE GOODE;
ANTHONY SANCHEZ; MICHAEL
DEWAYNE SMITH; JAMES RYDER;
RICHARD ROJEM; JEMAINE
MONTEIL CANNON,

     Plaintiffs - Appellants,

v.

SCOTT CROW; RANDY CHANDLER;
BETTY GESELL; JOSEPH GRIFFIN; F.
LYNN HAUETER; KATHRYN A.
LAFORTUNE; STEPHAN MOORE;
CALVIN PRINCE; T. HASTINGS
SIEGFRIED; DARYL WOODARD; JIM
FARRIS; ABOUTANAA EL HABTI;
JUSTIN FARRIS; MICHAEL
CARPENTER; JUSTIN GIUDICE,

    Defendants - Appellees.

No. 22-6100
(D.C. No. 5:14-CV-00665-F)
(W.D. Okla.)

---

## ORDER

---

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **MORITZ**, Circuit Judges.

---

A group of Oklahoma death-row prisoners filed suit in the United States District Court for the Western District of Oklahoma, challenging the three-drug lethal injection protocol Oklahoma adopted in February 2020.  The district court entered final judgment against plaintiffs in June 2022, finding that Oklahoma's protocol satisfies the Eighth Amendment, *i.e.*, it poses no substantial risk of causing a condemned prisoner to experience conscious, severe pain during the execution process.

Plaintiffs have appealed.  One of them, James Coddington, is scheduled for execution on August 25, 2022.  Before this court is Mr. Coddington's motion for a stay of execution pending this court's consideration of the appeal.

A stay pending appeal is an exercise of judicial discretion that is dependent on the circumstances of each case; there is no right to a stay pending appeal.  *Nken v. Holder*, 556 U.S. 418, 433 (2009).  It is the movant's burden to show "that the circumstances justify an exercise of that discretion." *Id*. at 433–34.  In deciding whether to exercise our discretion to grant a stay, we consider four factors:  "(1) whether the [movant] has made a strong showing that he is likely to succeed on his claims; (2) whether [he] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434 (internal quotation marks omitted).

Mr. Coddington's motion does not challenge the district court's finding that Oklahoma's protocol satisfies the Eighth Amendment.  He instead seeks a stay pending our resolution of his appellate challenge concerning two other claims plaintiffs asserted in their third amended complaint.  Specifically, plaintiffs' Count IV alleged a right of access to the courts, and a corresponding right to an attorney's assistance, under the First, Fifth, and Sixth Amendments;[1] and plaintiffs' Count V alleged the same, but under 18 U.S.C. § 3599, a statute that authorizes court-appointed counsel for prisoners facing the death penalty.  Plaintiffs asserted that their attorneys must be allowed to have close contact with them during the execution process, so they can "identify, object to, challenge, or correct, any issues with the IV-setting or drug administration process."  R. vol. I at 198, ¶ 140.  The district court granted summary judgment to the defendants on both claims.

We have reviewed Mr. Coddington's motion, the response, and the reply, as well as all the relevant district court rulings and relevant record material.  We conclude that Mr. Coddington has not shown, let alone made a strong showing, that he is likely to succeed in his challenge to the district court's summary judgment ruling on Counts IV and V.

We will presume for argument's sake that an access-to-courts claim may, in certain situations, include a right of access to one's counsel.  Even so, the right of access to the courts is not a freestanding right, but a means to vindicate other rights.  *See Lewis*

---

[1] Plaintiffs later stated that their invocation of the Fifth Amendment was inadvertent, and they asked the district court to treat it as an allegation under the Fourteenth Amendment's due process clause.

*v. Casey*, 518 U.S. 343, 351 (1996).  Thus, a plaintiff must allege harm separate from whatever is interfering with the plaintiff's access to the courts.  Otherwise, the plaintiff has failed to allege an actual injury, and, in consequence, the court lacks Article III jurisdiction over the claim.  *See id.* at 349 & n.1, 351.

Mr. Coddington's arguments are not likely to succeed on appeal because Counts IV and V allege only a theoretical possibility that something might go wrong during the execution process, potentially causing a conscious prisoner to experience severe pain.  Mr. Coddington's alleged injury is therefore "conjectural or hypothetical," not "actual or imminent."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted).  We are also unpersuaded that we may apply a different actual-injury standard than the general Article III standard in the context of an ongoing execution.

In short, because Mr. Coddington has not demonstrated that he has standing to assert Counts IV or V, he has not shown on this record that he is likely to succeed in his challenge to the district court's denial of relief on those claims.  We therefore deny his motion for a stay pending appeal.[2]

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[2] Plaintiffs' appeal—in contrast to Mr. Coddington's motion—extends to issues other than Counts IV and V, such as the district court's finding that the execution protocol satisfies the Eighth Amendment.  Thus, we have no reason at this point to question our Article III jurisdiction over this proceeding.